UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

CHRISTY MATHIS, and
PAUL J. MATHIS,

       Plaintiffs,

v.                                        Case No.:    22-CV-47

MOSINEE SCHOOL DISTRICT,
KEVIN J. HERMENING,
DAVID MUNOZ,
BRAD GRUBE,
CITY OF MOSINEE, WISCONSIN,
ERIC J. KRAUSE,
KENNETH GRAMS,
ANDREA REEDE,
MARK REEDE, and E.R.

       Defendants.

---

## ANSWER AND AFFIRMATIVE DEFENSES OF ERIC J. KRAUSE TO PLAINTIFFS' COMPLAINT

---

Defendant, Eric J. Krause, by his attorneys, Schmidt & Wirth Law Offices, hereby answers plaintiffs' complaint, and asserts affirmative defenses, by alleging and showing to the court as follows:

### ANSWER

1.     Answering paragraph 1, admit only that, upon information and belief, at times material hereto, the identifying allegations were correct.

2.      Answering paragraph 2, admits only that, at times material hereto, plaintiff was a middle school employee with the duties, obligations and requirements attendant to that employment.  As to allegations that purport to identify subjective relationships and subjective work ethic, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

3.      Answering paragraph 3, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

4.      Answering paragraph 4, denies.

5.      Answering paragraph 5, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

6.      Answering paragraph 6, denies as to this responding defendant in all respects.

7.      Answering paragraph 7, denies.

8.      Answering paragraph 8, denies as to this responding defendant in all respects.

9.      Answering paragraph 9, asserts that the allegations in this paragraph are conclusions of law to which no response is required.

10.      Answering paragraph 10, asserts that the allegations in this paragraph are conclusions of law to which no response is required.

11.     Answering paragraph 11, admits upon representation of counsel.

12.     Answering paragraph 12, admits upon representation of counsel.

13.     Answering paragraph 13, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

14.     Answering paragraph 14, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

15.     Answering paragraph 15, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

16.     Answering paragraph 16, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

17.     Answering paragraph 17, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

18.     Answering paragraph 18, admits.

19.     Answering paragraph 19, admits only that Krause was, at times material hereto, a police officer for the City of Mosinee Police Department, and in his capacity as a police officer, had an assignment as School Resource Officer at the Mosinee Middle School. Admits that, in both his capacity as a police officer and a School Resource

Officer, he was acting within the scope of his employment with the City of Mosinee, and was acting under color of state law.  Denies that he undertook "all actions alleged in [the] Complaint."

20.     Answering paragraph 20, denies that Kenneth Grams was employed by the City of Mosinee Police Department "at all relevant times to the events complained of."  Admits only that, as current Chief of Police, Grams acts as Krause's supervisor and acts within the scope of his employment when he exercises the duties and responsibilities of the Chief of Police. Denies any allegation inconsistent with this response.

21.     Answering paragraph 21, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

22.     Answering paragraph 22, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

23.     Answering paragraph 23, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

24.     Answering paragraph 24, admits upon information and belief.

25.     Answering paragraph 25, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

26.     Answering paragraph 26, admits only that an allegation of inappropriate touching was made by a minor; as to all other allegations in this paragraph, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

27.     Answering paragraph 27, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

28.     Answering paragraph 28, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

29.     Answering paragraph 29, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

30.     Answering paragraph 30, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

31.     Answering paragraph 31, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

32.     Answering paragraph 32, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

33.     Answering paragraph 33, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon..

34.     Answering paragraph 34, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

35.     Answering paragraph 35, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

36.     Answering paragraph 36, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

37.     Answering paragraph 37, admits upon information and belief that at least one minor complainant reported an inappropriate touching incident to supervisory school personnel.

38.     Answering paragraph 38, admits upon information and belief that the complaint of inappropriate touching was investigated by school personnel; as to all other allegations in this paragraph, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

39.     Answering paragraph 39, admits upon information and belief that the complaint of inappropriate touching was investigated by school personnel; as to all

other allegations in this paragraph, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

40.     Answering paragraph 40, admits only that, on March 25, 2021, a school official reported to Krause that he had received an unspecified complaint from an unspecified source and that he was going to investigate further; as to all remaining allegations, asserts that the remaining allegations are a materially incomplete and inaccurate recitation of the facts alleged and, for that reason, denies same.

41.     Answering paragraph 41, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

42.     Answering paragraph 42, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

43.     Answering paragraph 43, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

44.     Answering paragraph 44, asserts that the allegations in this complaint are materially incomplete and inaccurate legal conclusions to which no response is required; to the extent that a response is required, denies same.

