UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

CHRISTY J. MATHIS, individually, and
PAUL J. MATHIS, individually,

          Plaintiffs,

v.

MOSINEE SCHOOL DISTRICT, a municipality duly
incorporated under the laws of the State of Wisconsin;
KEVIN J. HERMENING, individually and in his
capacity as President of the School Board of the
Mosinee School District; DAVID MUNOZ, individually
and in his capacity as Superintendent of Mosinee School District;
BRAD GRUBE, individually and in his capacity as
Principal of the Mosinee Middle School;
CITY OF MOSINEE, WISCONSIN;
ERIC J. KRAUSE, individually and in his official capacity
as a law enforcement officer with the Mosinee Police
Department; KENNETH GRAMS, individually and in his official
capacity as Chief of Police for the Mosinee Police Department;
ANDREA REEDE & MARK REEDE, parents of minor E.R.;
and E.R., a minor child,

          Defendants.

Case No. 22-cv-47

## ANSWER AND AFFIRMATIVE DEFENSES

NOW COME the Defendants Mosinee School District, Kevin J. Hermening, David Munoz and Brad Grube, by their undersigned attorneys, and for their Answer to Plaintiffs' Complaint state as follows:

    1.    Admit the allegations contained in Paragraph 1 of Plaintiffs' Complaint.

    2.    In answering Paragraph 2 of Plaintiffs' Complaint, deny that Plaintiff's job duties created an adversarial relationship with select students. Admit the remaining allegations contained therein.

3. Deny, as alleged, the allegations contained in Paragraphs 3 and 4 of Plaintiffs' Complaint.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiffs' Amended Complaint, and therefore deny the same and put Plaintiffs to their proof thereon.

5. Deny the allegations contained in Paragraph 6 of Plaintiffs' Complaint.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiffs' Amended Complaint, and therefore deny the same and put Plaintiffs to their proof thereon.

7. In answering Paragraph 8 of Plaintiffs' Complaint, deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning E.R.'s alleged defamatory statements and her parents' involvement therein, and therefore deny the same and put Plaintiffs to their proof thereon.  Deny the remaining allegations contained therein.

8. The allegations contained in Paragraphs 9 and 10 are legal conclusions for which no answer is necessary or required.

9. Admit, upon information and belief, the allegations contained in Paragraphs 11 and 12 of Plaintiffs' Complaint.

10. In answering Paragraph 13 of Plaintiffs' Complaint, admit that Defendant Mosinee School District is a school district organized and existing under Wisconsin law and is located at the business address set forth therein; further admit that the Mosinee School District is governed by the Mosinee School Board.  Deny the remaining allegations contained therein.

11. Deny the allegations contained in Paragraph 14 of Plaintiffs' Complaint.

12. In answering Paragraph 15 of Plaintiffs' Complaint, admit that Defendant Kevin J. Hermening is an adult resident of Wisconsin residing at the address alleged and that he is the President of the Mosinee School Board. The remaining allegations contained therein are legal conclusions for which no answer is necessary or required; to the extent an answer is deemed necessary or required, deny the same and put Plaintiffs to their proof thereon.

13. In answering Paragraph 16 of Plaintiffs' Complaint, admit that Defendant David Munoz is an adult resident of Wisconsin and that he is the Superintendent of the Mosinee School District. The remaining allegations contained therein are legal conclusions for which no answer is necessary or required; to the extent an answer is deemed necessary or required, deny the same and put Plaintiffs to their proof thereon.

14. In answering Paragraph 17 of Plaintiffs' Complaint, admit that Defendant Brad Grube is an adult resident of Wisconsin and is the Principal of the Mosinee Middle School; further admit that Mr. Grube was Plaintiff's direct Supervisor. The remaining allegations contained therein are legal conclusions for which no answer is necessary or required; to the extent an answer is deemed necessary or required, deny the same and put Plaintiffs to their proof thereon.

15. Admit, upon information and belief, the allegations contained in Paragraph 18 of Plaintiffs' Complaint.

16. In answering Paragraph 19 of Plaintiffs' Complaint, admit, upon information and belief, that Defendant Eric J. Krause is an adult resident of Wisconsin, that at times relevant to this lawsuit he was employed as a police officer for the City of Mosinee Police Department, and that he was a School Resource Officer for the Mosinee School District. The remaining allegations contained therein are legal conclusions for which no answer is necessary or required; to the extent an answer is deemed necessary or required, deny the same and put Plaintiffs to their proof thereon.

