THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

CHRISTY J. MATHIS, et al.,

      Plaintiffs,                     Case No. 22-cv-47

  v.

MOSINEE SCHOOL DISTRICT, et al.,

      Defendants.

## ANSWER TO COMPLAINT

Defendants, Andrea Reede, Mark Reede, and E.R., a minor, by Pines Bach LLP

their attorneys, as an Answer to the Plaintiffs' Complaint admits, denies, and alleges as

follows:

## **INTRODUCTION**

1. Plaintiff Christy J. Mathis is a 25-year, tenured employee of the Mosinee School District in Mosinee, Wisconsin, where she has taught art at the Mosinee Middle School.

    **ANSWER:**  Defendants, Andrea Reede, Mark Reede, and E.R., a minor, admit the

allegations of Paragraph 1.

2. As a part of her regular duties, Ms. Mathis was tasked with ensuring the safety and well-being of her art students at Mosinee Middle School, working diligently to create an environment free from distractions and interruptions. From time to time, Ms. Mathis' duty of enforcing student discipline, including the School's cell phone policy, created an adversarial relationship with select students.

    **ANSWER:**    Defendants have insufficient information to either admit or deny the

allegations of Paragraph 2, but to the extent that an answer is deemed to be required the

Defendants Andrea Reede, Mark Reede, and E.R., a minor, deny the allegations of

Paragraph 2.

3. In the last decade or more, cell phone technology, and in particular social networking sites on smart phones (i.e., Instagram, Tik Tok, and Snap Chat), have permitted students to not only distract themselves from their own schoolwork, but also to interfere with the ability of their classmates to receive an education.

**ANSWER:** Defendants, Andrea Reede, Mark Reede, and E.R., a minor, deny the

allegations of Paragraph 3.

4. This civil action is necessary to expose and stop students, and their enablers, from inflicting grievous harm on teachers through false criminal accusations in order to retaliate against teachers, like Ms. Mathis, who seek only to maintain discipline and decorum in the classroom by enforcing the School's cell phone usage policy.

**ANSWER:** Defendants, Andrea Reede, Mark Reede, and E.R., a minor, deny the

allegations of Paragraph 4.

5. Plaintiff Christy Mathis is the victim of vicious, false, and defamatory statements by E.R., a minor 12-year old child of Mark and Andrea Reede, who falsely accused her of inappropriately and sexually touching her during an art class on March 25, 2021. E.R.'s lies were part of a scheme, with her friends, A.B. and M.M., to express their dislike for, and anger against, Ms. Mathis for enforcing the School's cell phone policy.

**ANSWER:** Defendants, Andrea Reede, Mark Reede, and E.R., a minor, deny the

allegations of Paragraph 5.

6. E.R. 's false and defamatory accusations about Ms. Mathis were aided and abetted by Defendants Mosinee School Board, School Board President Kevin J. Hermening, Superintendent David Muñoz, Principal Brad Grube, and School Resource Officer Eric J. Krause, all of whom ignored or suppressed exculpatory evidence and inconsistencies in E.R.'s allegations in order to prosecute the case and terminate Ms. Mathis' employment with the School District. These Defendants perpetrated this malicious prosecution in violation of Ms. Mathis' civil rights and caused a loss of consortium for her husband, Paul J. Mathis.

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, deny that E.R made any false and defamatory accusations about Ms. Mathis and have insufficient information to either admit or deny the balance of the allegations of Paragraph 6, but to the extent that an answer is deemed to be required they deny the allegations of Paragraph 6

7.   During the period in question, Defendant Krause was negligently trained and supervised in sexual assault investigations by Defendants Mosinee Police Chief Kenneth Grams and the City of Mosinee, Wisconsin.

**ANSWER:**   Defendants have insufficient information to either admit or deny the allegations of Paragraph 7, but to the extent that an answer is deemed to be required Defendants, Andrea Reede, Mark Reede, and E.R., a minor, deny the allegations of Paragraph 7.

8.   E.R.'s defamatory statements, aided by her parents Mark and Andrea Reede, and bolstered by the shoddy investigation and complaint by Defendants, caused Plaintiff Christy Mathis grievous harm to her reputation, emotional health, and professional career.

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, deny the allegations of Paragraph 8.

## JURISDICTION AND VENUE

9.   This court has federal subject matter jurisdiction over the federal civil rights claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, and supplemental jurisdiction over the state law claims arising out of the same case or controversy pursuant to 28 U.S.C. § 1367.

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, admit the allegations of Paragraph 9.

10.   Venue is appropriate in this court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions described herein took place in Marathon County, Wisconsin, which is located in the District Court for the Western District of Wisconsin.

   **ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, admit the

allegations of Paragraph 10.


## PARTIES

11.   Plaintiff Christy J. Mathis is an individual residing in Wausau, Marathon County, Wisconsin, at all times material hereto.

   **ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, admit the

allegations of Paragraph 11.

12.   Plaintiff Paul J. Mathis is an individual residing in Wausau, Marathon County, Wisconsin, at all times material hereto.

   **ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, admit the

allegations of Paragraph 12.

13.   Defendant Mosinee School District ("the District") was at all times material a school district organized and existing under the laws of the State of Wisconsin whose business address is 146001 State Highway 153, Mosinee, Marathon County, Wisconsin. The District is governed by the Mosinee School Board (hereinafter "Board"), whose members acting in their official capacity constitute the District's final policymakers.

   **ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, admit the

allegations of Paragraph 13.

14.   The District is made a Defendant in this action on the ground of its direct liability for violations of Plaintiff Christy Mathis' civil rights and on the ground of its liability as indemnitor under Wis. Stat. § 895.46, to pay any judgment for damages and costs entered against School Board President Kevin J. Hermening, Superintendent David Muñoz, or Principal Brad Grube, for acts done within the

scope of their employment while carrying out duties as a public officers or employees of Defendant District.

**ANSWER:**   Paragraph 14 alleges legal conclusions to which no answer is required but to the extent an answer may be deemed required Defendants, Andrea Reede, Mark Reede, and E.R., a minor, deny the allegations of Paragraph 14.

15.   Defendant, Kevin J. Hermening, is an adult resident of the State of Wisconsin, whose current address is 218404 County Road KK, Mosinee, WI 54455. All actions alleged in this Complaint to have been taken by Defendant Hermening were taken in both his individual capacity and his official capacity as President of the Board. At all times relevant to this Complaint, Defendant Hermening was acting under color of state law within the meaning of 42 U.S.C. § 1983 and while carrying out his duties as a public officer or employee and within the scope of his employment by Defendant District.

**ANSWER:**   Defendants Andrea Reede, Mark Reede, and E.R., a minor, admit that Defendant Kevin J. Hermening is an adult resident of the State of Wisconsin, have insufficient information to admit or deny his address. The balance of the allegations of Paragraph 15 are legal conclusions to which no answer is required.  But to the extent an answer may be deemed required, they are denied.

