UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CHRISTY J. MATHIS, individually, and PAUL J. MATHIS, individually, <br><br> Plaintiffs, <br><br> v. <br><br> MOSINEE SCHOOL DISTRICT, a municipality duly incorporated under the laws of the State of Wisconsin; KEVIN J. HERMENING, individually and in his capacity as President of the School Board of the Mosinee School District; DAVID MUÑOZ, individually and in his capacity as Superintendent of Mosinee School District; BRAD GRUBE, individually and in his capacity as Principal of the Mosinee Middle School; CITY OF MOSINEE, WISCONSIN; ERIC J. KRAUSE, individually and in his official capacity as a law enforcement officer with the Mosinee Police Department; KENNETH GRAMS, individually and in his official capacity as Chief of Police for the Mosinee Police Department; ANDREA REEDE & MARK REEDE, parents of minor E.R.; and E.R., a minor child; <br><br> Defendants. | Case No. 3:22-cv-47 |

**JOINT RULE 26(f) CONFERENCE REPORT**

James A. Walcheske, Scott S. Luzi, and Paul M. Secunda, of Walcheske & Luzi, LLC, Counsel for Plaintiffs, Christy Mathis and Paul Mathis, and Lori Marie Lubinsky

1

and Emilia Rose Janisch of Axley Brynelson, LLP, for Defendants, Mosinee School District, David Munoz, Kevin J. Hermening, and Brad Grube, and Michael J. Roman and Elizabeth Diane Reeths of Klinner Kramer Shull LLP for Defendants, City of Mosinee, Wisconsin, and Kenneth Grams, and Joseph M. Wirth and Kylie B. Zellner of Wirth + Baynard for Defendant Eric J. Krause, and Lester A. Pines and Leslie Ann Freehill of Pines Bach LLP for Defendants, Andrea Reede, Mark Reede, and E.R., having conferred pursuant to Fed. R. Civ. P. 26(f), submit the following joint report pursuant to the Court's Notice of Hearing dated March 27, 2022, in anticipation of the Court's Rule 16(b) telephonic scheduling conference set for 1:30 p.m. on April 27, 2022.

1. **Nature of the Case**

This is a civil rights and defamation case. Plaintiff Christy Mathis alleges she is the victim of defamatory statements by E.R., a minor 12-year old child of Mark and Andrea Reede. Ms. Mathis claims E.R. falsely accused her, a former Mosinee Middle School teacher, of inappropriately and sexually touching E.R. during an art class on March 25, 2021. Plaintiffs claim that E.R. lied about the allegation in concert with her friends, A.B. and M.M., to express their dislike for, and anger against, Ms. Mathis for enforcing the School's cell phone policy. Plaintiffs also claim that E.R.'s defamatory statements about Ms. Mathis were aided and abetted by Defendants Mosinee School Board, School Board President Kevin J. Hermening, Superintendent David Muñoz, Principal Brad Grube, and School Resource Officer Eric J. Krause. Plaintiffs claim these government actors ignored or suppressed exculpatory evidence and inconsistencies in E.R.'s allegations in order to prosecute a criminal case against Ms. Mathis and terminate Ms. Mathis' employment with the School District. Plaintiffs claim that

2

Defendants' actions resulted in her loss of employment with the School District and harm to her reputation, emotional health, and professional career. Plaintiffs also claim that Defendants' actions resulted in a loss of consortium for Ms. Mathis' husband, Paul J. Mathis.

Defendants deny Plaintiffs' allegations and allege that they acted lawfully and in good faith at all times, and that they did not violate Plaintiffs' civil rights, nor did they engage in defamatory conduct. Among other defenses, Defendants affirmatively allege that the municipal and individual Defendants are shielded from liability by qualified immunity and state municipal immunity.

2. **Related Cases**

There are no related cases.

