UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

CHRISTY J. MATHIS, individually, and
PAUL J. MATHIS, individually,

        Plaintiffs,

v.

MOSINEE SCHOOL DISTRICT, a municipality duly
incorporated under the laws of the State of Wisconsin;
KEVIN J. HERMENING, individually and in his
capacity as President of the School Board of the
Mosinee School District; DAVID MUNOZ, individually
and in his capacity as Superintendent of Mosinee School District;
BRAD GRUBE, individually and in his capacity as
Principal of the Mosinee Middle School;
CITY OF MOSINEE, WISCONSIN;
ERIC J. KRAUSE, individually and in his official capacity
as a law enforcement officer with the Mosinee Police
Department; KENNETH GRAMS, individually and in his official
capacity as Chief of Police for the Mosinee Police Department;
ANDREA REEDE & MARK REEDE, parents of minor E.R.;
and E.R., a minor child,

Case No. 22-cv-47

        Defendants.

**STIPULATED PROTECTIVE ORDER**

WHEREAS, the Parties, the Plaintiffs Christy J. Mathis and Paul J. Mathis; and the Defendants, Mosinee School District, Kevin J. Hermening, David Munoz, and Brad Grube; City of Mosinee, Wisconsin, Eric J. Krause, and Kenneth Grams; Andrea Reede, Mark Reede, and E.R., a minor child, recognize that discovery in this case may call for the disclosure of personal and confidential educational, employment, personnel, medical, and mental health records and information pertaining to the Parties and non-parties, protected by the Family Education Rights

1

and Privacy Act ("FERPA"), the Health Insurance Portability and Accountability Act, or Wis. Stat. § 118.125;

WHEREAS, the Parties recognize that the unrestricted disclosure of such private and confidential information would be prejudicial to the Parties and nonparties and would compromise the rights of the Parties and nonparties;

WHEREAS, this Protective Order is intended to facilitate discovery and to eliminate, where possible, disputes between the parties concerning discovery issues by providing court-ordered protection for confidential and/or non-public information. It is not, however, intended to diminish the rights of any party to have information to which it is entitled, pursuant to any rule or Order of this Court or otherwise.

WHEREAS, the Parties have, through counsel, stipulated to the entry of this protective order pursuant to Federal Rule of Civil Procedure 26(c) to prevent unnecessary disclosure or dissemination of such confidential information; and

WHEREAS, the Parties have shown good cause for entry of this Stipulated Protective Order;

IT IS HEREBY ORDERED that:

1. **Confidential Material.** "Confidential Material" means any document, electronically stored information, testimony, or thing being produced in this litigation, whether formally or informally, and that includes any information that any Party or non-party from whom discovery is sought (the "Designating Party") reasonably and in good faith believes constitutes or discloses information that is not available to the public and that constitutes or discloses: (1) educational or scholastic records of any individual; (2) personnel or employment records of any person who is not a party to this case; (3) financial records; (4) documents that disclose or could

disclose identifying information regarding or relating to persons who are referred to under a pseudonym in this litigation; or (5) other information, not available to the public, that would subject a third party to annoyance or embarrassment.

2.     **Designation.** Documents or information may be designated as Confidential Material under this Stipulated Protective Order by the person or entity producing it or by any party to this action (the "Designating Party") by placing or affixing the word "CONFIDENTIAL" on the document or information in a manner that will not interfere with its legibility or readability.

**3.     Protection of Confidential Material.**

a.     Confidential Material shall be used by the party or parties to whom it is produced only for the prosecution and/or defense of claims asserted in this action. It shall not be used by such party or parties for any other purpose, including but not limited to any use in any other state, federal, local and/or municipal, administrative or legal proceeding, lawsuit, enforcement action, arbitration, mediation, or other proceeding, regardless in nature of the relationship to the claims asserted in this action. Confidential Material is hereby protected from disclosure in response to a Freedom of Information Act request. All complete or partial copies of Confidential Material, and written materials summarizing or derived from Confidential Material, shall also be deemed subject to the terms of this Stipulated Protective Order.

b.     Confidential Material may be disclosed by a non-Designating Party to only the following:

   i. Persons who appear on the face of the Confidential Material as an author, addressee, or recipient thereof;

   ii. Counsel of record for the Parties, and their associates, legal assistants, or other support employees who have a demonstrable need for such disclosure in order to conduct this litigation;

      iii. The Parties;

      iv. Any expert or consultant consulted or retained for the purposes of this litigation, consistent with the terms of Paragraph 3(c) below;

      v. Personnel of third-party vendors engaged by the Parties to assist in (i) the coding, imaging, or other management of documents for purposes of this litigation; or (ii) the preparation of demonstrative exhibits or other visual aids for presentation at a hearing or trial;

      vi. The Court and authorized Court personnel, including court reporters and videographers at any deposition taken in this case;

      vii. Litigation support vendors;

      viii. Jurors and witnesses at any hearing, deposition, or trial of this case; and

      ix. Persons whom the Parties believe in good faith are reasonably necessary for development and presentation of their claims or defenses in this litigation.

