UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

CHRISTY J. MATHIS and
PAUL J. MATHIS,

        Plaintiffs,

v.

MOSINEE SCHOOL DISTRICT,
KEVIN J. HERMENING,
DAVID MUNOZ,
BRAD GRUBE,
KARLA MICHANOWICZ,
CITY OF MOSINEE, WISCONSIN,
ERIC J. KRAUSE,
KENNETH GRAMS,
KEN MUELLING,
ANDREA REEDE,
MARK REEDE,
E.R., a minor child,
BRIAN BRZEZINSKI,
JULIE BRZEZINSKI,
A.B., a minor child,
HUBBLE MANLEY,
MEGAN MAJEWSKI RESCH, and
M.M., a minor child,

        Defendants.

Case No.:  3:22-CV-47-jdp

---

**DEFENDANTS CITY OF MOSINEE AND KENNETH GRAMS'S
ANSWER TO AMENDED COMPLAINT & AFFIRMATIVE DEFENSES**

---

NOW COME the defendants, City of Mosinee and Kenneth Grams, by their attorneys, Klinner Kramer Shull, LLP, and in response to the allegations of the plaintiffs' Amended Complaint, state the following:

# ANSWER

## INTRODUCTION

1. In response to the allegations in Paragraph 1, on information and belief, admit the identifying information regarding the plaintiff.

2. In response to the allegations of Paragraphs 2-3, deny knowledge or information sufficient to form a belief as to the allegations in the paragraphs and therefore deny the same.

3. In response to the allegations of Paragraph 4, deny.

4. In response to the allegations of Paragraphs 5-6, deny knowledge or information sufficient to form a belief as to the allegations in the paragraph and therefore deny the same.

5. In response to the allegations of Paragraph 7, deny as to these answering defendants and Officer Krause, deny knowledge or information sufficient to form a belief as to the allegations as to the remaining defendants.

6. In response to the allegations of Paragraph 8, deny.

7. In response to the allegations of Paragraph 9, deny as to these answering defendants and Officer Krause, deny knowledge or information sufficient to form a belief as to the allegations as to the remaining defendants.

## JURISDICTION AND VENUE

8. In response to the allegations in Paragraph 10, deny these answering defendants or Officer Krause violated any rights under the United States Constitution or Wisconsin law, and therefore deny all allegations asserting the plaintiffs are entitled to any of the requested relief against these defendants and Officer Krause under any statute

or common law theory; deny the plaintiffs are entitled to any relief under federal or state law from these defendants or defendant Krause; deny knowledge or information sufficient to form a belief as to the remaining allegations.

9.  In response to the allegations in Paragraph 11, deny these answering defendants and Officer Krause violated any rights under federal or state law and therefore deny the allegations that there are claims giving rise to venue against these defendants or Officer Krause.

## PARTIES

10.  In response to the allegations in Paragraphs 12-13, on information and belief, admit the identifying information as to the plaintiffs.

11.  In response to the allegations in Paragraphs 14-19, deny knowledge or information sufficient to form a belief as to the allegations in the paragraphs and therefore deny the same.

12.  In response to the allegations in Paragraph 20, admit.

13.  In response to the allegations in Paragraph 21, admit only that Officer Eric Krause was a police officer with the City of Mosinee and that, through a contract with the Mosinee School District, he was also a school resource officer at Mosinee Middle School, but deny he undertook "all actions alleged in [the] Amended Complaint" -- and therefore deny knowledge or information sufficient to form a belief as to the remaining allegations in the paragraph and therefore deny the same.

14.  In response to the allegations in Paragraph 22, admit that beginning on May 10, 2021, Kenneth Grams was sworn in as Chief of Police for the City of Mosinee and thereafter was Eric Krause's supervisor, but deny he undertook "all actions alleged in

[the] Amended Complaint", and therefore deny knowledge or information sufficient to form a belief as to the remaining allegations in the paragraph and therefore deny the same, but admit that any actions he did take were in the scope of his employment with the City of Mosinee.

