UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

CHRISTY MATHIS, and
PAUL J. MATHIS,

       Plaintiffs,

v.                                        CASE NO. 22 CV 47

MOSINEE SCHOOL DISTRICT,
KEVIN J. HERMENING, DAVID MUNOZ,
BRAD GRUBE, KARLA MICHANOWICZ,
CITY OF MOSINEE, WISCONSIN,
ERIC J. KRAUSE, KENNETH GRAMS,
KEN MUELLING, ANDREA REEDE,
MARK REEDE, E.R., BRIAN BRZEZINSKI,
JULIE BRZEZINSKI, A.B., HUBBLE MANLEY,
MEGAN MAJEWSKI RESCH, AND M.M.,

       Defendants.

---

**ANSWER AND AFFIRMATIVE DEFENSES OF ERIC J. KRAUSE
TO PLAINTIFFS' AMENDED COMPLAINT**

---

Defendant, Eric J. Krause, by his attorneys, Wirth + Baynard, hereby answers plaintiffs' Amended Complaint, and asserts affirmative defenses, by alleging and showing to the court as follows:

## ANSWER

1.    Answering paragraph 1, admit only that, upon information and belief, at times material hereto, the identifying allegations were correct.

2.    Answering paragraph 2, admits only that, at times material hereto, plaintiff was a middle school employee with the duties, obligations, and requirements attendant to that employment. As to allegations that purport to identify subjective relationships and subjective work

ethic, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

3.      Answering paragraph 3, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

4.      Answering paragraph 4, denies.

5.      Answering paragraph 5, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

6.      Answering paragraph 6, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

7.      Answering paragraph 7, denies as to this responding defendant in all respects.

8.      Answering paragraph 8, denies.

9.      Answering paragraph 9, denies as to this responding defendant in all respects.

## JURISDICTION AND VENUE

10.     Answering paragraph 10, asserts that the allegations in this paragraph are conclusions of law to which no response is required.

11.     Answering paragraph 11, asserts that the allegations in this paragraph are conclusions of law to which no response is required.

## PARTIES

12.     Answering paragraph 12, admits upon representation of counsel.

13.     Answering paragraph 13, admits upon representation of counsel.

14.     Answering paragraph 14, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

15. Answering paragraph 15, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

16. Answering paragraph 16, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

17. Answering paragraph 17, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

18. Answering paragraph 18, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

19. Answering paragraph 19, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

20. Answering paragraph 20, admits.

21. Answering paragraph 21, admits only that Krause was, at times material hereto, a police officer for the City of Mosinee Police Department, and in his capacity as a police officer, had an assignment as School Resource Officer at the Mosinee Middle School. Admits that, in both his capacity as a police officer and a School Resource Officer, he was acting within the scope of his employment with the City of Mosinee, and was acting under color of state law.  Denies that he undertook "all actions alleged in [the] Complaint."

22. Answering paragraph 22, denies that Kenneth Grams was employed by the City of Mosinee Police Department "at all relevant times to the events complained of."  Admits only that, as current Chief of Police, Grams acts as Krause's supervisor and acts within the scope of his employment when he exercises the duties and responsibilities of the Chief of Police. Denies any allegation inconsistent with this response.

23.     Answering paragraph 23, admit that Ken Muelling was employed as the Chief of Police for the City of Mosinee until March 2021, but deny he undertook "all actions alleged in [the] Amended Complaint", and therefore deny knowledge or information sufficient to form a belief as to the remaining allegations in the paragraph and therefore deny the same.

24.     Answering paragraph 24, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

25.     Answering paragraph 25, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

26.     Answering paragraph 26, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

27.     Answering paragraph 27, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

28.     Answering paragraph 28, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

29.     Answering paragraph 29, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

## FACTUAL BACKGROUND

30.     Answering paragraph 30, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

31.     Answering paragraph 31, admits upon information and belief.

32.     Answering paragraph 32, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

33.     Answering paragraph 33, admits only that an allegation of inappropriate touching was made by a minor; as to all other allegations in this paragraph, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

34.     Answering paragraph 34, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

35.     Answering paragraph 35, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

36.     Answering paragraph 36, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

37.     Answering paragraph 37, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

38.     Answering paragraph 38, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

39.     Answering paragraph 39, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

40.     Answering paragraph 40, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

41.     Answering paragraph 41, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

42.     Answering paragraph 42, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

43. Answering paragraph 43, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

44. Answering paragraph 44, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

45. Answering paragraph 45, admits upon information and belief that at least one minor complainant reported an inappropriate touching incident to supervisory school personnel.