45.     Answering paragraph 45, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

46.     Answering paragraph 46, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

47.     Answering paragraph 47, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

48.     Answering paragraph 48, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

49.     Answering paragraph 49, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

50.     Answering paragraph 50, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

51.     Answering paragraph 51, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

52.     Answering paragraph 52, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

53.     Answering paragraph 53, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

54.     Answering paragraph 54, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

55.     Answering paragraph 55, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

56.     Answering paragraph 56, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

57.     Answering paragraph 57, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

58.     Answering paragraph 58, admits, generally, the allegations.

59.     Answering paragraph 59, admits that the charges filed by the Marathon County District Attorney's office speak for themselves.

60.     Answering paragraph 60, admits only that, prior to the actual arrest, Krause relayed to plaintiff his understanding of the investigation progress to date.

61.     Answering paragraph 61, admits only that plaintiff asked about details of the investigations.

62.     Answering paragraph 62, admits, generally, the allegations.

63.     Answering paragraph 63, admits, generally, the allegations.

64.     Answering paragraph 64, asserts that the allegations in this paragraph represent a materially incomplete and inaccurate recitation of the facts alleged and, for that reason, denies same.  As for the allegations of what the plaintiff asserts was within her knowledge, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

65.     Answering paragraph 65, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

66.     Answering paragraph 66, admits upon information and belief.

67.     Answering paragraph 67, denies.

68.     Answering paragraph 68, admits only that the written report was filed on the day alleged; further admits only that the content of the document speaks for itself. Denies any allegation inconsistent with this response.

69.     Answering paragraph 69, admits that the allegations contain only a partial recitation of the content of a written document; admits only that the content of the document speaks for itself.

70.     Answering paragraph 70, admits that the allegations contain only a partial recitation of the content of a written document; admits only that the content of the document speaks for itself.

71.     Answering paragraph 71, admits only that the content of the written document speaks for itself; denies any interpretation allegation inconsistent with the content of the written document.

72.     Answering paragraph 72, asserts that the allegations in this paragraph are a materially incomplete recitation of the occurrence described, and therefore denies same; denies any allegation in this paragraph that an arresting officer with probable cause is required to elicit efforts from arrestees to offer allegedly exculpatory evidence.

73.     Answering paragraph 73, asserts that the allegations in this paragraph are a materially incomplete recitation of the occurrence described, and therefore denies same; denies any allegation in this paragraph that an arresting officer with probable cause is required to elicit efforts from arrestees to offer allegedly exculpatory evidence.

74.     Answering paragraph 74, admits only that a First Supplemental Report was filed on the date alleged; further admits only that the content of the written document speaks for itself.

75.     Answering paragraph 75, admits only that a First Supplemental Report was filed on the date alleged; further admits only that the content of the written document speaks for itself.

76.     Answering paragraph 76, denies any allegation that evidence or reasonable inferences were ignored as alleged, or otherwise.  Denies that there was any

need for or accomplishment of any "prejudging" of "guilt" as alleged or otherwise. Further admits only that the content of the written document speaks for itself.

77.     Answering paragraph 77, admits only that, a Second Supplemental Report was filed on the date alleged; further admits only that the content of the written document speaks for itself.  Denies any allegations in this paragraph that purport to establish the "guilt" of any person.

78.     Answering paragraph 78, denies that the allegations in this paragraph contain a materially complete or accurate recitation of the content of an electronic message; further admits only that the content of the electronic message speaks for itself. Denies any allegations in this paragraph that purport to establish the "guilt" of any person.

79.     Answering paragraph 79, denies that the allegations in this paragraph contain a materially complete or accurate recitation of the content of an electronic message; further admits only that the content of the electronic message speaks for itself. Denies any allegations in this paragraph that purport to establish the "guilt" of any person.

80.     Answering paragraph 80, denies that the allegations in this paragraph contain a materially complete recitation of the content of the interview or the written document; further admits only that the content of the written document speaks for itself.  Denies any allegations in this paragraph that purport to establish the "guilt" of any person.

81.     Answering paragraph 81, denies.

82.     Answering paragraph 82, denies.

83.     Answering paragraph 83, denies that the quoted portion of a written document was "without support;" further admits only that the content of the written document speaks for itself.

84.     Answering paragraph 84, denies that the allegations in this paragraph contain a materially complete or accurate recitation of the communication referenced; further admits only that the content of the writing speaks for itself.

85.     Answering paragraph 85, denies that the allegations in this paragraph contain a materially complete or accurate recitation of the communication referenced; further admits only that the content of the writing speaks for itself.