17. In answering Paragraph 20 of Plaintiffs' Complaint, admit, upon information and belief, that Defendant Kenneth Grams is an adult resident of Wisconsin and is the Chief of Police for the City of Mosinee Police Department. The remaining allegations contained therein are legal conclusions for which no answer is necessary or required; to the extent an answer is deemed necessary or required, deny the same and put Plaintiffs to their proof thereon.

18. Admit, upon information and belief, the allegations contained in Paragraphs 21, 22 and 23 of Plaintiffs' Complaint.

19. Admit the allegations contained in Paragraph 24 of Plaintiffs' Complaint.

20. Deny the allegations contained in Paragraph 25 of Plaintiffs' Complaint.

21. In answering Paragraph 26 of Plaintiffs' Complaint, admit that on or about March 25, 2021, one of Ms. Mathis's then students accused her of inappropriately touching the student while in Ms. Mathis's class. Deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and therefore deny the same and put Plaintiffs to their proof thereon.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 27, 28, 29, 30, 31, 32, 33 and 34 of Plaintiffs' Amended Complaint, and therefore deny the same and put Plaintiffs to their proof thereon.

23. Deny, as alleged, the allegations contained in Paragraph 35 of Plaintiffs' Complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of Plaintiffs' Amended Complaint, and therefore deny the same and put Plaintiffs to their proof thereon.

25. In answering Paragraph 37 of Plaintiffs' Complaint, admit that several students reported the interaction between Ms. Mathis and student E.R. after third hour class on March 25, 2021, to Middle School Assistant Principal Paul Rheinschmidt; further admit that statements were obtained from various students in the class, and that the allegations were brought to the attention of Principal Grube. Deny the remaining allegations contained therein.

26. In answering Paragraph 38 of Plaintiffs' Complaint, admit that Principal Grube investigated the complaint by interviewing students who were present in Ms. Mathis's third hour class on March 25, 2021. Deny the remaining allegations contained therein.

27. In answering Paragraph 39 of Plaintiffs' Complaint, admit that Principal Grube's interviews occurred on March 25 and 26, 2021, and April 5, 2021, and that students completed written statements. Deny the remaining allegations contained therein.

28. Deny, as alleged, the allegations contained in Paragraph 40 of Plaintiffs' Complaint.

29. Admit the allegations contained in Paragraph 41 of Plaintiffs' Complaint.

30. In answering Paragraph 42 of Plaintiffs' Complaint, admit that during the referenced meeting with Ms. Mathis and her Union representative, Principal Grube and Karla Michanowicz, the Human Resources Director, were present in Principal Grube's office; further admit that Principal Grube advised Ms. Mathis that a student had made a complaint against her and that she would be relieved from duties for the remainder of that day and the following day, Friday, March 26, 2021. Deny the remaining allegations contained therein.

31. In answering Paragraph 43 of Plaintiffs' Complaint, deny knowledge or information sufficient to form a belief as to the truth of the allegation that Ms. Mathis did not

understand the nature of the complaint, and therefore deny the same and put Plaintiffs to their proof thereon. Deny the remaining allegations contained therein.

32. In answering Paragraph 44 of Plaintiffs' Complaint, deny that Ms. Mathis did not receive notice or an opportunity to respond to the allegations against her. The remaining allegations contained therein are legal conclusions for which no answer is necessary or required; to the extent an answer is deemed necessary or required, deny the same and put Plaintiffs to their proof thereon.

33. In answering Paragraph 45 of Plaintiffs' Complaint, admit that Principal Grube contacted Ms. Mathis on March 26, 2021, and requested her to attend a meeting in connection with the student complaint. Deny the remaining allegations contained therein.

34. Admit the allegations contained in Paragraph 46 of Plaintiffs' Complaint.

35. Deny the allegations contained in Paragraphs 47, 48, 49 and 50 of Plaintiffs' Complaint.

36. Admit the allegations contained in Paragraph 51 of Plaintiffs' Complaint.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of Plaintiffs' Amended Complaint, and therefore deny the same and put Plaintiffs to their proof thereon.