16.   Defendant David Muñoz ("Superintendent Muñoz") was at all times material a citizen of the United States, a resident of the State of Wisconsin, and the Superintendent of the Defendant Mosinee School District. All actions alleged in this Complaint to have been taken by Defendant Muñoz were taken in both his individual capacity and his official capacity as Superintendent of Defendant District. At all times relevant to this Complaint, Defendant Muñoz was acting under color of state law within the meaning of 42 U.S.C. § 1983 and while carrying out his duties as an employee and within the scope of his employment by Defendant District.

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, admit that the Defendant David Muñoz is an adult resident of the State of Wisconsin, was at all times material a citizen of the United States, a resident of the State of Wisconsin, and

the Superintendent of the Defendant Mosinee School District. They have insufficient

information to either admit or deny the balance of the allegations of Paragraph 16,

which are legal conclusions, but to the extent an answer is deemed required they deny

the balance of the allegations of Paragraph 16.

17. Defendant Brad Grube ("Principal Grube") was at all times material a citizen of the
    United States, a resident of the State of Wisconsin, Principal of the Mosinee Middle
    School, and Plaintiff Christy J. Mathis' direct supervisor. All actions alleged in this
    Complaint to have been taken by Principal Grube were taken in both his
    individual capacity and his official capacity as Principal of the Mosinee Middle
    School. At all times relevant to this Complaint, Principal Grube was acting under
    color of state law within the meaning of 42 U.S.C. § 1983 and while carrying out his
    duties as an employee and within the scope of his employment by Defendant
    District.

   **ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, admit

that Brad Grube ("Principal Grube") was at all times material a citizen of the United

States, a resident of the State of Wisconsin, Principal of the Mosinee Middle School, and

Plaintiff Christy J. Mathis' direct supervisor. The balance of the allegations of

Paragraph 17 are legal conclusions to which no answer is required.  But to the extent an

answer may be deemed required, they are denied.

18. Defendant City of Mosinee, Wisconsin (hereinafter "Defendant City") is a
    municipal corporation organized and authorized to operate under the laws of
    Wisconsin and is located at 225 Main Street, Marathon County, Mosinee,
    Wisconsin. Defendant City is responsible for maintaining and operating the
    Mosinee Police Department.

   **ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, admit the

allegations of Paragraph 18.

19. Defendant Eric J. Krause is an adult resident of the State of Wisconsin, whose
    current address is 141322 Lenz Lane, Mosinee, WI 54455. At all times relevant to
    the events complained of herein, Officer Krause was employed as a Mosinee Police

Officer by the City of Mosinee, Wisconsin, and acting as a School Resource Officer for the Mosinee Middle School in the Mosinee School District. All actions alleged in this Complaint to have been taken by Defendant Krause were taken in both his individual capacity and his official capacity as a Mosinee Police Officer. At all times relevant to this Complaint, Defendant Krause was acting under color of state law within the meaning of 42 § 1983 and while carrying out his duties as a public officer or employee and within the scope of his employment by Defendant City.

**ANSWER:** Defendants, Andrea Reede, Mark Reede, and E.R., a minor, admit that Eric J. Krause is an adult resident of the State of Wisconsin, that he was employed as a Mosinee Police Officer by the City of Mosinee, Wisconsin and acting as a School Resource Officer for the Mosinee Middle School in the Mosinee School District. The balance of the allegations of Paragraph 19 are legal conclusions to which no answer is required. But to the extent an answer may be deemed required, they are denied.

20. Defendant Kenneth Grams is an adult resident of the State of Wisconsin and at all times relevant to the events complained of herein, was employed as the Chief of Police for the Mosinee Police Department in Mosinee, Wisconsin, and supervisor of Defendant Krause. All actions alleged in this Complaint to have been taken by Defendant Grams were taken in both his individual capacity and his official capacity as Police Chief of the Mosinee Police Department. At all relevant to this Complaint, Defendant Grams was acting under color of state law within the meaning of 42 U.S.C. § 1983 and while carrying out his duties as a public officer or employee and within the scope of his employment by Defendant City.

**ANSWER:** Defendants, Andrea Reede, Mark Reede, and E.R., a minor, admit that Kenneth Grams is an adult resident of the State of Wisconsin and admit that Kenneth Grams was employed as the Chief of Police for Mosinee, Wisconsin. The balance of the allegations of Paragraph 20 are legal conclusions to which no answer is required. But to the extent an answer may be deemed required, they are denied.

21. Defendants Andrea and Mark Reede, parents of minor E.R., are adult residents of the State of Wisconsin, whose current address is 2022 Circle Drive, Kronenwetter, WI 54455.

**ANSWER:**   Defendants Andrea Reede, Mark Reede and E.R., a minor, admit the

allegations of Paragraph 21.

22. Defendant E.R., a minor child, is a resident of the State of Wisconsin, and at all times relevant to the events complained of herein, a Mosinee Middle School student, who was enrolled in Plaintiff Christy Mathis' art class during third hour in the spring of 2021.

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, admit

that E.R. is a resident of the State of Wisconsin, was a Mosinee Middle School Student,

who was enrolled in Plaintiff Christy Mathis' art class during third hour in the spring of

2021, and deny the balance of Paragraph 22.

## FACTUAL BACKGROUND

23. Plaintiff Christy J. Mathis is the mother of two daughters and has been the wife of Plaintiff Paul J. Mathis for over twenty-five years.

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have

insufficient information to either admit or deny the allegations of Paragraph 23, but to

the extent that an answer may be required, deny the allegations of Paragraph 23.

24. Ms. Mathis had been a middle school art teacher for twenty-five years, from August 13, 1996 through July 12, 202, [sic] at the Mosinee Middle School in Mosinee, Wisconsin.

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, admit

that Mathis was an art teacher at the Mosinee Middle School in Mosinee, Wisconsin.

They have insufficient information to either admit or deny the balance of the allegations

of Paragraph 24 but to the extent that an answer may be required, deny the balance of

the allegations of Paragraph 24.

25.   Over the course of her teaching career, Ms. Mathis performed her job competently and had never been disciplined for engaging in any type of inappropriate physical or sexual contact with students.

   **ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have

insufficient information to either admit or deny the allegations of Paragraph 25, but to

the extent that an answer may be required, deny the allegations of Paragraph 25.

26.   On March 25, 2021, one of Ms. Mathis's former 7th grade art students, E.R., falsely accused Ms. Mathis of inappropriately touching her on her back and buttocks in her art classroom with thirty other students present during third hour class.

   **ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, deny the

allegations of Paragraph 26.

27.   E.R. and her close friends, A.B. and M.M., very much disliked Ms. Mathis because she strictly enforced a class cell phone policy.

   **ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, deny the

allegations of Paragraph 27.

28.   Ms. Mathis frequently chastised E.R. for her inappropriate use of her cell phone in Ms. Mathis' class and took her phone away previously and addressed classroom cell phone usage with her.

   **ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, deny the

allegations of Paragraph 28.

29.   On March 25, 2021, during third-hour art class, Ms. Mathis was walking around tables about ten to fifteen minutes into the class period. She noticed E.R. looking down at her lap. She had both hands in her lap, so Ms. Mathis suspected she was on her cell phone.