3. **Statement of Material Factual and Legal Issues to be Resolved at Trial**

Material factual issues concern whether E.R. made the alleged defamatory statements regarding Ms. Mathis, whether the City and School District, along with their respective representatives, violated Plaintiff's due process rights or other civil rights, and whether the City and Chief Grams properly supervised and trained Defendant Krause for investigating E.R.'s allegations.

Material legal issues include: (1) whether Defendants Grube and Krause violated Ms. Mathis' right to due process with respect to their investigation into E.R.'s allegations against Ms. Mathis; (2) whether Defendants City and Grams violated Ms. Mathis' rights to due process and equal protection with respect to their investigation into E.R.'s allegations against Ms. Mathis; (3) whether Defendants deprived Ms. Mathis of a liberty interest under the Due Process Clause by wrongfully stigmatizing her in her community

3

through their allegations; (4) whether Defendants Gram and Krause subjected Ms. Mathis to malicious prosecution; (5) whether Defendants City and Grams negligently hired, supervised, and retained Defendant Krause; (6) whether E.R. engaged in false and defamatory conduct when she accused Ms. Mathis of inappropriate, sexual touching; (7) whether Defendants Andrea and Mark Reede are liable, as E.R.'s parents, for E.R.'s willful and malicious conduct towards Ms. Mathis; and (8) the nature and extent of Plaintiffs' damages.

4.  **Settlement Discussions**

The parties have not discussed the potential for early resolution of this case.

5.  **Jurisdiction**

The parties agree that the Court has federal subject matter jurisdiction over the federal civil rights claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, and supplemental jurisdiction over the state law claims arising out of the same case or controversy pursuant to 28 U.S.C. § 1367.

6.  **Amending Pleadings and Joinder of Parties**

Plaintiffs may need to amend her Complaint or join other parties, including additional school officials (e.g., Karla Michanowicz, Mosinee Middle School Human Resources Director) and additional students (A.B. and M.M) and their parents, who Plaintiffs claim aided and abetted the conduct alleged in the Complaint. The parties propose that any such amendments or joinder be completed by June 30, 2022.

7.  **Dispositive Motions**

All parties anticipate filing dispositive motions. The parties propose that dispositive motions be filed five months prior to the trial date.

8.    **Non-Dispositive Motions**

The parties do not anticipate the need for file non-dispositive motions, other than as discussed below with regard to discovery motions.

9.    **Discovery Plan and Schedule**

The parties submit the following proposed discovery plan and schedule in accordance with Fed. R. Civ. P. Rule 26(f)(3)(A) – (F):

    A.    **Rule 26(a) Initial Disclosures.** The parties agree to exchange initial disclosures by May 31, 2022. The parties do not otherwise seek any changes in the timing, form, or requirement for disclosures under Rule 26(a).

    B.    **Subjects and Completion of Discovery:**

        i.    **Subjects on which discovery may be needed.** The parties agree that the subjects of discovery may include information about Defendants City's and School District's operations, training, disciplinary, and employment policies; Ms. Mathis' employment history with the District including her job performance; the circumstances surrounding the events of March 25, 2021 in Ms. Mathis' art class; the circumstances and facts surrounding the school investigation, as well as the police investigation and prosecution; the nature and extent of Plaintiff's claimed damages, including any alleged economic harm or emotional distress damages; and any facts related to or issues that may arise concerning liability, defenses, and damages. The parties anticipate that discovery will include written discovery (Interrogatories, Requests for Production of Documents, and Requests for Admissions) and depositions of the parties and witnesses.

      ii.    **Time to complete discovery.**

The parties anticipate commencing discovery immediately and completing discovery by two months prior to trial.

    C.    **Disclosure of Discovery of ESI.**  The parties do not anticipate any special issues related to the disclosure or discovery of electronic information, but will promptly address any issues that do arise during the course of discovery.  The parties agree that they will produce either a hard-copy version of any formerly or currently electronically stored information (ESI) in a form adequate and reasonable to satisfy each party's discovery requests herein for ESI, or in lieu of a hard copy, ESI on a CD-ROM, memory stick, flash drive, cloud-based storage, or other similar medium.  To the extent that either party makes discovery requests that either specifically seek ESI, or which necessarily involve a substantial amount of ESI retrieval and review, the parties agree to discuss sharing any ESI-related costs and/or methods of reducing ESI-related costs.