Any such persons shall sign the consent form attached as Exhibit A before reviewing or having access to Confidential Material.

    c. Before any Confidential Material may be disclosed to any person in Paragraph 3(b)(v), each such person shall state under oath in a written document in the form of Exhibit A (attached) that he or she is fully familiar and agrees to comply with the terms of this Stipulated Protective Order and further agrees to submit to the jurisdiction of this Court with respect to any disputes arising under this Stipulated Protective Order. Counsel shall maintain a file of the originals of each signed Exhibit A.

    4. **Depositions.** Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Material until the fourteenth (14th) calendar day after the deposition transcript is delivered to any party or the witness. Within the 14-day time period, a Designating Party may serve a Notice of Designation upon the Parties, identifying the specific portions of testimony that are designated

Confidential Material. Such material may be identified in writing or by underlining the relevant portions of the deposition transcript or the exhibits and marking such portions "CONFIDENTIAL." After the expiration of the 14-day time period, only those portions of the deposition transcript shall be protected by the terms of this Stipulated Protective Order.

**5.     FERPA/WIS. STAT. § 118.125 PROTECTED INFORMATION**

a.     Material that is covered by FERPA and/or Wis. Stat. § 118.125 may only be disclosed in accordance with the notice and other provisions of FERPA and Wis. Stat. § 118.125, in accordance to the Order on Disclosure of Pupil Records that will be submitted to the Court, or in a manner, if possible, in which all personally identifying information pertaining to Defendant Mosinee School District's current or former students has been redacted. Personally identifying information is not limited to a student's name, address, and social security number. Personally identifying information includes any information of any kind or nature which, taken in conjunction with the remainder of the information being produced or known, would allow identification of the student.

b.     Nothing in this Stipulated Protective Order prevents either of the Parties from objecting, during a deposition, to questions that require the disclosure of confidential student identifying information protected by FERPA or Wis. Stat. § 118.125. Such information can only be disclosed in a manner in which the student is not identified, unless the information involves a student who has been provided notice and an opportunity to object, as set forth above.

**6.     Filing of Confidential Material.**

a.     The Parties agree that Confidential Material that is protected by FERPA and/or Wis. Stat. § 118.125 may only be filed with the Court under seal. Prior to filing

5

Confidential Material, the filing party must redact the document/s in a manner that excludes all personally identifiable information regarding the affected student or former student. Personally identifying information is not limited to a student's name, address and social security number. Personally identifying information includes any kind or nature which, taken in conjunction with the remainder of the information being produced or known, would allow identification of the student.

7. **Challenges to Confidentiality Designations.**

    a.    A party may challenge the propriety of any "CONFIDENTIAL" designation under this Protective Order at any time. A challenge may be made by serving the Designating Party with a captioned notice of objection, which shall identify with particularity the Confidential Material as to which the designation is challenged and state the basis for each challenge ("Notice of Objection").

    b.    Following service of a Notice of Objection, the parties shall confer by telephone in good faith to resolve the challenge. In the event that the parties are unable to resolve the challenge informally, the party challenging the designation may file, on or before the fourteenth calendar day after service of a Notice of Objection, a motion to re-designate the challenged material, accompanied by a certification that the parties conferred in good faith prior to the filing of the motion. In the event of such a motion, the material at issue may be submitted to the Court for *in camera* inspection.

    c.    It shall be the burden of the Designating Party under such circumstances to establish that the challenged information is Confidential Material within the meaning of this Stipulated Protective Order.

      d.      The original designation shall remain effective until the Court has ruled on the motion and during the period while any timely filed objections are under consideration by the Court, as provided in Fed. R. Civ. P. 72(a).

    8.      **Modification of this Order.** The Parties reserve the right to seek modification of this Stipulated Protective Order at any time for good cause. The Parties agree to meet and confer prior to seeking to modify this Stipulated Protective Order for any reason. The restrictions imposed by this Stipulated Protective Order may be modified or terminated only by written stipulation of all parties or by order of this Court.