15. In response to the allegations in Paragraph 23, admit that Ken Muelling was employed as the Chief of Police for the City of Mosinee until March 5, 2021, but deny he undertook "all actions alleged in [the] Amended Complaint", and therefore deny knowledge or information sufficient to form a belief as to the remaining allegations in the paragraph and therefore deny the same, but admit that any actions he did take were in the scope of his employment with the City of Mosinee.

16. In response to the allegations in Paragraphs 24-29, deny knowledge or information sufficient to form a belief as to the allegations in the paragraphs and therefore deny the same.

**FACTUAL BACKGROUND**

17. In response to the allegations in Paragraphs 30-32, deny knowledge or information sufficient to form a belief as to the allegations in the paragraphs and therefore deny the same.

18. In response to the allegations in Paragraph 33, admit only that an allegation of inappropriate touching by teacher Mathis was made by a minor, deny knowledge or information sufficient to form a belief as to the remaining allegations in the paragraph and therefore deny the same.

19. In response to the allegations in Paragraphs 34-44, deny knowledge or information sufficient to form a belief as to the allegations in the paragraphs and therefore deny the same.

20. In response to the allegations in Paragraph 45, admit only that one minor complainant reported an inappropriate touching incident by teacher Mathis to Mosinee Middle School Assistant Principal Paul Rheinschmidt, who then brought the allegation to the attention of Principal Grube.

21. In response to the allegations in Paragraphs 46-47, admit that the complaint of inappropriate touching was investigated by school personnel, deny knowledge or information sufficient to form a belief as to the remaining allegations in the paragraphs and therefore deny the same.

22. In response to the allegations in Paragraph 48, admit only that on March 25, 2021, a school official told Officer Krause that he had received an unspecified complaint from an unspecified source and that he was going to investigate further; deny knowledge or information sufficient to form a belief as to the remaining allegations in the paragraph and therefore deny the same.

23. In response to the allegations in Paragraphs 49-51, deny knowledge or information sufficient to form a belief as to the allegations in the paragraphs and therefore deny the same.

24. In response to the allegations in Paragraph 52, affirmatively allege that the allegations in the Complaint are materially incomplete and inaccurate legal conclusions to which no response is required, but to the extent a response is necessary, deny.

25. In response to the allegations in Paragraphs 53-60, deny knowledge or information sufficient to form a belief as to the allegations in the paragraphs and therefore deny the same.

26. In response to the allegations in Paragraph 61, admit.

27. In response to the allegations of Paragraphs 62-65, deny knowledge or information sufficient to form a belief as to the allegations in the paragraphs and therefore deny the same.

28. In response to the allegations in Paragraph 66, admit that at the direction of the Marathon County District Attorney's Office, Officer Krause and a Marathon County Sheriff's Deputy arrested Mathis on or about the date and time alleged.

29. In response to the allegations in Paragraph 67, admit that the Marathon County District Attorney charged Mathis with the criminal offense indicated in the criminal complaint, which speaks for itself.

30. In response to the allegations in Paragraph 68, admit only that Officer Krause spoke to Paul Mathis by telephone on the date alleged; assert the allegations in the paragraphs are materially incomplete and inaccurate recitation of the occurrence described and therefore deny the same.

31. In response to the allegations in Paragraph 69, admit only that Mathis asked Officer Krause about details regarding her accuser and the nature of the complaint; deny information or knowledge as to any allegation regarding assertions of the plaintiff's own knowledge in the paragraph and therefore deny the same.

32. In response to the allegations in Paragraphs 70-71, admit only that Mathis and Officer Krause had a conversation once they reached the Marathon County Jail

parking garage; assert the allegations in the paragraphs are materially incomplete and inaccurate recitation of the occurrence described and therefore deny.

33. In response to the allegations of Paragraph 72, deny information or knowledge as to any allegation regarding assertions of the plaintiff's own knowledge and therefore deny; as to the remaining allegations in the paragraph, assert the allegations in the paragraph are materially incomplete and inaccurate recitation of the facts alleged and therefore deny.

34. In response to the allegations in Paragraph 73, deny knowledge or information sufficient to form a belief as to the allegations in the paragraph and therefore deny the same.