46. Answering paragraph 46, admits upon information and belief that the complaint of inappropriate touching was investigated by school personnel; as to all other allegations in this paragraph, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

47. Answering paragraph 47, admits upon information and belief that the complaint of inappropriate touching was investigated by school personnel; as to all other allegations in this paragraph, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

48. Answering paragraph 48, admits only that, on March 25, 2021, a school official reported to Krause that he had received an unspecified complaint from an unspecified source and that he was going to investigate further; as to all remaining allegations, asserts that the remaining allegations are a materially incomplete and inaccurate recitation of the facts alleged and, for that reason, denies same.

49. Answering paragraph 49, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

50. Answering paragraph 50, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

51.     Answering paragraph 51, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

52.     Answering paragraph 52, asserts that the allegations in this complaint are materially incomplete and inaccurate legal conclusions to which no response is required; to the extent that a response is required, denies same.

53.     Answering paragraph 53, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

54.     Answering paragraph 54, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

55.     Answering paragraph 55, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

56.     Answering paragraph 56, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

57.     Answering paragraph 57, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

58.     Answering paragraph 58, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

59.     Answering paragraph 59, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

60.     Answering paragraph 60, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

61.     Answering paragraph 61, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

62.     Answering paragraph 62, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

63.     Answering paragraph 63, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

64.     Answering paragraph 64, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

65.     Answering paragraph 65, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

66.     Answering paragraph 66, admits, generally, the allegations.

67.     Answering paragraph 67, admits that the charges filed by the Marathon County District Attorney's office speak for themselves.

68.     Answering paragraph 68, admits only that, prior to the actual arrest, Krause relayed to plaintiff his understanding of the investigation progress to date.

69.     Answering paragraph 69, admits only that plaintiff asked about details of the investigations.

70.     Answering paragraph 70, admits, generally, the allegations.

71.     Answering paragraph 71, admits, generally, the allegations.

72.     Answering paragraph 72, asserts that the allegations in this paragraph represent a materially incomplete and inaccurate recitation of the facts alleged and, for that reason, denies same.  As for the allegations of what the plaintiff asserts was within her knowledge, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

73.     Answering paragraph 73, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

74.     Answering paragraph 74, admits upon information and belief.

75.     Answering paragraph 75, denies.

76.     Answering paragraph 76, admits only that the written report was filed on the day alleged; further admits only that the content of the document speaks for itself.  Denies any allegation inconsistent with this response.

77.     Answering paragraph 77, admits that the allegations contain only a partial recitation of the content of a written document; admits only that the content of the document speaks for itself.

78.     Answering paragraph 78, admits that the allegations contain only a partial recitation of the content of a written document; admits only that the content of the document speaks for itself.

79.     Answering paragraph 79, admits only that the content of the written document speaks for itself; denies any interpretation allegation inconsistent with the content of the written document.

80.     Answering paragraph 80, asserts that the allegations in this paragraph are a materially incomplete recitation of the occurrence described, and therefore denies same; denies any allegation in this paragraph that an arresting officer with probable cause is required to elicit efforts from arrestees to offer allegedly exculpatory evidence.

81.     Answering paragraph 81, asserts that the allegations in this paragraph are a materially incomplete recitation of the occurrence described, and therefore denies same; denies any allegation in this paragraph that an arresting officer with probable cause is required to elicit efforts from arrestees to offer allegedly exculpatory evidence.

82.     Answering paragraph 82, admits only that a First Supplemental Report was filed on the date alleged; further admits only that the content of the written document speaks for itself.

83.     Answering paragraph 83, admits only that a First Supplemental Report was filed on the date alleged; further admits only that the content of the written document speaks for itself.

84.     Answering paragraph 84, denies any allegation that evidence or reasonable inferences were ignored as alleged, or otherwise.   Denies that there was any need for or accomplishment of any "prejudging" of "guilt" as alleged or otherwise.  Further admits only that the content of the written document speaks for itself.

85.     Answering paragraph 85, admits only that, a Second Supplemental Report was filed on the date alleged; further admits only that the content of the written document speaks for itself. Denies any allegations in this paragraph that purport to establish the "guilt" of any person.