86.     Answering paragraph 86, denies that the allegations in this paragraph contain a materially complete or accurate recitation of the communication referenced; further admits only that the content of the writing speaks for itself.

87.     Answering paragraph 87, denies.

88.     Answering paragraph 88, admits only that thorough interviews were conducted; denies the remaining allegations in this paragraph.

89.     Answering paragraph 89, denies.

90.     Answering paragraph 90, denies.

91.     Answering paragraph 91, asserts that the allegations in this paragraph are a materially incomplete and inaccurate recitation of the events they purport to describe and, therefore, denies same.

92.     Answering paragraph 92, denies.

93. Answering paragraph 93, admits only attendance at the referenced conference.

94. Answering paragraph 94, denies.

95. Answering paragraph 95, admits that, on April 20, 2021, Krause filed an additional Supplemental Report.

96. Answering paragraph 96, admits only that Krause was the complaining witness in the complaint; denies any allegation inconsistent with this response.

97. Answering paragraph 97, denies all allegations in this paragraph, including all subparts, as they may be alleged against this responding defendant.

98. Answering paragraph 98, denies.

99. Answering paragraph 99, denies.

100. Answering paragraph 100, denies.

101. Answering paragraph 101, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

102. Answering paragraph 102, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

103. Answering paragraph 103, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

104.    Answering paragraph 104, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

105.    Answering paragraph 105, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

106.    Answering paragraph 106, admits the charges were dismissed; denies there was any final "acquittal."

107.    Answering paragraph 107, denies.

108.    Answering paragraph 108, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

109.    Answering paragraph 109, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

110.    Answering paragraph 110, realleges and incorporates, as though more fully set forth herein, his responses to paragraphs 1 through 109 of the complaint.

111.    Answering paragraph 111, asserts that this paragraph contains legal conclusions to which no response is required.

112.    Answering paragraph 112, denies omissions as alleged, or otherwise.

113.    Answering paragraph 113, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

114.    Answering paragraph 114, denies as to this responding defendant.

115.    Answering paragraph 115, denies that this paragraph contains a materially complete or accurate summary of the published legal authority; admits only that the written decision speaks for itself.

116.    Answering paragraph 116, denies as to this responding defendant.

117.    Answering paragraph 117, denies as to this responding defendant.

118.    Answering paragraph 118, denies.

119.    Answering paragraph 119, denies.

120.    Answering paragraph 120, denies as to this responding defendant.

121.    Answering paragraph 121, denies.

122.    Answering paragraph 122, denies as to this responding defendant.

123.    Answering paragraph 123, denies as to this responding defendant.

124.    Answering paragraph 124, realleges and incorporates, as though more fully set forth herein, the responses to paragraphs 1 through 123 of the complaint.

125.    Answering paragraph 125, asserts that this paragraph contains legal conclusions to which no response is required.

126.    Answering paragraph 126, admits currently, denies at times material hereto.

127.    Answering paragraph 127, denies.

128.    Answering paragraph 128, denies.

129.    Answering paragraph 129, denies.

130.    Answering paragraph 130, denies.

131.    Answering paragraph 131, denies.

132.    Answering paragraph 132, realleges and incorporates, as though more fully set forth herein, the responses to paragraphs 1 through 131 of the complaint.

133.    Answering paragraph 133, denies as to this responding defendant.

134.    Answering paragraph 134, denies as to this responding defendant.

135.    Answering paragraph 135, denies as to this responding defendant.

136.    Answering paragraph 136, denies as to this responding defendant.

137.    Answering paragraph 137, denies as to this responding defendant.

138.    Answering paragraph 138, realleges and incorporates, as though more fully set forth herein, the responses to paragraphs 1 through 137 of the complaint.

139.    Answering paragraph 139, admits only that charges were filed by the Marathon County District Attorney, and prosecuted by the District Attorney through review on probable cause by the presiding judge.

140.    Answering paragraph 140, denies.

141.    Answering paragraph 141, admits only that the charges were dismissed upon the court's own motion.

142.    Answering paragraph 142, denies.

143.    Answering paragraph 143, denies.

144.    Answering paragraph 144, denies.

145.    Answering paragraph 145, denies.

146.    Answering paragraph 146, denies.

147.    Answering paragraph 147, realleges and incorporates, as though more fully set forth herein, the responses to paragraphs 1 through 146 of the complaint.

148.    Answering paragraph 148, admits at present, denies at times material hereto.

149.    Answering paragraph 149, denies that the allegations contain a reasonable, complete or accurate description of the duties of the defendants.