38. Admit the allegations contained in Paragraph 53 of Plaintiffs' Complaint.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of Plaintiffs' Amended Complaint, and therefore deny the same and put Plaintiffs to their proof thereon

40. Deny, as alleged, the allegations in Paragraph 55 of Plaintiffs' Complaint.

41. Admit the allegations contained in Paragraph 56 of Plaintiffs' Complaint.

42. In answering Paragraph 57 of Plaintiffs' Complaint, admit that Ms. Mathis submitted her written statement to Principal Grube on or about April 2, 2021. Deny the remaining allegations contained therein and affirmatively allege the statement speaks for itself.

43. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of Plaintiffs' Amended Complaint, and therefore deny the same and put Plaintiffs to their proof thereon.

44. Admit, upon information and belief, the allegations contained in Paragraph 59 of Plaintiffs' Complaint.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 60, 61, 62, 63, 64, 65 and 66 of Plaintiffs' Amended Complaint, and therefore deny the same and put Plaintiffs to their proof thereon.

46. In answering Paragraph 67 of Plaintiffs' Complaint, deny the allegations as they relate to the investigation conducted by the Mosinee School District and its employees/agents. Deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and therefore deny the same and put Plaintiffs to their proof thereon.

47. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78 and 79 of Plaintiffs' Amended Complaint, and therefore deny the same and put Plaintiffs to their proof thereon.

48. Deny, as alleged, the allegations contained in Paragraph 80 of Plaintiffs' Complaint.

49. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94 and 95 of

Plaintiffs' Amended Complaint, and therefore deny the same and put Plaintiffs to their proof thereon.

50. In answering Paragraph 96 of Plaintiffs' Complaint, admit, upon information and belief, that the criminal complaint referenced therein was filed against Ms. Mathis charging her with first degree child sexual assault – sexual contact with a child under 13. Deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and therefore deny the same and put Plaintiffs to their proof thereon.

51. In answering Paragraph 97 of Plaintiffs' Complaint, deny knowledge or information sufficient to form a belief as to the truth of the allegations against the Mosinee Police Department and Officer Krause, and therefore deny the same and put Plaintiffs to their proof thereon. Deny the remaining allegations contained therein.

52. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 98, 99, 100 and 101 of Plaintiffs' Amended Complaint, and therefore deny the same and put Plaintiffs to their proof thereon.

53. In answering Paragraph 102 of Plaintiffs' Complaint, admit that the Mosinee School Board met on July 12, 2021, and, among other decisions, voted to terminate the employment of Ms. Mathis with the School District. Deny the remaining allegations contained therein.

54. In answering Paragraph 103 of Plaintiffs' Complaint, admit that Ms. Mathis did not attend the July 12, 2021, School Board meeting, and admit that she submitted a written statement to the School Board. Deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and therefore deny the same and put Plaintiffs to their proof thereon.

55. Deny the allegations contained in Paragraphs 104 and 105 of Plaintiffs' Complaint.

56. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 of Plaintiffs' Amended Complaint, and therefore deny the same and put Plaintiffs to their proof thereon.

57. Deny, as alleged, the allegations contained in Paragraph 107 of Plaintiffs' Complaint.

58. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108 of Plaintiffs' Amended Complaint, and therefore deny the same and put Plaintiffs to their proof thereon.

59. Deny the allegations contained in Paragraph 109 of Plaintiffs' Complaint.

60. In answering Paragraph 110 of Plaintiffs' Complaint, Defendants reallege and incorporate by reference the preceding paragraphs of their Answer as if fully set forth herein.

61. The allegations contained in Paragraphs 111, 112 and 113 are legal conclusions for which no answer is necessary or required; to the extent an answer is deemed necessary or required, deny the same and put Plaintiffs to their proof thereon.

62. Deny the allegations contained in Paragraph 114 of Plaintiffs' Complaint.

63. The allegations contained in Paragraph 115 are legal conclusions for which no answer is necessary or required; to the extent an answer is deemed necessary or required, deny the same and put Plaintiffs to their proof thereon.

64. Deny the allegations contained in Paragraphs 116 and 117 of Plaintiffs' Complaint.

65. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 118 and 119 of Plaintiffs' Amended Complaint, and therefore deny the same and put Plaintiffs to their proof thereon.

66. Deny the allegations contained in Paragraphs 120, 121, 122 and 123 of Plaintiffs' Complaint.

67. In answering Paragraph 124 of Plaintiffs' Complaint, Defendants reallege and incorporate by reference the preceding paragraphs of their Answer as if fully set forth herein.