**ANSWER:**    Defendants, Andrea Reede, Mark Reede, and E.R., a minor, deny the

allegations of Paragraph 29.

30.    Ms. Mathis walked up behind E.R., placed her left hand on E.R.'s right shoulder and looked over her shoulder and at E.R.'s lap. Ms. Mathis asked if E.R. was on her cell phone and E.R. stated, "Yes, I was just finishing up a text to my mom."

**ANSWER:**    Defendants, Andrea Reede, Mark Reede, and E.R., a minor, deny the

allegations of Paragraph 30.

31.    Ms. Mathis told E.R. to put the phone away and that E.R. should be working on her art. E.R. did not immediately put the cell phone away, so Ms. Mathis reached over E.R. with her right hand and asked for the cell phone.

**ANSWER:**    Defendants, Andrea Reede, Mark Reede, and E.R., a minor, deny the

allegations of Paragraph 31.

32.    Ms. Mathis does not remember if she kept her left hand on E.R.'s shoulder, Ms. Mathis was focused on taking the phone. E.R. gave the phone to Ms. Mathis, and Ms. Mathis placed it up at the top edge of the table.

**ANSWER:**    Defendants, Andrea Reede, Mark Reede, and E.R., a minor, deny the

allegations of Paragraph 32.

33.    E.R. then stated she wanted to put the cell phone away, so E.R. started reaching for it and while she was reaching for the cell phone, E.R. partially stood up off of her stool. Ms. Mathis then told E.R. that it was ok to either leave the cell phone on the table or in E.R.'s pocket, but that E.R. should not take the cell phone out during class anymore. Ms. Mathis said she would take it away to the principal's office, and E.R. started to sit back down.

**ANSWER:**    Defendants, Andrea Reede, Mark Reede, and E.R., a minor, deny the

allegations of Paragraph 33.

34.    Ms. Mathis ended the interaction with E.R. at that point by telling E.R. to keep the cell phone put away. E.R. seemed annoyed with Ms. Mathis and E.R. said, "Okay, I will!"

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, deny the allegations of Paragraph 34.

35.   At no point during this interaction, or any other time during this class period, did Ms. Mathis inappropriately touch E.R. or grab, squeeze, or slap E.R.'s buttocks, as E.R. alleges. Rather, Ms. Mathis merely attempted to take away E.R.'s cell phone from her.

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, deny the allegations of Paragraph 35.

36.   It never crossed Ms. Mathis' mind that this incident was source of the allegations against her until she later understood that it was E.R. that filed the complaint against her some two weeks later.

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have insufficient information to either admit or deny the allegations of Paragraph 36, but to the extent that an answer may be required, deny the allegations of Paragraph 36.

37.   E.R. and her close friends, M.M. and A.B., reported the alleged incident after third hour class on March 25, 2021, to Mosinee Middle School Assistant Principal Paul Rheinschmidt, who took their statements and then brought the allegations to the attention of Principal Grube.

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, admit the allegations of Paragraph 37.

38.   Before discussing the incident with Ms. Mathis, Principal Grube investigated the complaint by interviewing students who claimed to be witnesses and then interviewed other students who were in art class during that same class period.

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have insufficient information to either admit or deny the allegations of Paragraph 38 but to the extent that an answer may be deemed to be required deny the allegations of Paragraph 38.

39.   Principal Grube's interviews occurred on March 25, 2021, March 26, 2021, and April 5, 2021, and students interviewed filled out written statements. Ms. Mathis was never provided with those student statements.

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have

insufficient information to either admit or deny the allegations of Paragraph 39 but to

the extent that an answer may be deemed to be required deny the allegations of

Paragraph 39.

40.   Principal Grube first reported the incident to Officer Krause on March 25, 2021 and was told by Officer Krause to circle back with him when Principal Grube completed his investigation. Principal Grube reported the results of this investigation to Officer Krause on the morning of April 5, 2021, saying that he felt (even though not an attorney or police officer) that there may be a violation of the law.

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have

insufficient information to either admit or deny the allegations of Paragraph 40 but to

the extent that an answer may be deemed to be required deny the allegations of

Paragraph 40.

41.   In the early afternoon of March 25, 2021, Ms. Mathis received a phone call from Principal Grube. Principal Grube asked Ms. Mathis to stop down at his office after class. Dan Lesniak, the Mosinee Middle School teacher union president, accompanied Ms. Mathis to the meeting.

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have

insufficient information to either admit or deny the allegations of Paragraph 41 but to

the extent that an answer may be deemed to be required deny the allegations of

Paragraph 40.

42.   When Ms. Mathis and Mr. Lesniak entered Principal Grube's office, Principal Grube was sitting at his desk and Karla Michanowicz, Mosinee Middle School Human Resources Director, was also sitting in the office. Principal Grube told Ms.

Mathis that she was being sent home due to a student complaint, and Ms. Mathis would be out as well on Friday, March 26, 2021.

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have

insufficient information to either admit or deny the allegations of Paragraph 42 but to

the extent that an answer may be deemed to be required deny the allegations of

Paragraph 42.

43. Principal Grube refused to give Ms. Mathis any information or details about the student complaint and therefore, Ms. Mathis did not understand the nature of the complaint.

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have

insufficient information to either admit or deny the allegations of Paragraph 43 but to

the extent that an answer may be deemed to be required deny the allegations of

Paragraph 43.

44. Basic notions of due process require, at a minimum, that an accused person be given notice of the accusations against them and be given the opportunity to respond. Ms. Mathis was given neither notice nor the opportunity to respond in violation of her due process rights.

**ANSWER:**   The allegations of Paragraph 44 are legal conclusions, but to the

extent that an answer may be deemed required, Defendants, Andrea Reede, Mark

Reede, and E.R., a minor deny the allegations of Paragraph 44.

45. On March 26, 2021, Ms. Mathis received a call from Principal. Grube, telling her to come to school at 3:30 p.m., and that the student complaint concerned an accusation of an inappropriate touch.

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor have

insufficient information to either admit or deny the allegations of Paragraph 45 but to

the extent that an answer may be deemed to be required they deny the allegations of

Paragraph 45.

46.   Ms. Mathis attended this second meeting with Principal Grube and Ms.
      Michanowicz, again accompanied by Mr. Lesniak.

      **ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have

insufficient information to either admit or deny the allegations of Paragraph 46 but to

the extent that an answer may be deemed to be required they deny the allegations of

Paragraph 46.

47.   Principal Grube explained the inappropriate touch accusation. He said there were
      two complaints: one was that Ms. Mathis had placed her hands on a student's
      shoulders, and one that she had touched a student's back and buttocks. Ms. Mathis
      asked if it was one person, and Principal Grube replied that it was two different
      complaints.

      **ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have

insufficient information to either admit or deny the allegations of Paragraph 47 but to

the extent that an answer may be deemed to be required they deny the allegations of

Paragraph 47.

48.   Principal Grube gave no indication if the students were male or female, or any
      other indication as to where or when in the classroom the alleged incident had
      occurred, but Principal Grube did say it allegedly occurred in the seventh-grade,
      third-hour class on March 25, 2021.