    D.    **Procedures Regarding Claims of Privilege and Work Product Protection.**  The parties agree that any documents in any format that contain privileged information or legal work product (and all copies) shall be immediately returned to the producing party if the documents appear on their face to have been inadvertently produced or if there is notice of the inadvertent production within seven (7) days after the producing party discovers that the inadvertent production occurred. The parties agree that the recipient of such inadvertently produced information will not use the information, in any way, in the prosecution of the recipient's case.  Further, the parties agree that the

recipient may not assert that the producing party waived privilege or work product protection based upon the inadvertent production; however, the recipient may challenge the assertion of the privilege and seek a court order denying such privilege.

E. **Limitations on Discovery.** The parties do not propose any changes to the limitations on discovery which are set forth by the Federal Rules or by the Local Rules but agree to revisit and confer in good faith following further discovery in this case to determine if additional discovery is warranted.

F. **Service of Discovery.** Pursuant to Fed. R. Civ. P. 5(b)(2)(F), the parties agree that discovery requests (including deposition notices) and responses may be served by electronic means and that documents will be produced electronically whenever possible.

G. **Expert Disclosures.** Expert disclosures under Rule 26 should be made by the Plaintiffs by December 1, 2022, and by the February 1, 2023.

H. **Any other orders that should be entered under Rule 26(c) or Under Rule 16(b) and (c).** The parties have discussed and are likely to agree to a stipulated protective order. The parties expect the trial to last approximately 7 days. The parties ask the Court to set a trial date as soon as practicable between July 2023 and September 2023.

Dated: April 20, 2022

*s/ Paul M. Secunda*
James A. Walcheske, SBN 1065635
Scott S. Luzi, SBN 1067405
Paul M. Secunda, SBN 1074027
WALCHESKE & LUZI, LLC
235 N. Executive Drive, Suite 240
Milwaukee, Wisconsin 53202
Telephone: (262) 780-1953
Email: jwalcheske@walcheskeluzi.com

*s/ Lori Marie Lubinsky*
Lori Marie Lubinsky, SBN 1027575
Emilia Rose Janisch, SBN 1122503
AXLEY BRYNELSON, LLP
2 E. Mifflin Street, Suite 200
Madison, Wisconsin 53701
Telephone: (608) 257-5444
Email: llubinksy@axley.com
Email: ejanisch@axley.com

Email: sluzi@walcheskeluzi.com
Email: psecunda@walcheskeluzi.com

*Attorneys for Plaintiff*

**s/ Michael J. Roman**
Michael J. Roman, SBN 1020648
Elizabeth Diane Reeths, SBN 1070411
KLINNER KRAMER SHULL LLP
210 McClellan Street, Suite 400
Wausau, Wisconsin 54403
Telephone: 715-845-5656
Email: mroman@klinnerkramershull.com
Email: ereeths@klinnerkramershull.com

**s/ Joseph M. Wirth**
Joseph M Wirth, SBN 1012080
Kylie B. Zellner, SBN 1056806
Wirth + Bayard
Fifth Floor – The Van Buren Building
733 North Van Buren Street
Milwaukee, Wisconsin 53202
Telephone: (414) 225-4060
Email: jmw@piperschmidt.com

**s/ Leslie Ann Freehill**
Lester A. Pines, SBN 1016543
Leslie Ann Freehill, SBN 1095620
PINES BACH LLP
122 W. Washington Avenue, Suite 900
Madison, Wisconsin 53703
Telephone: 608-251-0101
Email: lpines@pinesbach.com
Email: lfreehill@pinesbach.com

*Attorneys for Defendants*

8