    9.      **Obligation Upon Termination of Litigation.** This Stipulated Protective Order shall survive termination of this action.

      a.      Upon final termination of the action, including appeals and retrials, all Confidential Material, including deposition testimony regarding designated exhibits and all copies thereof, shall, at the option of the Designating Party, either be returned to counsel for the Designating Party, or be destroyed. Each party's compliance with this provision shall be certified by that party's counsel of record who shall deliver such certification to counsel for the Designating Party not more than thirty (30) days after the termination of this action.

      b.      Notwithstanding the provisions for return or destruction of Confidential Material, counsel of record may retain pleadings and attorney or expert/consultant work product containing Confidential Material.

    10.      **Inadvertent Production.** The Producing Party's inadvertent production of any information or document without designating it as Confidential shall not by itself be deemed a waiver of the Producing Party's claim of confidentiality as to that information or document. Within

fourteen (14) days of production, the Producing Party may designate as Confidential any information or documents that were inadvertently produced without such designation. If the Producing Party wishes to designate the information or document as Confidential more than fourteen (14) days after production, it shall consult with the opposing party and the Parties shall make a good faith effort to resolve the matter. If the Parties are not able to resolve the matter informally, the Producing Party may move the Court for an Order designating the information or document as Confidential or compelling return of the information or document. The Parties agree that, pending the resolution of any such disputed matter, they will treat the information or document subject to the Confidential designation under the terms of this Order.

11. **Prior Production of Documents.** If a Producing Party produced any information or document prior to the effective dates of this Order, then the Producing Party may designate, within a reasonable time from the date of this Order, any information or documents as Confidential. The provisions of Paragraph 7 still apply to the designation of prior produced documents as Confidential. The Parties agree that, pending the resolution of any such disputed matter, under Paragraph 8, they will treat the information or document as Confidential under the terms of this Order.

12. Nothing herein shall prevent any party from seeking additional relief from the Court not specified in this Stipulated Protective Order.

13. Nothing in this Stipulated Protective Order shall prevent any non-party from asserting privacy rights as to documents or information held by the parties, including but not limited to those rights protected by FERPA or Wis. Stat. § 118.125.

14. The Court retains jurisdiction to make such amendments, modifications, and additions to this Stipulated Protective Order as it may from time to time deem appropriate.

Dated this 31st day of May, 2022.

        **WALCHESKE & LUZI, LLC**
        Attorneys for Plaintiffs

        */s/ Paul M. Secunda*
        James A. Walcheske, State Bar No. 1065635
        Scott Stanton Luzi, State Bar No. 1067405
        Paul M. Secunda, State Bar No. 1074127
        235 N. Executive Drive, Suite 240
        Brookfield, WI 53005
        Phone:    (414) 828-2372
        Fax:    (262) 565-6469
        Email:    sluzi@walcheskeluzi.com
            jwalcheske@walcheskeluzi.com
            psecunda@walcheskeluzi.com

        **AXLEY BRYNELSON, LLP**
        Attorneys for Defendants Mosinee School District, Kevin J. Hermening, David Munoz, and Brad Grube.

        */s/ Emilia R. Janisch*
        Lori M. Lubinsky, State Bar Number: 1027575
        Emilia R. Janisch, State Bar Number: 1122503
        2 E. Mifflin Street, Suite 200
        Madison, WI 53703
        Phone:    (608) 257-5661
        Fax:    (608) 257-5444
        Email:    llubinsky@axley.com
            ejanisch@axley.com

        **KLINNER KRAMER SHULL, LLP**
        Attorneys for Defendants City of Mosinee, Wisconsin, and Kenneth Grams

        */s/ Michael J. Roman*
        Michael J. Roman, State Bar No. 1020648
        Elizabeth Diane Reeths, State Bar No. 1070411
        210 McClellan Street, Suite 400
        P.O. Box 1386
        Wausau, WI 54402
        Phone:    (715) 845-5656 ext 104
        Fax:    (715) 845-5666
        Email:    mroman@klinnerkramershull.com
            ereeths@klinnerkramershull.com

**WIRTH & BAYNARD**
Attorneys for Defendant Eric J. Krause

*/s/ Joseph M. Wirth*
Joseph M. Wirth, State Bar No. 1012080
Kiley B. Zellner, State Bar No. 1056806
788 N. Jefferson Street, Suite 500
Milwaukee, WI 53202
Phone: (414) 225-4060
Fax: (414) 271-6196
Email: jmw@wbattys.com
kbz@wbattys.com

**PINES BACH LLP**
Attorneys for Defendants Mark Reede, Andrea Reede, and E.R., a minor

*/s/ Leslie A. Freehill*
Lester A. Pines, State Bar No. 1016543
Leslie A. Freehill, State Bar No. 1095620
122 W. Washington Avenue, Suite 900
Madison, WI 53703-9500
Phone: (608) 251-0101
Email: Lpines@pinesbach.com
Lfreehill@pinesbach.com