35. In response to the allegations in Paragraph 74, admit on information and belief.

36. In response to the allegations in Paragraph 75, deny as to these answering defendants and Officer Krause, deny knowledge or information sufficient to form a belief as to the allegations in the paragraph regarding the other defendants and therefore deny the same.

37. In response to the allegations in Paragraphs 76-79, admit that Officer Krause filed a written report on the date indicated but affirmatively allege that the written report speaks for itself and deny any of the allegations in the paragraphs inconsistent or contrary to the full and accurate information contained in the report.

38. In response to the allegations in Paragraphs 80-81, assert the allegations in the paragraphs are materially incomplete and inaccurate recitation of the occurrence described and therefore deny; deny any allegation in the paragraphs that an investigating

officer with probable cause is under any obligation to elicit efforts from an arrestee to offer allegedly exculpatory evidence.

39. In response to the allegations in Paragraphs 82-83, admit that Officer Krause filed a supplemental written report on the date indicated but affirmatively allege that the written report speaks for itself and deny any of the allegations in the paragraphs inconsistent or contrary to the full and accurate information contained in the report.

40. In response to the allegations in Paragraph 84, deny Officer Krause prejudged Mathis's guilt, or ignored evidence or any reasonable inferences, as alleged in paragraph or otherwise; assert and affirmatively allege that the written report speaks for itself and deny any of the allegations in the paragraph inconsistent or contrary to the full and accurate information contained in the report.

41. In response to the allegations in Paragraph 85, admit that Officer Krause filed a supplemental written report on the date indicated but affirmatively allege that the written report speaks for itself and deny any of the allegations in the paragraphs inconsistent or contrary to the full and accurate information contained in the report; further, deny any allegations in the paragraph that purport to establish the "guilt" of any person.

42. In response to the allegations in Paragraphs 86-87, deny the allegations in the paragraphs contain a materially complete or accurate recitation of the content of the alleged electronic messages but affirmatively allege that the electronic messages speak for themselves and deny any of the allegations in the paragraphs inconsistent or contrary to the full and accurate information contained in the messages; further, deny any allegations in the paragraphs that purport to establish the "guilt" of any person.

43. In response to the allegations in Paragraph 88, deny the allegations in the paragraph contain a materially complete recitation of the content of the interview or written document; but affirmatively allege that the communications speak for themselves and deny any of the allegations in the paragraphs inconsistent or contrary to the full and accurate information contained in the reports or communications; further, deny any allegations in the paragraph that purport to establish the "guilt" of any person.

44. In response to the allegations in Paragraphs 89-90, deny.

45. In response to the allegations in Paragraph 91, deny that the quoted portion of Officer Krause's report was "without support" but affirmatively allege that the written report speaks for itself and deny any of the allegations in the paragraphs inconsistent or contrary to the full and accurate information contained in the report.

46. In response to the allegations in Paragraph 92, deny the allegations in the paragraph contain a materially complete recitation of the content of the report; but affirmatively allege that the written report speaks for itself and deny any of the allegations in the paragraph inconsistent or contrary to the full and accurate information contained in the report.

47. In response to the allegations in Paragraph 93-94, deny the allegations in the paragraphs contain a materially complete recitation of the content of the communications referenced; but affirmatively allege that the documents speaks for themselves and deny any of the allegations in the paragraphs inconsistent or contrary to the full and accurate information contained in the writings.

48. In response to the allegations in Paragraphs 95 and 96, deny.

49. In response to the allegations in Paragraph 97, admit only that additional and thorough interviews were conducted; deny the remainder of the allegations in the paragraph.

50. In response to the allegations in Paragraphs 98-101, deny.

51. In response to the allegations in Paragraph 102, admit only that Officer Krause attended the interview referenced.

52. In response to the allegations in Paragraph 103, deny.

53. In response to the allegations in Paragraph 104, admit that Officer Krause filed another report on or about the date alleged.

54. In response to the allegations in Paragraph 105, deny Officer Krause filed a criminal complaint in the case referenced and affirmatively allege that the Marathon County District Attorney issued the charge against teacher Mathis.