86.     Answering paragraph 86, denies that the allegations in this paragraph contain a materially complete or accurate recitation of the content of an electronic message; further admits only that the content of the electronic message speaks for itself.  Denies any allegations in this paragraph that purport to establish the "guilt" of any person.

87.     Answering paragraph 87, denies that the allegations in this paragraph contain a materially complete or accurate recitation of the content of an electronic message; further admits only that the content of the electronic message speaks for itself.  Denies any allegations in this paragraph that purport to establish the "guilt" of any person.

88.     Answering paragraph 88, denies that the allegations in this paragraph contain a materially complete recitation of the content of the interview or the written document; further admits only that the content of the written document speaks for itself.  Denies any allegations in this paragraph that purport to establish the "guilt" of any person.

89.     Answering paragraph 89, denies.

90.     Answering paragraph 90, denies.

91.     Answering paragraph 91, denies that the quoted portion of a written document was "without support;" further admits only that the content of the written document speaks for itself.

92.     Answering paragraph 92, denies that the allegations in this paragraph contain a materially complete or accurate recitation of the communication referenced; further admits only that the content of the writing speaks for itself.

93.     Answering paragraph 93, denies that the allegations in this paragraph contain a materially complete or accurate recitation of the communication referenced; further admits only that the content of the writing speaks for itself.

94.     Answering paragraph 94, denies that the allegations in this paragraph contain a materially complete or accurate recitation of the communication referenced; further admits only that the content of the writing speaks for itself.

95.     Answering paragraph 95, denies.

96.     Answering paragraph 96, denies.

97.     Answering paragraph 97, admits only that thorough interviews were conducted; denies the remaining allegations in this paragraph.

98.     Answering paragraph 98, denies.

99.     Answering paragraph 99, denies.

100.    Answering paragraph 100, asserts that the allegations in this paragraph are a materially incomplete and inaccurate recitation of the events they purport to describe and, therefore, denies same.

101.    Answering paragraph 101, denies.

102.     Answering paragraph 102, admits only attendance at the referenced conference.

103.     Answering paragraph 103, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

104.     Answering paragraph 104, admits that, on April 20, 2021, Krause filed an additional Supplemental Report, denies the remaining allegations in this paragraph.

105.     Answering paragraph 105, admits only that Krause was the complaining witness in the complaint; denies any allegation inconsistent with this response.

106.     Answering paragraph 106, denies all allegations in this paragraph, including all subparts, as they may be alleged against this responding defendant.

107.     Answering paragraph 107, denies.

108.     Answering paragraph 108, denies.

109.     Answering paragraph 109, denies.

110.     Answering paragraph 110, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

111.     Answering paragraph 111, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

112.     Answering paragraph 112, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

113.     Answering paragraph 113, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

114.     Answering paragraph 114, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

115.    Answering paragraph 115, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

116.    Answering paragraph 116, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

117.    Answering paragraph 117, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

118.    Answering paragraph 118, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

119.    Answering paragraph 119, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

120.    Answering paragraph 120, admits the charges were dismissed; denies there was any final "acquittal."

121.    Answering paragraph 121, denies.

122.    Answering paragraph 122, denies.

123.    Answering paragraph 123, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

124.    Answering paragraph 124, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

## CAUSES OF ACTION

### COUNT I
### CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C. § 1983 –
### VIOLATION OF DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT
**(*Against Defendants Grube, Michanowicz*, and Kruase in their individual capacities)**

125.    Answering paragraph 125, realleges and incorporates, as though more fully set forth herein, his responses to paragraphs 1 through 124 of the complaint.

13

126.    Answering paragraph 126, asserts that this paragraph contains legal conclusions to which no response is required.

127.    Answering paragraph 127, denies omissions as alleged, or otherwise.

128.    Answering paragraph 128, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

129.    Answering paragraph 129, denies as to this responding defendant.

130.    Answering paragraph 130, denies that this paragraph contains a materially complete or accurate summary of the published legal authority; admits only that the written decision speaks for itself.