150.    Answering paragraph 150, denies.

151.    Answering paragraph 151, denies incompetence as alleged, or otherwise.

152.    Answering paragraph 152, denies.

153.    Answering paragraph 153, denies.

154.    Answering paragraph 154, denies.

155.    Answering paragraph 155, realleges and incorporates, as though more fully set forth herein, the responses to paragraphs 1 through 154 of the complaint.

156.    Answering paragraph 156, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

157.    Answering paragraph 157, denies.

158.    Answering paragraph 158, realleges and incorporates, as though more fully set forth herein, the responses to paragraphs 1 through 157 of the complaint.

159.    Answering paragraph 159, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

160.    Answering paragraph 160, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

161.    Answering paragraph 161, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

162.    Answering paragraph 162, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

163.    Answering paragraph 163, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

164.    Answering paragraph 164, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

165.    Answering paragraph 165, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

166.    Answering paragraph 166, realleges and incorporates, as though more fully set forth herein, the responses to paragraphs 1 through 165 of the complaint.

167.    Answering paragraph 167, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

168.    Answering paragraph 168, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

169.    Answering paragraph 169, asserts that the allegations in this paragraph contain legal conclusions to which no response is required.

170.    Answering paragraph 170, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

## AFFIRMATIVE DEFENSES

1.    The plaintiffs' complaint fails to state a claim upon which relief may be granted against this responding defendant.

2.    To the extent that the plaintiffs' have attempted to plead a "Monell" that claim, as pled, is legally insufficient and the claim must be dismissed as a matter of law.

3.    The actions of the responding individual defendant were objectively reasonable and they are entitled to immunity and/or qualified immunity from claims,

as well as limitations on actions and damages, as provided by Wisconsin Statutes, by federal regulations, and by operation of common law.

4.      The ordinances, policies, practices and procedures of the City of Mosinee were and are constitutionally compliant exercises of the police powers afforded to the City of Mosinee, and which authorize municipalities to protect the health, safety and welfare of their citizens.

5.      The plaintiffs' claimed injuries and damages, if any, were caused, in whole or in part, by their own conduct or failure of conduct at times material hereto.

6.      The plaintiffs may have failed to mitigate damages as is required by law.

7.      The conduct attributed to this responding defendant did not constitute any violation of a cognizable constitutional right and this action must be summarily dismissed.

8.      The defendant is not liable under 42 USC §1983 because his actions were constitutional under the circumstances or exigent circumstances, and did not compromise or deprive the plaintiff of any rights.

9.      The defendant acted at all times reasonably and with a good faith belief that his actions were lawful and were not in violation of any federal or state constitutional right.

10.     The actions of the defendant were justified, objectively reasonable, necessary, carried out in good faith and with sufficient legal cause, and the defendant conducted himself in conformity with settled principles of constitutional, regulatory, statutory, and common law.

11.     The defendant acted within the discretionary scope of his authority as a public official in response to the circumstances and/or exigent circumstances.

12.     The defendant acted in the public interest and in the furtherance of protecting public safety and good order, all in accordance with existing laws, policies and practices.

13.     The arrest implemented by defendant was reasonable under the circumstances and/or exigent circumstances then prevailing.

14.     The defendant did not intentionally or unjustifiably harm the plaintiff, nor was his conduct extreme or outrageous under the circumstances and/or exigent circumstances.

15.     At no time was defendant motivated by evil intent, malice or deliberate indifference, nor did he exercise reckless or callous indifference, toward the plaintiff or any of the plaintiffs' rights.

16.     To the extent the plaintiffs have pled, or meant to plead, state law claims against this responding defendant, those claims are subject to the requirements of

statutory notice and conditions precedent to suit with which the plaintiffs may have failed to comply.

17.     This responding defendant reserves his right to amend this answer and affirmative defenses should additional information warrant it.

WHEREFORE, the defendant, Eric J. Krause, demands judgment dismissing the complaint of the plaintiffs upon its merits, with prejudice and with an award of all allowable costs, fees and disbursements incurred in the defense against this matter.

**DEFENDANT HEREBY DEMANDS A JURY TRIAL**

Dated this 25th day of February, 2022.

SCHMIDT & WIRTH LAW OFFICES
Attorneys for Eric J. Krause

BY: */s/electronically signed by Joseph M. Wirth*
JOSEPH M. WIRTH
State Bar No.: 1012080

POST OFFICE ADDRESS:
788 N. Jefferson Street
Suite 500
Milwaukee, WI 53202-4620
Telephone:  (414) 225-4060
Fax:  (414) 271-6196
E-Mail:  jmw@piperschmidt.com