68. The allegations contained in Paragraph 125 are legal conclusions for which no answer is necessary or required; to the extent an answer is deemed necessary or required, deny the same and put Plaintiffs to their proof thereon.

69. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 126, 127, 128, 129, 130 and 131 of Plaintiffs' Amended Complaint, and therefore deny the same and put Plaintiffs to their proof thereon.

70. In answering Paragraph 132 of Plaintiffs' Complaint, Defendants reallege and incorporate by reference the preceding paragraphs of their Answer as if fully set forth herein.

71. Deny the allegations contained in Paragraphs 133, 134, 135, 136 and 137 of Plaintiffs' Complaint.

72. In answering Paragraph 138 of Plaintiffs' Complaint, Defendants reallege and incorporate by reference the preceding paragraphs of their Answer as if fully set forth herein.

73. Admit, upon information and belief, the allegations contained in Paragraph 139 of Plaintiffs' Complaint.

74. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 140, 141, 142, 143, 144, 145 and 146 of Plaintiffs' Amended Complaint, and therefore deny the same and put Plaintiffs to their proof thereon

75. In answering Paragraph 147 of Plaintiffs' Complaint, Defendants reallege and incorporate by reference the preceding paragraphs of their Answer as if fully set forth herein.

76. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 148 of Plaintiffs' Amended Complaint, and therefore deny the same and put Plaintiffs to their proof thereon.

77. The allegations contained in Paragraph 149 are legal conclusions for which no answer is necessary or required; to the extent an answer is deemed necessary or required, deny the same and put Plaintiffs to their proof thereon.

78. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 150, 151, 152, 153 and 154 of Plaintiffs' Amended Complaint, and therefore deny the same and put Plaintiffs to their proof thereon

79. In answering Paragraph 155 of Plaintiffs' Complaint, Defendants reallege and incorporate by reference the preceding paragraphs of their Answer as if fully set forth herein.

80. Admit, upon information and belief, the allegations contained in Paragraph 156 of Plaintiffs' Complaint.

81. Deny the allegations contained in Paragraph 157 of Plaintiff's Complaint.

82. In answering Paragraph 158 of Plaintiffs' Complaint, Defendants reallege and incorporate by reference the preceding paragraphs of their Answer as if fully set forth herein.

83. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 159, 160, 161, 162, 163, 164 and 165 of Plaintiffs' Amended Complaint, and therefore deny the same and put Plaintiffs to their proof thereon.

84. In answering Paragraph 166 of Plaintiffs' Complaint, Defendants reallege and incorporate by reference the preceding paragraphs of their Answer as if fully set forth herein.

85. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 167, 168, 169 and 170 of Plaintiffs' Amended Complaint, and therefore deny the same and put Plaintiffs to their proof thereon

86. Deny all allegations contained in Plaintiffs' Complaint that are not affirmatively admitted herein.

### AFFIRMATIVE DEFENSES

Defendants Mosinee School District, Kevin J. Hermening, David Munoz and Brad Grube, further answering Plaintiffs' Complaint by way of an affirmative defense applicable to all claims for relief allege as follows:

1. Plaintiffs' Complaint may fail to state a claim upon which relief may be granted against these answering Defendants;

2. Plaintiff Christy Mathis's employment contract was non-renewed for reasons wholly unrelated to the events giving rise to Plaintiffs' Complaint;

3. Plaintiff Christy Mathis received all process that was due in accordance with the United States Constitution;

4. These answering Defendants are entitled to qualified immunity; and

5. Plaintiffs may have failed to mitigate their damages as required by law.

WHEREFORE, Defendants Mosinee School District, Kevin J. Hermening, David Munoz and Brad Grube, demand judgment dismissing Plaintiffs' Complaint and awarding these answering Defendants their costs, attorney's fees and such other relief the Court deems just and equitable.

Dated this 1st day of March, 2022.

                                            *s/ Lori M. Lubinsky*
                                            Lori M. Lubinsky, SBN 1027575
                                            Attorneys for Defendants, Mosinee School District,
                                                Kevin J. Hermening, David Munoz and Brad Grube
                                            AXLEY BRYNELSON, LLP
                                            P.O. Box 1767
                                            Madison, WI  53701-1767
                                            Telephone:  (608) 257-5661
                                            Email: llubinsky@axley.com

F:\EAFDATA\11097\88524\04201287.DOCX