      **ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have

insufficient information to either admit or deny the allegations of Paragraph 48 but to

the extent that an answer may be deemed to be required they deny the allegations of

Paragraph 48.

49.  At this same March 26th meeting, Principal Grube told Ms. Mathis that the interviews with the students making the accusations against her occurred on Thursday, March 25 and Friday, March 26, and that the interviews would finish up on Monday, April 5th, after Spring Break when students returned for school. Principal Grube again did not share any other information concerning these student interviews with Ms. Mathis.

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have

insufficient information to either admit or deny the allegations of Paragraph 49 but to

the extent that an answer may be deemed to be required they deny the allegations of

Paragraph 49.

50.  At this same meeting, Mr. Lesniak questioned Principal Grube about letting the accusers and student witnesses talk over their stories with each other during Spring Break to make sure that their stories lined up. Mr. Lesniak explained to Principal Grube that it was not fair to Ms. Mathis to allow that much time to elapse between taking statements from students. Principal Grube stated that he could not control what the students talked about outside of his office.

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have

insufficient information to either admit or deny the allegations of Paragraph 50 but to

the extent that an answer may be deemed to be required they deny the allegations of

Paragraph 50.

51.  Principal Grube asked Ms. Mathis on March 26, 2021 to write a statement regarding what may have occurred in her classroom that could have been construed as an inappropriate touch.

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have

insufficient information to either admit or deny the allegations of Paragraph 51 but to

the extent that an answer may be deemed to be required they deny the allegations of

Paragraph 51.

52.  At this time, Ms. Mathis could not think of any incident that would be remotely deemed as an inappropriate touch.

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have

insufficient information to either admit or deny the allegations of Paragraph 52 but to

the extent that an answer may be deemed to be required they deny the allegations of

Paragraph 52.

53.  Mosinee Middle School's Spring Break ran from Saturday, March 27, 2021 through Sunday, April 4, 2021.

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, admit the

allegations of Paragraph 53.

54.  On March 27, Mr. Lesniak discussed with Ms. Mathis the Garrity document, which required Ms. Mathis to cooperate with the school's investigation as long as nothing she said could be used against her in a future criminal proceeding.

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have

insufficient information to either admit or deny the allegations of Paragraph 54 but to

the extent that an answer may be deemed to be required they deny the allegations of

Paragraph 54.

55.  On Tuesday, March 30, 2021, Ms. Michanowicz sent an email to Ms. Mathis and Mr. Lesniak with the Garrity document signed by Principal Grube attached. Ms. Mathis had until the end of the day on Monday, April 5, 2021, to finish her statement about the student allegations even though she still did not know which students had filed the complaints and did not know the nature of the alleged incident.

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor have

insufficient information to either admit or deny the allegations of Paragraph 55 but to

the extent that an answer may be deemed to be required they deny the allegations of

Paragraph 55.

56. On Tuesday, March 30, 2021, Principal Grube told Ms. Mathis that the Middle School was extending her paid leave until Wednesday, April 7, 2021.

   **ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have

insufficient information to either admit or deny the allegations of Paragraph 56 but to

the extent that an answer may be deemed to be required they deny the allegations of

Paragraph 56.

57. On Friday, April 2, 2021, Ms. Mathis submitted her Garrity statement to Principal Grube, which stated that she could not recall anything that would be remotely deemed as inappropriately touching a student.

   **ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have

insufficient information to either admit or deny the allegations of Paragraph 57 but to

the extent that an answer may be deemed to be required they deny the allegations of

Paragraph 57.

58. At approximately 12:45 p.m. on Monday, April 5, 2021, two police cars parked outside of Ms. Mathis' house. Ms. Mathis was arrested by Officer Krause, who was accompanied by a Marathon County Deputy Sheriff.

   **ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have

insufficient information to either admit or deny the allegations of Paragraph 58 but to

the extent that an answer may be deemed to be required they deny the allegations of

Paragraph 58.

59. Ms. Mathis was charged with 1st Degree Child Sexual Assault Sexual Contact with a Child Under 13.

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, admit the allegations of Paragraph 59.

60.   During her arrest, Officer Krause told Plaintiff Paul Mathis, by telephone, that the student interviews were all completed before Spring Break. They were not, as additional students were interviewed on April 5, 2021.

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have insufficient information to either admit or deny the allegations of Paragraph 60 but to the extent that an answer may be deemed to be required they deny the allegations of Paragraph 60.

61.   During the ride in the police car to the police station, Ms. Mathis asked Officer Krause if she would ever find out the identity of her accuser, as she still did not know.

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have insufficient information to either admit or deny the allegations of Paragraph 61 but to the extent that an answer may be deemed to be required they deny the allegations of Paragraph 61.

62.   Once at the police station, Office Krause summarized the complaint against Ms. Mathis, saying it was a 12-year-old girl and that the female student claimed that Ms. Mathis had placed her hand on her back and slid it down and slapped and squeezed her butt.

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have insufficient information to either admit or deny the allegations of Paragraph 62 but to the extent that an answer may be deemed to be required they deny the allegations of Paragraph 62.

63. Ms. Mathis asked if it was a single accuser because she was told by Principal Grube during the March 25, 2021 school meeting that there were two complaints. Officer Krause stated it was just one complaint.

    **ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have

insufficient information to either admit or deny the allegations of Paragraph 63 but to

the extent that an answer may be deemed to be required they deny the allegations of

Paragraph 63.

64. Because Ms. Mathis still did not know who had made the accusation and did not recall any such inappropriate or sexual touching occurring, she asked Office [sic] Krause for the accuser's name. Officer Krause told Ms. Mathis that E.R. made the allegation. This was the first time that Ms. Mathis discovered the identity of her accuser, eleven (11) days after the alleged incident and without being given an opportunity to tell her side of the story.

    **ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have

insufficient information to either admit or deny the allegations of Paragraph 64 but to

the extent that an answer may be deemed to be required they deny the allegations of

Paragraph 64.

65. Once Ms. Mathis understood E.R. made the allegation against her, Ms. Mathis recalled that she had an encounter with E.R. during art class on March 25, 2021, involving the use of E.R.'s cell phone.

    **ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have

insufficient information to either admit or deny the allegations of Paragraph 65 but to

the extent that an answer may be deemed to be required they deny the allegations of

Paragraph 65.

66. On Tuesday, April 6, 2021, Ms. Mathis had a bond hearing, and she heard the formal details of the allegations against her. Mr. Mathis then posted bail and she was permitted to go home.

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have insufficient information to either admit or deny the allegations of Paragraph 66 but to the extent that an answer may be deemed to be required they deny the allegations of Paragraph 66.

67.   Prior to bringing the charges, the investigations conducted by the Mosinee Police Department and Mosinee Middle School, through Principal Grube and Officer Krause, was deficient in numerous ways.

**ANSWER:**   The allegations of Paragraph 67 are legal conclusions, but to the extent that an answer may be deemed required, Defendants, Andrea Reede, Mark Reede, and E.R., a minor, deny the allegations of Paragraph 67.