55. In response to the allegations in Paragraph 106, as to these answering defendants and Officer Krause deny all of the allegations in the paragraph, including all subparts; deny knowledge or information sufficient to form a belief as to the allegations in the paragraph related to the other defendants and therefore deny the same.

56. In response to the allegations in Paragraphs 107-109, deny.

57. In response to the allegations in Paragraph 110, admit on information and belief.

58. In response to the allegations in Paragraphs 111-119, deny knowledge or information sufficient to form a belief as to the allegations in the paragraphs and therefore deny the same.

59. In response to the allegations in Paragraph 120, deny there was any final acquittal of Mathis in the criminal case, but admit that the original charge was dismissed without prejudice.

60. In response to the allegations in Paragraphs 122-124, deny.

## CAUSES OF ACTION

### I.  42 U.S.C. § 1983 – Due Process (Defendants Grube, Michanowicz and Krause)

61. In response to the allegations in Paragraph 125, restate and reallege all responses to the allegations in paragraphs 1-124 above.

62. In response to the allegations in Paragraph 126-127, assert these paragraphs contain legal conclusions to which no response is required, but deny any actions or omissions on the part of Officer Krause that would give rise to a 42 U.S.C. § 1983 claim against him, and therefore deny the allegations in the Amended Complaint alleging otherwise.

63. In response to the allegations in Paragraph 128, deny knowledge or information sufficient to form a belief as to the allegations in the paragraph and therefore deny the same.

64. In response to the allegations in Paragraph 129, deny as to Officer Krause; deny knowledge or information sufficient to form a belief as to the allegations in the paragraph related to the other defendants and therefore deny the same.

65. In response to the allegations in Paragraph 130, deny that this is a full and accurate summary of the published legal authority and therefore admit only that the

written decision of the court referenced speaks for itself but is subject to interpretation by this Court or other decisions of the Seventh Circuit and Supreme Court.

66. In response to the allegations in Paragraphs 131-132, deny as to Officer Krause; deny knowledge or information sufficient to form a belief as to the allegations in the paragraphs related to the other defendants and therefore deny the same.

67. In response to the allegations in Paragraph 133, deny.

68. In response to the allegations in Paragraphs 134-135, deny as to Officer Krause; deny knowledge or information sufficient to form a belief as to the allegations in the paragraph related to the other defendants and therefore deny the same.

69. In response to the allegations in Paragraph 136, deny.

70. In response to the allegations in Paragraphs 137-138, deny as to Officer Krause; deny knowledge or information sufficient to form a belief as to the allegations in the paragraph related to the other defendants and therefore deny the same.

## II. 42 U.S.C. § 1983 – Due Process & Equal Protection
### (Defendants Grams, Muelling, Krause and City of Mosinee)

71. In response to the allegations in Paragraph 139, restate and reallege all responses to the allegations in paragraphs 1-138 above.

72. In response to the allegations in Paragraph 140, assert that this paragraph contains legal conclusions to which no response is required, but deny any unconstitutional policy or practice on the part of the City of Mosinee, Chief Grams, former Chief Muelling, or Officer Krause that would give rise to a 42 U.S.C. § 1983 claim against them, and therefore deny the allegations in the Amended Complaint alleging otherwise.

73. In response to the allegations in Paragraph 141, deny that Kenneth Grams was Chief of Police at all times material to the Amended Complaint, and therefore deny any allegations in the paragraph that Chief Grams was a final policy-maker for the City of Mosinee as to the allegations in the Complaint, and therefore deny the allegations in the Amended Complaint alleging otherwise; deny that Ken Muelling was Chief of Police at all times material to the Complaint, and therefore deny any allegations in the paragraph that Chief Muelling was a final policy-maker for the City of Mosinee as to the allegations in the Amended Complaint, and therefore deny the allegations in the Amended Complaint alleging otherwise.

74. In response to the allegations in Paragraphs 142-148, deny.

### III. 42 U.S.C. § 1983 – Deprivation of Liberty Interest without Due Process

75. In response to the allegations in Paragraph 149, restate and reallege all responses to the allegations in paragraphs 1-148 above.