131.    Answering paragraph 131, denies as to this responding defendant.

132.    Answering paragraph 132, denies as to this responding defendant.

133.    Answering paragraph 133, denies.

134.    Answering paragraph 134, denies.

135.    Answering paragraph 135, denies as to this responding defendant.

136.    Answering paragraph 136, denies.

137.    Answering paragraph 137, denies as to this responding defendant.

138.    Answering paragraph 138, denies as to this responding defendant.

## COUNT II
## CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C. § 1983 – VIOLATION OF FOURTEENTH AMENDMENT DUE PROCESS AND EQUAL PROTECTION
*(Against Defendants Grams, Muelling, Krause, and the City of Mosinee, Wisconsin)*

139.    Answering paragraph 139, realleges and incorporates, as though more fully set forth herein, the responses to paragraphs 1 through 138 of the complaint.

140.     Answering paragraph 140, asserts that this paragraph contains legal conclusions to which no response is required.

141.     Answering paragraph 141, deny that Kenneth Grams was Chief of Police at all times material to the Amended Complaint, and therefore deny any allegations in the paragraph that Chief Grams was a final policy-maker for the City of Mosinee as to the allegations in the Complaint, and therefore deny the allegations in the Amended Complaint alleging otherwise; deny that Ken Muelling was Chief of Police at all times material to the Complaint, and therefore deny any allegations in the paragraph that Chief Muelling was a final policy-maker for the City of Mosinee as to the allegations in the Amended Complaint, and therefore deny the allegations in the Amended Complaint alleging otherwise.

142.     Answering paragraph 142, denies.

143.     Answering paragraph 143, denies.

144.     Answering paragraph 144, denies.

145.     Answering paragraph 145, denies.

146.     Answering paragraph 146, denies.

147.     Answering paragraph 147, denies.

148.     Answering paragraph 148, denies.

## COUNT III
## CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C. § 1983 –
## DEPRIVATION OF FOURTEENTH AMENMENT
## LIBERTY INTEREST WITHOUT DUE PROCESS
*(Against Defendants Mosinee School District, Hermening, Muñoz, Grube, Michanowicz, Grams, Muelling, and Krause)*

149.     Answering paragraph 149, realleges and incorporates, as though more fully set forth herein, the responses to paragraphs 1 through 148 of the complaint.

150.     Answering paragraph 150, denies as to this responding defendant.

151.    Answering paragraph 151, denies as to this responding defendant.

152.    Answering paragraph 152, denies as to this responding defendant.

153.    Answering paragraph 153, denies as to this responding defendant.

154.    Answering paragraph 154, denies as to this responding defendant.

## COUNT IV – MALICIOUS PROSECUTION
*(Against Defendants Gram, Muelling, and Krause)*

155.    Answering paragraph 155, realleges and incorporates, as though more fully set forth herein, the responses to paragraphs 1 through 154 of the complaint.

156.    Answering paragraph 156, admits only that charges were filed by the Marathon County District Attorney, and prosecuted by the District Attorney through review on probable cause by the presiding judge.

157.    Answering paragraph 157, denies.

158.    Answering paragraph 158, admits only that the charges were dismissed upon the court's own motion.

159.    Answering paragraph 159, denies.

160.    Answering paragraph 160, denies.

161.    Answering paragraph 161, denies.

162.    Answering paragraph 162, denies.

163.    Answering paragraph 163, denies.

## COUNT V
## NEGLIGENT HIRING, RETENTION, AND SUPERVISION
*(Against Defendants Grams, Muelling, and City of Mosinee)*

164.    Answering paragraph 164, realleges and incorporates, as though more fully set forth herein, the responses to paragraphs 1 through 163 of the complaint.

165.    Answering paragraph 165, admits at present, denies at times material hereto.

166.    Answering paragraph 166, denies that the allegations contain a reasonable, complete, or accurate description of the duties of the defendants.

167.    Answering paragraph 167, denies.

168.    Answering paragraph 168, denies incompetence as alleged, or otherwise.

169.    Answering paragraph 169, denies.

170.    Answering paragraph 170, denies.

171.    Answering paragraph 171, denies.

**COUNT VI**
**LOSS OF SPOUSAL CONSORTIUM**
*(Against All Defendants)*

172.    Answering paragraph 172, realleges and incorporates, as though more fully set forth herein, the responses to paragraphs 1 through 171 of the complaint.

173.    Answering paragraph 173, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

174.    Answering paragraph 174, denies.

175.    Answering paragraph 175, denies.

**COUNT VII**
**DEFAMATION**
*(Against Defendants E.R., M.M., and A.B.)*

176.    Answering paragraph 176, realleges and incorporates, as though more fully set forth herein, the responses to paragraphs 1 through 175 of the complaint.