68.   Officer Krause filed his initial Incident/Investigation Report into the allegations by E.R. against Ms. Mathis on April 5, 2021. In this report, Officer Krause writes that E.R. told him that, "she witnessed [Ms.] Mathis walk to another table and touch another female student's butt. She stated she saw the end of the touch, when [Ms.] Mathis removed her hand from the butt area." The other student's name is redacted.

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have insufficient information to either admit or deny the allegations of Paragraph 68 but to the extent that an answer may be deemed to be required they deny the allegations of Paragraph 68.

69.   In the same Incident Report, Officer Krause interviewed eight other students and received twenty-nine student statements, including from one unidentified student who stated that, "she was touched on the back but felt that it may have been an accident and the touch was not inappropriate in nature. She did advise that she has witnessed [Ms.] Mathis touch other students in the shoulders or back area, but hasn't witnessed any inappropriate touching of students."

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have insufficient information to either admit or deny the allegations of Paragraph 69 but to

the extent that an answer may be deemed to be required they deny the allegations of

Paragraph 69.

70.   Yet another unidentified student in the Incident Report stated that "it appeared to be just a slide down the back and a slide down the butt area, she was unsure if it was grabbed, but did confirm it was touched. [Redacted] also stated that Mathis has touched her in the back area, but hasn't touched her inappropriately."

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have

insufficient information to either admit or deny the allegations of Paragraph 70 but to

the extent that an answer may be deemed to be required they deny the allegations of

Paragraph 70.

71.   In all, besides two of E.R.'s close friends, M.M. and A.B., though a number of students witnessed Ms. Mathis touch E.R.'s back or buttocks, no one else stated that they had seen Ms. Mathis grab, squeeze, slap, or pinch E.R.'s buttock.

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have

insufficient information to either admit or deny the allegations of Paragraph 71 but to

the extent that an answer may be deemed to be required they deny the allegations of

Paragraph 71.

72.   Officer Krause did not ask for Ms. Mathis' side of the story prior to arresting her at her home on April 5, 2021.

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have

insufficient information to either admit or deny the allegations of Paragraph 72 but to

the extent that an answer may be deemed to be required they deny the allegations of

Paragraph 72.

73.   While she was being arrested, Ms. Mathis told Officer Krause that "she didn't do anything." During this time, Ms. Mathis also stated to Officer Krause that "she thought hard and long and couldn't think of anything that might have happened

including accidentally." Ms. Mathis also denied that she had ever touched a student inappropriately or in a private area.

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have insufficient information to either admit or deny the allegations of Paragraph 73 but to the extent that an answer may be deemed to be required they deny the allegations of Paragraph 73.

74.   On April 6, 2021, Officer Krause filed his first Case Supplemental Report after a number of students came to speak to him in his office at the Middle School about E.R.'s allegations against Ms. Mathis.

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have insufficient information to either admit or deny the allegations of Paragraph 74 but to the extent that an answer may be deemed to be required they deny the allegations of Paragraph 74.

75.   Two unidentified students, believed to be E.R.'s close friends M.M. and. A.B., stated that Ms. "Mathis was a person and felt bad because this was her life, her job and they felt this was going too far and they felt overwhelmed about the entire situation."

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have insufficient information to either admit or deny the allegations of Paragraph 75 but to the extent that an answer may be deemed to be required they deny the allegations of Paragraph 75.

76.   Rather than considering the possibility that these two students wanted to recant their allegations against Ms. Mathis, Officer Krause told them that, "it can be hard to stand up for what's right," essentially prejudging Ms. Mathis' guilt.

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have insufficient information to either admit or deny the allegations of Paragraph 76 but to

the extent that an answer may be deemed to be required they deny the allegations of

Paragraph 76.

77.  On April 7, 2021, Officer Krause filed his second Case Supplemental Report based on two emails he received from a female student informant, either M.K. or R.Z., on April 6, 2021, calling into serious doubt E.R.'s allegations made against Ms. Mathis.

   **ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have

insufficient information to either admit or deny the allegations of Paragraph 77 but to

the extent that an answer may be deemed to be required they deny the allegations of

Paragraph 77.

78.  Specifically, the first email stated that "a group of students were lying about the whole thing with Mathis. The email stated they disliked her and wanted her kicked out of the school. The email also stated they were planning on doing this to other teachers." (April 6, 2021, 1:06 p.m., Email from redacted student to Officer Krause, attached hereto as Exhibit A)

   **ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have

insufficient information to either admit or deny the allegations of Paragraph 78 but to

the extent that an answer may be deemed to be required they deny the allegations of

Paragraph 78.

79.  The second email, a few minutes later, from the same student to Officer Krause specifically put him on notice about the cell phone issue: "Another thing is that [Ms. Mathis] may have taken [E.R., M.M., and A.B.'s] phones from their back pocket but she never actually touched them." Ms. Mathis, in fact, never took a cell phone from a student's back pocket.

   **ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have

insufficient information to either admit or deny the allegations of Paragraph 79 but to

the extent that an answer may be deemed to be required they deny the allegations of

Paragraph 79.

80. Officer Krause and Principal Grube then interviewed the student, either M.K. or R.Z., in Officer Krause's school office and the student told them that "on 3/26/21, the entire 7th grade class was down at River Park across from the school," and that, "[w]hile together in the group, . . . the girls started to talk about the Mathis incident and thought she got fired or was going to get fired and . . . they seemed happy about it because they don't like her. During that conversation, [redacted] stated they spoke about Mr. Xiong another Middle School teacher and wanting to get him removed next because people didn't like him."

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have insufficient information to either admit or deny the allegations of Paragraph 80 but to the extent that an answer may be deemed to be required they deny the allegations of Paragraph 80.

81. Rather than take these allegations seriously, Office Krause inexplicably discounted the informant's story and attempted to explain away her statements, speculating that "it was possible that [E.R. and her friends] were excited because they no longer had to deal with Mathis because of what she did."

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have insufficient information to either admit or deny the allegations of Paragraph 81 but to the extent that an answer may be deemed to be required they deny the allegations of Paragraph 81.

82. Office Krause continued by trying to sway the informant by telling her that "some people react different when they are dealing with emotions and might seem odd to others as everyone is different." Officer Krause then asked the informant if this was possible, and all the informant said was "maybe."

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have insufficient information to either admit or deny the allegations of Paragraph 82 but to the extent that an answer may be deemed to be required they deny the allegations of Paragraph 82.

83.   Officer Krause, without support, wrote in his Supplemental Case Report that M.K. or R.Z. "had no valid information that would suggest anyone falsely creating this complaint and was trying to get Mathis into trouble by creating a false police report. She only expressed emotions and nothing of evidence that would prove anything was falsely reported."

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have insufficient information to either admit or deny the allegations of Paragraph 83 but to the extent that an answer may be deemed to be required they deny the allegations of Paragraph 83.

84.   Similarly, a separate, second student told Officer Krause that she overheard E.R. say that it was all just a joke, and that she was kidding. Officer Krause dismissed this testimony too, saying it was just "hearsay," and concluding that the student "was unable to show any proof of wrong doing [sic] from anyone personally involved in this case."