76. In response to the allegations in Paragraphs, 150-154, deny as to these answering defendants and Officer Krause; deny knowledge or information sufficient to form a belief as to the allegations in the paragraphs related to the other defendants and therefore deny the same.

### IV. Malicious Prosecution (Defendants Grams, Muelling and Krause)

77. In response to the allegations in Paragraph 155, restate and reallege all responses to the allegations in paragraphs 1-154 above.

78. In response to the allegations in Paragraph 156, admit only that the criminal charge was filed by the Marathon County District Attorney, and prosecuted by the District Attorney through review on probable cause by the presiding judge.

13

79. In response to the allegations in Paragraph 157, deny.

80. In response to the allegations in Paragraph 158, admit only that the criminal charge filed by the Marathon County District Attorney was dismissed without prejudice on the Court's own motion.

81. In response to the allegations in Paragraphs 159-163, deny.

**V. Negligent, Hiring, Retention, and Supervision (Defendants Grams, Muelling and Mosinee)**

82. In response to the allegations in Paragraph 164, restate and reallege all responses to the allegations in paragraphs 1-163 above.

83. In response to the allegations in Paragraph 165, deny Kenneth Grams was Chief of Police at all times material to the Complaint, and therefore deny any allegations in the paragraph that Chief Grams was an employer or supervisor of Officer Krause at all times material to the allegations in the Complaint; deny Ken Muelling was Chief of Police at all times material to the Complaint, and therefore deny any allegations in the paragraph that Chief Muelling was an employer or supervisor of Officer Krause at all times material to the allegations in the Complaint; admit only that the City of Mosinee employed Officer Krause.

84. In response to the allegations in Paragraph 166, deny Kenneth Grams was Chief of Police at all times material to the Complaint, and therefore deny any allegations in the paragraph that Chief Grams was an employer of Officer Krause but admit Chief Grams was a supervisor of Officer Krause only after the material events concerning Mathis's arrest had taken place, deny Ken Muelling was Chief of Police at all times material to the Complaint, and therefore deny any allegations in the paragraph that Chief

Muelling was an employer of Officer Krause but admit Chief Muelling was a supervisor of Officer Krause only prior to the material events concerning Mathis's arrest took place, admit only that the City of Mosinee employed Officer Krause but deny that the City, Chief Grams or Chief Muelling violated any ministerial duty as to its hiring, supervision or retention of Officer Krause and therefore deny any allegations of liability on the part of these answering defendants.

85. In response to the allegations in Paragraphs 167-171, deny.

### VI.  Loss of Consortium

86. In response to the allegations in Paragraph 172, restate and reallege all responses to the allegations in paragraphs 1-171 above.

87. In response to the allegations in Paragraph 173, admit on information and belief.

88. In response to the allegations in Paragraphs 174-175, deny.

### VI.  Defamation

89. In response to the allegations in Paragraph 176, restate and reallege all responses to the allegations in paragraphs 1-175 above.

90. In response to the allegations in Paragraphs 177-183, deny knowledge or information sufficient to form a belief as to the allegations in the paragraphs and therefore deny the same.

### VII.  Parental Liability

91. In response to the allegations in Paragraph 184, restate and reallege all responses to the allegations in paragraphs 1-183 above.

92. In response to the allegations in Paragraphs 185-188, deny knowledge or information sufficient to form a belief as to the allegations in the paragraphs and therefore deny the same.

## AFFIRMATIVE DEFENSES

The defendants, City of Mosinee, Wisconsin, and Kenneth Grams separately affirmatively allege and show to the Court the following affirmative defenses:

A. That the plaintiffs' Amended Complaint may fail to state a claim upon which relief may be granted against these defendants.

B. That any claim for punitive damages against the municipality may be barred as a matter of law by *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 297 (1981) or state law.

C. That to the extent the complaint may be alleging a *Monell* claim against the City of Mosinee, Kenneth Grams, or Ken Muelling; the Amended Complaint fails to sufficiently identify any unconstitutional policy practice or custom of the City of Mosinee.