177.    Answering paragraph 177, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

178.    Answering paragraph 178, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

179.     Answering paragraph 179, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

180.     Answering paragraph 180, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

181.     Answering paragraph 181, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

182.     Answering paragraph 182, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

183.     Answering paragraph 183, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

## COUNT VIII
## PARENTAL LIABILITY
*(Against Defendants Andrea Reede, Mark Reede, Brian Brzezinski, Julie Brzezinski, Hubble Manley, and Megan Majewski Resch)*

184.     Answering paragraph 184, realleges and incorporates, as though more fully set forth herein, the responses to paragraphs 1 through 183 of the complaint.

185.     Answering paragraph 185, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

186.     Answering paragraph 186, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

187.     Answering paragraph 187, asserts that the allegations in this paragraph contain legal conclusions to which no response is required.

188.     Answering paragraph 188, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and puts the plaintiffs to their strict proof thereon.

## AFFIRMATIVE DEFENSES

1.      The plaintiffs' complaint fails to state a claim upon which relief may be granted against this responding defendant.

2.      To the extent that the plaintiffs' have attempted to plead a "Monell" that claim, as pled, is legally insufficient and the claim must be dismissed as a matter of law.

3.      The actions of the responding individual defendant were objectively reasonable, and they are entitled to immunity and/or qualified immunity from claims, as well as limitations on actions and damages, as provided by Wisconsin Statutes, by federal regulations, and by operation of common law.

4.      The ordinances, policies, practices and procedures of the City of Mosinee were and are constitutionally compliant exercises of the police powers afforded to the City of Mosinee, and which authorize municipalities to protect the health, safety and welfare of their citizens.

5.      The plaintiffs' claimed injuries and damages, if any, were caused, in whole or in part, by their own conduct or failure of conduct at times material hereto.

6.      The plaintiffs may have failed to mitigate damages as is required by law.

7.      The conduct attributed to this responding defendant did not constitute any violation of a cognizable constitutional right and this action must be summarily dismissed.

8.      The defendant is not liable under 42 USC §1983 because his actions were constitutional under the circumstances or exigent circumstances and did not compromise or deprive the plaintiff of any rights.

9.      The defendant acted at all times reasonably and with a good faith belief that his actions were lawful and were not in violation of any federal or state constitutional right.

10.     The actions of the defendant were justified, objectively reasonable, necessary, carried out in good faith and with sufficient legal cause, and the defendant conducted himself in conformity with settled principles of constitutional, regulatory, statutory, and common law.

11.     The defendant acted within the discretionary scope of his authority as a public official in response to the circumstances and/or exigent circumstances.

12.     The defendant acted in the public interest and in the furtherance of protecting public safety and good order, all in accordance with existing laws, policies, and practices.

13.     The arrest implemented by defendant was reasonable under the circumstances and/or exigent circumstances then prevailing.

14.     The defendant did not intentionally or unjustifiably harm the plaintiff, nor was his conduct extreme or outrageous under the circumstances and/or exigent circumstances.

15.     At no time was defendant motivated by evil intent, malice or deliberate indifference, nor did he exercise reckless or callous indifference, toward the plaintiff or any of the plaintiffs' rights.

16.     To the extent the plaintiffs have pled, or meant to plead, state law claims against this responding defendant, those claims are subject to the requirements of statutory notice and conditions precedent to suit with which the plaintiffs may have failed to comply.

17.     This responding defendant reserves his right to amend this answer and affirmative defenses should additional information warrant it.

WHEREFORE, the defendant, Eric J. Krause, demands judgment dismissing the complaint of the plaintiffs upon its merits, with prejudice and with an award of all allowable costs, fees and disbursements incurred in the defense against this matter.

**DEFENDANT HEREBY DEMANDS A JURY TRIAL**

Dated this 12th day of July, 2022.

WIRTH + BAYNARD
Attorneys for Eric J. Krause

BY: */s/ Kiley B. Zellner*
KILEY B. ZELLNER
State Bar No.: 1056806

POST OFFICE ADDRESS:
9898 W Bluemound Road, Suite 2
Wauwatosa, WI 53226
Telephone:  (414) 291-7979
E-Mail: kbz@wbattys.com