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have insufficient information to either admit or deny the allegations of Paragraph 84 but to the extent that an answer may be deemed to be required they deny the allegations of Paragraph 84.

85.   Officer Krause heard from yet a third informant, either M.K. or R.Z., who also emailed him about hearing that "a group of students were lying . . . . [T]hey disliked [Ms. Mathis] and wanted her kicked out of the school." Significantly, this informant corroborated the other informant's statement, writing that "others were making up stories and lies about the incident with Mathis. . . . they never really liked Mathis."

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have insufficient information to either admit or deny the allegations of Paragraph 85 but to the extent that an answer may be deemed to be required they deny the allegations of Paragraph 85.

86.   This third informant also corroborated E.R.'s cell phone issues, stating, "[E.R., M.M., and A.B.] are trying to make everybody believe that Mrs. Mathis did all of this sexual stuff when she really didn't[,] maybe she might have taken their phones but that's it." (April 7, 2021, Email from redacted student to Officer Krause, attached hereto as Exhibit C)

   **ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have

insufficient information to either admit or deny the allegations of Paragraph 86 but to

the extent that an answer may be deemed to be required they deny the allegations of

Paragraph 86.

87.   Rather than follow-up with E.R., M.M., or A.B., or any other students, about these cell phone issues, Officer Krause instead aggressively discounted and ignored this relevant exculpatory information, concluding generically that "just because it never happened to her, doesn't mean it can't happen to someone else," and just because someone makes comments about someone, doesn't mean that they planned on making lies to affect their lives."

   **ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have

insufficient information to either admit or deny the allegations of Paragraph 87 but to

the extent that an answer may be deemed to be required they deny the allegations of

Paragraph 87.

88.   In a number of later Case Supplement Reports filed on April 12, 2021, recognizing the weakness of his case against Ms. Mathis, Officer Krause did a series of second interviews with the original witnesses, including M.M. and A.B., E.R.'s close friends who supported her accusations.

   **ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have

insufficient information to either admit or deny the allegations of Paragraph 88 but to

the extent that an answer may be deemed to be required they deny the allegations of

Paragraph 88.

89. Officer Krause's re-questioning of all the students was slanted, biased, and again ignored the single most important issue brought up by the informants: E.R.'s use of her cell phone during class.

    **ANSWER:**    Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have

insufficient information to either admit or deny the allegations of Paragraph 89 but to

the extent that an answer may be deemed to be required they deny the allegations of

Paragraph 89.

90. Officer Krause also characterized the alleged touching as "groping" without the interviewed students using such terms and accepted statements from E.R.'s friends and other witnesses as always being "100% truthful."

    **ANSWER:**    Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have

insufficient information to either admit or deny the allegations of Paragraph 90 but to

the extent that an answer may be deemed to be required they deny the allegations of

Paragraph 90.

91. Many of these second interview reports by Officer Krause used verbatim language (i.e., he cut and paste from report to report), showing that not only did Officer Krause ask the same questions, and not only did he not ask about cell phone usage in Ms. Matins' class, but he came to the same predetermined conclusions concerning the veracity of the statements by E.R. and her friends in a predetermined, biased manner.

    **ANSWER:**    Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have

insufficient information to either admit or deny the allegations of Paragraph 91 but to

the extent that an answer may be deemed to be required they deny the allegations of

Paragraph 91.

92. Transparently, Officer Krause was trying to justify his arrest and criminal complaint against Ms. Mathis after the fact, even though there was serious and substantial evidence that E.R. and her friends had made the whole incident up about Ms. Mathis because of Ms. Mathis' strict classroom cell phone policy.

**ANSWER:**    Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have

insufficient information to either admit or deny the allegations of Paragraph 92 but to

the extent that an answer may be deemed to be required they deny the allegations of

Paragraph 92.

93.    To further support his charges against Ms. Mathis, Office Krause attended an
interview of E.R. on April 16, 2021, by Alicia Resch of the Child Advocacy Center
of North-Central Wisconsin.

**ANSWER:**    Defendants, Andrea Reede, Mark Reede, and E.R., a minor, admit the

allegations of Paragraph 93.

94.    In re-telling the events of March 25, 2021, E.R. did not mention on April 16, 2021,
the cell phone incident, but stated that the inappropriate touching occurred at the
end of the third hour class.

**ANSWER:**    Defendants, Andrea Reede, Mark Reede, and E.R., a minor, admit the

allegations of Paragraph 94.

95.    On April 20, 2021, Officer Krause filed another Case Supplemental Report,
attaching his summary of the Child Advocacy interview of E.R. on April 16, 2021.

**ANSWER:**    Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have

insufficient information to either admit or deny the allegations of Paragraph 95 but to

the extent that an answer may be deemed to be required they deny the allegations of

Paragraph 95.

96.    On April 23, 2021, Office Krause filed a Criminal Complaint against Ms. Mathis,
State of Wisconsin v. Christy J. Mathis, DA Case No.: 2021MA001240 (Marathon
Cty Cir. Ct.), charging Ms. Mathis with 1st Degree Child Sexual Assault — Sexual
Contact with a Child Under 13.

**ANSWER:**    Defendants, Andrea Reede, Mark Reede, and E.R., a minor, deny that

Officer Krause filed a criminal complaint against Christy Mathis and admit that a

criminal complaint entitled State of Wisconsin v. Christy J. Mathis, Case No.: 2021-CF-

543 was filed on April 23 2021.

97.  Prior to bringing the charges, the Mosinee Police Department and Mosinee School
District, through their officers and agents, failed to conduct a proper investigation,
specifically:

   a.  Principal Grube failed to provide notice to Ms. Mathis about the nature of the
allegations and give her a chance to respond to E.R.'s allegations prior to
suspending her from her teaching duties on March 25, 2021;

   b.  Principal Grube and Officer Krause failed to give Ms. Mathis notice of, or an
opportunity to respond to, the student interviews and statements prior to her
arrest on April 5, 2021;

   c.  Officer Krause ignored relevant exculpatory evidence from at least three
student informants, indicating that E.R. and her friends, M.M. and A.B., had
lied about the inappropriate touching allegations to retaliate against Ms.
Mathis for strictly enforcing a classroom cell-phone policy;

   d.  Office Krause failed to ask E.R., her friends, or any other students about the
role that cell phone usage by E.R. played in her allegations;

   e.  No investigation was conducted to review E.R.'s past misconduct and poor
behavior in Ms. Mathis' classroom and whether it was related to these
inappropriate touching allegations;

   f.  No investigation was conducted to discover the nature of E.R.'s relationship
with her friends, M.M. and A.B., and the possible motives they had for
fabricating the allegations against Ms. Mathis;

   g.  Officer Krause never asked M.M. or A.B., or any students, during what part
of the art class the incident allegedly occurred; and

   h.  Officer Krause and Principal Grube never asked why the second student
complaint against Ms. Mathis had been dropped even though E.R. claimed
she saw Ms. Mathis touch another female student's buttocks.

**ANSWER:**     Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have insufficient information to either admit or deny the allegations of Paragraph 97 but to the extent that an answer may be deemed to be required they deny the allegations of Paragraph 97.