D. That any direct claim against the City of Mosinee, Chief Grams, or former Chief Muelling based on respondeat superior for the alleged actions of its employee or other officers is barred as a matter of law.

E. That at all times relevant to this lawsuit these answering defendants' actions were reasonable and proper under the United States Constitution, federal and State law, and further any arrest of the plaintiff was supported by probable cause and was reasonable and constitutional.

F.     That to the extent the Amended Complaint fails to state unconstitutional action or omission on the part of Officer Krause, Chief Grams, or former Chief Muelling, there can be no liability for the defendant City of Mosinee.

G.     That at all times relevant to this lawsuit the actions of law enforcement officers with the City of Mosinee were objectively reasonable, in good faith, and consistent with the laws and Constitutions of the United States and State of Wisconsin.

H.     That any individual claims against Officer Krause, Chief Grams, or former Chief Muelling may be entitled to qualified immunity.

I.     That the ordinances, policies, practices, and procedures of the City of Mosinee were and are constitutionally proper exercises of the police powers afforded to the City of Mosinee by state law, to protect the health, safety, and welfare of its citizens.

J.     That the defendant Kenneth Grams was not Chief of Police at the time the material allegations of the investigation and arrest were made and therefore had no direct supervisory authority or involvement in those decisions or actions by other officers.

K.     That the defendant Ken Muelling was not Chief of Police at the time the material allegations of the investigation and arrest were made and therefore had no direct supervisory authority or involvement in those decisions or actions by other officers.

L.     That although portions of Officer Krause's investigation report were incorporated into the Criminal Complaint filed on April 23, 2021, the Criminal Complaint was signed by Marathon County Assistant District Attorney Davis Runde and the Complainant was Special Investigator Greg Hagenbucher of the Marathon County District Attorney's Office.

17

M. That the Amended Complaint fails as a matter of law to identify or establish any equal protection violation of these answering defendants and should be summarily dismissed.

N. That at no time were the actions of these answering defendants or Officer Krause motivated by evil intent, malice or deliberate indifference, nor did any exercise reckless or callous indifference towards the plaintiffs or any of the plaintiffs' rights.

O. That these answering defendants' actions and Officer Krause were supported by probable cause and consistent with Due Process and Equal Protection.

P. That that plaintiffs' claims and damages may be the result of their own actions for which these answering defendants are not responsible.

Q. That the plaintiffs may have failed to mitigate their damages.

R. That the plaintiffs' claims and claimed damages may be the result of the actions of third parties for which these defendants are not liable.

S. That the plaintiff is not entitled to any compensatory or punitive damages against these answering defendants.

T. That to the extent the Amended Complaint is alleging state law claims against these defendants, such claims may be barred by failure to comply with the notice provisions of Wis. Stat. § 893.80(1d), and may be subject to state law governmental immunity or damage limitations under Wis. Stat. § 893.80(3) & (4), and municipal immunity for intentional torts.

U. That these defendants reserve the right to raise additional Affirmative Defenses based on information or facts disclosed or uncovered prior to the time of trial.

WHEREFORE, the defendants City of Mosinee, Wisconsin, and Kenneth Grams, demand judgment dismissing the plaintiffs' Amended Complaint and all claims against them and for an award of attorney fees pursuant to 42 U.S.C. § 1988, costs and disbursements together with such other and further relief as the Court deems just and equitable.

**A JURY TRIAL IS HEREBY DEMANDED**.

Dated at Wausau, Wisconsin this 11th day of July, 2022.

<u>**/s/ Michael J. Roman**</u>
Michael J. Roman
State Bar No. 1020648

<u>**/s/ Elizabeth D. Reeths**</u>
Elizabeth D. Reeths
State Bar No. 1070411

Attorneys for the Defendants,
City of Mosinee, Wisconsin and Kenneth Grams
KLINNER KRAMER SHULL, LLP
210 McClellan Street, Suite 400
Post Office Box 1386
Wausau, WI 54402-1386
Telephone: (715) 845-5656 ext 104
Fax: (715) 845-5666
Email: mroman@klinnerkramershull.com