98.   The Mosinee Police Department and Police Chief Ken Grams failed to properly train and supervise Officer Krause in investigating sexual assault cases prior to having Officer Krause investigate the allegations against Ms. Mathis.

**ANSWER:**     Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have insufficient information to either admit or deny the allegations of Paragraph 98 but to the extent that an answer may be deemed to be required they deny the allegations of Paragraph 98.

99.   Officer Krause was not qualified to partake in the investigation of the Mathis case due to his lack of experience in such matters and the Mosinee Police Department was negligent in its retention and supervision of Officer Krause.

**ANSWER:**     Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have insufficient information to either admit or deny the allegations of Paragraph 99 but to the extent that an answer may be deemed to be required they deny the allegations of Paragraph 99.

100.   Officer Krause deliberately and intentionally ignored relevant exculpatory information during the Mathis investigation including: (1) E.R., M.M. and A.B.'s dislike for Ms. Mathis; (2) these same girls' desire to have other teachers they dislike fired like Mr. Xiong; (3) their anger over Ms. Mathis' strictly-enforced, classroom cell phone policy; (4) E.R.'s anger over having cell phone previously taken away by Ms. Mathis; and (5) the inconsistency in timing between when Ms. Mathis said the cell phone incident occurred and when E.R. claimed she was inappropriately touched by Ms. Mathis.

**ANSWER:** Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have insufficient information to either admit or deny the allegations of Paragraph 100 but to the extent that an answer may be deemed to be required they deny the allegations of Paragraph 100.

101. Ms. Mathis' preliminary hearing on the criminal charges was scheduled for June 1, 2021, and thereafter, the Court asked the parties to provide written argument on why probable cause should be found. The State and Ms. Mathis thereafter filed briefs concerning probable cause on June 30, 2021, and July 2, 2021, respectively.

**ANSWER:** Defendants, Andrea Reede, Mark Reede, and E.R., a minor, admit the allegations of Paragraph 101.

102. On July 12, 2021, after the Mosinee School Board met to consider Ms. Mathis' continued employment with the District, and before even probable cause had been found against her by the Court, the District terminated Ms. Mathis from her employment for inappropriately touching a student.

**ANSWER:** Defendants, Andrea Reede, Mark Reede, and E.R., a minor, deny the Mosinee School Board acted before the Court had found "probable cause" as "probable cause" was initially determined by the Court on April 6, 2021 and they admit the balance of the allegations of Paragraph 102.

103. Ms. Mathis did not attend the July 12, 2021 School Board meeting both because she was concerned about violating the conditions of her jail bond and because she believed that the School Board had already pre judged her case based on Principal Grube's and Officer Krause's shoddy investigations into E.R.'s false accusations. Nevertheless, Ms. Mathis did submit a written statement to the School Board members in her defense against these accusations.

**ANSWER:** Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have insufficient information to either admit or deny the allegations of Paragraph 103 but to

the extent that an answer may be deemed to be required they deny the allegations of

Paragraph 103.

104.  On August 9, 2021, Superintendent Muñoz barred Ms. Mathis and her husband
from school property without receiving the Superintendent's approval because of
Superintendent Muñoz's unfounded and unsupported fears that their presence
would cause disruption and aggressive, violent behavior in response to their
presence on school grounds.

   **ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have

insufficient information to either admit or deny the allegations of Paragraph 104 but to

the extent that an answer may be deemed to be required they deny the allegations of

Paragraph 104.

105.  Superintendent Muñoz, through his actions, laid the groundwork to support Ms.
Mathis being ostracized from the Mosinee School District and to tilt public opinion
toward believing the allegations against Ms. Mathis.

   **ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have

insufficient information to either admit or deny the allegations of Paragraph 105 but to

the extent that an answer may be deemed to be required they deny the allegations of

Paragraph 105.

106.  On August 11, 2021, all charges against Ms. Mathis were dismissed for lack of
probable cause during a preliminary hearing before Judge Michael K. Moran of the
Marathon County Circuit Court on August 11, 2021, after he reviewed the
evidence in the case. The judgment of dismissal and acquittal was entered on
August 12, 2021.

   **ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, admit

that on August 11, 2021, all charges against Ms. Mathis were dismissed for lack of

probable cause during a preliminary hearing before Judge Michael K. Moran of the

Marathon County Circuit Court, after he reviewed the evidence in the case.  Deny that a

judgment of acquittal was entered on August 12, 2021 and allege that on that date Judge

Moran only dismissed the criminal complaint without prejudice.

107. Even though Ms. Mathis had been completely exonerated of the criminal charges
brought against her based on the exact same evidence provided to the Mosinee
School Board by Officer Krause and Principal Grube, the Mosinee School District
refused to reconsider Ms. Mathis' termination, and she remains terminated from
her employment because of the shoddy investigation conducted by Principal
Grube and Officer Krause into E.R.'s accusations.

   **ANSWER:**    Defendants, Andrea Reede, Mark Reede, and E.R., a minor, deny that

Ms. Mathis was completely exonerated of the criminal charges brought against her and

have insufficient information to either admit or deny the allegations of Paragraph 107

but to the extent that an answer may be deemed to be required they deny the balance of

the allegations of Paragraph 107.

108. Ms. Mathis and her husband, as recently as October 1, 2021, were threatened with
trespassing charges by the City of Mosinee if they came onto school property.

   **ANSWER:**    Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have

insufficient information to either admit or deny the allegations of Paragraph 108 but to

the extent that an answer may be deemed to be required they deny the allegations of

Paragraph 108.

109. The Mosinee School District pursued their investigation of Ms. Mathis for the
improper purpose of finding a justification to terminate Ms. Mathis's employment
and in an effort to cover-up the Mosinee Police Department's and their own
reckless handling of E.R.'s false and defamatory accusations against Ms. Mathis.

   **ANSWER:**    Defendants, Andrea Reede, Mark Reede, and E.R., a minor, deny that

E.R. made false and defamatory accusations against Ms. Mathis and have insufficient

information to either admit or deny the balance of  allegations of Paragraph 109 but to

the extent that an answer may be deemed to be required they deny the balance of the

allegations of Paragraph 109.

## CAUSES OF ACTION
## COUNT I
## VIOLATION OF DUE PROCESS CLAUSE
## OF THE FOURTEENTH AMENDMENT
**(*Against Defendants Grube and Krause in their individual capacities*)**

**The Defendants Andrea Reede, Mark Reede, and E.R., a minor, are not required to answer Paragraphs 110-123 because Count I is not alleged against them.**

## COUNT II
## CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C. § 1983 -
## VIOLATION OF FOURTEENTH. AMENDMENT
## DUE PROCESS AND EQUAL PROTECTION
**(*Against Defendants Grams and the City of Mosinee, Wisconsin*)**

**The Defendants Andrea Reede, Mark Reede, and E.R., a minor, are not required to answer Paragraphs 124-131 because "Cause of Action Count II" is not alleged against them.**

## COUNT III
## CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C. § 1983 -
## DEPRIVATION OF FOURTEENTH AMENDMENT
## LIBERTY INTEREST WITHOUT DUE PROCESS
**(*Against Defendants School Board, Hermening, Muñoz, Grube, Grams, and Krause*)**

**The Defendants Andrea Reede, Mark Reede, and E.R., a minor, are not required to answer Paragraphs 132-137 because "Cause of Action Count III" is not alleged against them.**

## COUNT IV
## MALICIOUS PROSECUTION
**(*Against Defendants Gram and Krause*)**

**The Defendants Andrea Reede, Mark Reede, and E.R., a minor, are not required to answer Paragraphs 138-146 because "Cause of Action Count IV" is not alleged against them.**

## COUNT V
## NEGLIGENT HIRING. RETENTION. AND SUPERVISION
### (*Against Defendants Grams and City of Mosinee, Wisconsin*)

**The Defendants Andrea Reede, Mark Reede, and E.R., a minor, are not required to answer Paragraphs 147-154 because "Cause of Action Count V" is not alleged against them.**

## COUNT VI
## LOSS OF SPOUSAL CONSORTIUM
### (*Against All Defendants*)

155.    Plaintiffs replead Paragraphs 1-154 as if fully set forth herein.

    **ANSWER:**    The Defendants Andrea Reede, Mark Reede, and E.R., a minor,

reallege and incorporate their answers to Paragraphs 1-109 hereinabove.

156.    Plaintiff Paul Mathis is the husband of Plaintiff Christy Mathis and was her spouse during the events giving rise to this Complaint.

    **ANSWER:**    The Defendants Andrea Reede, Mark Reede, and E.R., a minor,

admit the allegations of Paragraph 156.

157.    As a direct and proximate cause of Defendants' actions and/or omissions, Paul Mathis suffered, and will continue to suffer in the future, the loss of the affection, aid, assistance, companionship, comfort, cooperation, and society of his wife, Christy Mathis.

    **ANSWER:**    The Defendants Andrea Reede, Mark Reede, and E.R., a minor,

have insufficient information to either admit or deny the allegations of Paragraph 157

but to the extent that an answer may be deemed to be required, deny the allegations of

Paragraph 157.

## COUNT VII
## DEFAMATION
### (*Against Defendant E.R.*)

158.    Plaintiffs replead Paragraphs 1 - 157 as if fully set forth herein.

**ANSWER:**   The Defendant E.R., a minor, realleges and incorporates her answers to Paragraphs 1-109 and Paragraphs 155-157 hereinabove and was not required to answer Paragraphs 110-154.

159.   E.R.'s statements about Plaintiff Christy J. Mathis inappropriately touching her back and buttocks, and more specifically the statement that Ms. Mathis "grabbed her butt with a cupped hand while giving her butt a slap," was false.

   **ANSWER:**   The Defendant E.R., a minor, denies the allegations of Paragraph 159.

160.   E.R. communicated these falsehoods about Ms. Mathis through her speech to other persons, including to numerous other students at Mosinee Middle School in person and through social media.

   **ANSWER:**   The Defendant E.R., a minor, denies the allegations of Paragraph 160.

161.   The falsehoods spread by E.R. concerning Ms. Mathis inappropriately touching her on her back and buttocks is unprivileged because the statement was made with actual malice with the intent to destroy Ms. Mathis's professional career and to have her arrested and convicted of a crime.

   **ANSWER:**   The Defendant E.R., a minor, denies the allegations of Paragraph 161.

162.   E.R.'s defamatory statement was made with actual malice because she made the statement with "knowledge that it was false."

   **ANSWER:**   The Defendant E.R., a minor, denies the allegations of Paragraph 162.

163.   The falsehoods spread by E.R. concerning Ms. Mathis inappropriately touching her on her back and buttocks harmed Ms. Mathis' reputation, lowering her in the estimation of community and deterring third person from associating with her.

   **ANSWER:**   The Defendant E.R., a minor, denies the allegations of Paragraph 163.

164.   E.R. acted willfully, maliciously, and intentionally in making these false statements.

   **ANSWER:**   The Defendant E.R., a minor, denies the allegations of Paragraph 164.

165.     As a direct and proximate result of Defendants E.R.'s defamatory statements about Plaintiff Christy Mathis, Ms. Mathis suffered the following damages: (1) humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress; (2) consequential damages; (3) actual and compensatory damages including, but not limited to past, present, and future pain and suffering and medical expenses; and (4) other damages as allowed by law.

**ANSWER:**     The Defendant E.R., a minor, denies the allegations of Paragraph 165.

**COUNT VIII**
**PARENTAL LIABILITY**
(*Against Defendants Andrea and Mark Reede)*

166.     Plaintiffs replead Paragraphs 1-165 as if fully set forth herein.

**ANSWER:**   The Defendants Andrea Reede and Mark Reede reallege and incorporate their answers to Paragraphs 1-109 and Paragraphs 155-157 hereinabove and were not required to answer Paragraphs 110-154.

167.     The above-alleged defamatory conduct of unemancipated minor E.R. was intentional or reckless.

**ANSWER:**   The Defendants Andrea Reede and Mark Reede deny the allegations of Paragraph 167.

168.     Defendants Andrea and Mark Reede are the parents of Defendant E.R. and each were jointly entitled to custody of E.R. at the time of the tortious conduct of E.R.

**ANSWER:**     The Defendants Andrea Reede and Mark Reede admit that they are the parents of Defendant E.R., a minor, and each were jointly entitled to custody of E.R. and deny the balance of the allegations of Paragraph 168.

169.     Pursuant to Wis. Stat. § 895.035(2)(a), the parents of an unemancipated minor child shall be liable for personal injury caused by any tort willfully, maliciously, or wantonly committed by such child.

**ANSWER:**      Paragraph 169 states a legal conclusion to which no answer is required and the Defendants Andrea Reede and Mark Reede assert that Wis. Stat. § 895.035(2)(a) speaks for itself.

170.     As such, the parents of E.R. are liable in this matter for the defamatory actions of E.R. in the amount permitted pursuant to Wis. Stat. § 895.035(4).

**ANSWER:**      The Defendants Andrea Reede and Mark Reede deny that the Defendant, E.R., a minor, committed or engaged in any defamatory acts and deny that they are liable for any amount permitted under Wis. Stat. § 895.035(4).

## AFFIRMATIVE DEFENSES

1.  Counts VI, VII and VIII fail to state a claim upon which relief may be granted.

2.  Any statements alleged to have been made by the Defendant E.R. about the Plaintiff Christy J. Mathis are conditionally privileged.

3.  The Defendant E.R., a minor, engaged in no actions toward the Plaintiff Christy J. Mathis that were a tort that was willfully, maliciously, or wantonly committed.

Respectfully submitted this 23rd day of March, 2022.

PINES BACH LLP

*/s/ Lester A. Pines* .
Lester A. Pines, SBN 1016543
122 West Washington Ave., Ste. 900
Madison, WI 53703
(608) 251-0101 (telephone)
(608) 251-2883 (facsimile)
lpines@pinesbach.com

*Attorneys for Defendants*
*Andrea Reede, Mark Reede and E.R.*