THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

CHRISTY J. MATHIS, et al.,

      Plaintiffs,                           Case No. 22-cv-47

  v.

MOSINEE SCHOOL DISTRICT, et al.,

      Defendants.

## ANSWER TO AMENDED COMPLAINT

Defendants, Andrea Reede, Mark Reede, and E.R., a minor, by Pines Bach LLP their attorneys, as an Answer to the Plaintiffs' Amended Complaint admits, denies, and alleges as follows:

### **INTRODUCTION**

1.    Plaintiff Christy J. Mathis was a 25-year, tenured employee of the Mosinee School District in Mosinee, Wisconsin, where she formerly taught art at the Mosinee Middle School.

    **ANSWER:**  Defendants, Andrea Reede, Mark Reede, and E.R., a minor, admit the allegations of Paragraph 1.

2.    As a part of her regular duties, Ms. Mathis was tasked with ensuring the safety and well-being of her art students at Mosinee Middle School, working diligently to create an environment free from distractions and interruptions. From time to time, Ms. Mathis' duty of enforcing student discipline, including the School's student cell phone classroom usage policy, put her at odds with certain students.

    **ANSWER:**    Defendants have insufficient information to either admit or deny the allegations of Paragraph 2, but to the extent that an answer is deemed to be required,

the Defendants Andrea Reede, Mark Reede, and E.R., a minor, deny the allegations of

Paragraph 2.

3.    In the last decade or more, cell phone technology, and in particular social networking sites on smart phones (i.e., Instagram, Tik Tok, and Snap Chat), have permitted students to not only distract themselves from their schoolwork, but also to interfere with the ability of their classmates to receive an education and their teachers to provide an education.

   **ANSWER:**  Defendants, Andrea Reede, Mark Reede, and E.R., a minor, deny the

allegations of Paragraph 3.

4.    This civil action is necessary to expose and stop students, and their enablers, from inflicting grievous harm on teachers through false criminal accusations and unlawful employment actions in order to retaliate against teachers, like Ms. Mathis, who seek only to maintain discipline and decorum in their classrooms by enforcing the School's student cell phone classroom usage policy.

   **ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, deny the

allegations of Paragraph 4.

5.    Ms. Mathis is the victim of vicious, false, and defamatory statements by E.R., a minor 12-year old child of Mark and Andrea Reede, who falsely accused Ms. Mathis of inappropriately and sexually touching her during an art class on March 25, 2021.

   **ANSWER:**    Defendants, Andrea Reede, Mark Reede, and E.R., a minor, deny the

allegations of Paragraph 5.

6.    E.R.'s defamatory false statements concerning Ms. Mathis were part of an orchestrated scheme, with her friends, A.B., a minor 12-year old child of Brian and Julie Brzezinski, and M.M. a minor 12-year old child of Hubble Manley and Megan Majewski Resch, to express their dislike for, anger against, and to retaliate against, Ms. Mathis for enforcing the School's student cell phone classroom usage policy.

**ANSWER:**      Defendants, Andrea Reede, Mark Reede, and E.R., a minor, deny the

allegations of Paragraph 6.

7.    E.R. 's false and defamatory accusations about Ms. Mathis' conduct in her classroom were not only aided and abetted by A.B. and M.M. but also by Defendants Mosinee School District, School Board President Kevin J. Hermening, Superintendent David Muñoz, Mosinee Middle School Principal Brad Grube, Mosinee Middle School Human Resources Coordinator Karla Michanowicz, and Mosinee Middle School Resource Officer Eric J. Krause, all of whom intentionally ignored or suppressed exculpatory evidence and inconsistencies in E.R., A.B., and M.M.'s allegations in order to assist in the prosecution of the criminal case against Ms. Mathis and to terminate her employment with the School District. These Defendants perpetrated this malicious prosecution of Ms. Mathis in violation of her civil rights which in turn resulted in a loss of consortium for her husband, Paul J. Mathis.

**ANSWER:**    Defendants, Andrea Reede, Mark Reede, and E.R., a minor, deny that E.R made any false and defamatory accusations about Ms. Mathis and have insufficient information to either admit or deny the balance of the allegations of Paragraph 7, but to the extent that an answer is deemed to be required, they deny the allegations of Paragraph 7.

8.    During the period in question, Defendant Krause was negligently trained and supervised in sexual assault investigations by Defendants City of Mosinee, Wisconsin, former Mosinee Police Chief Ken Muelling, and current Mosinee Police Chief Kenneth Grams.

**ANSWER:**    Defendants have insufficient information to either admit or deny the allegations of Paragraph 8, but to the extent that an answer is deemed to be required Defendants, Andrea Reede, Mark Reede, and E.R., a minor, deny the allegations of Paragraph 8.

9.    E.R.'s false and defamatory statements, aided by her parents Mark and Andrea Reede, and by her friends, A.B. and M.M., and their parents, Brian and Julie Brzezinski and Hubble Manley and Megan Majewski Resch, were bolstered and supported by the negligent, biased, and shoddy investigation undertaken by Defendants, Grube, Michanowicz, and Krause, and caused Ms. Mathis grievous harm to her reputation, emotional health, and professional career.

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, deny the

allegations of Paragraph 9.

### JURISDICTION AND VENUE

10.   This court has federal subject matter jurisdiction over the federal civil rights claims
pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, and supplemental jurisdiction
over the state law claims arising out of the same case or controversy pursuant to
28 U.S.C. § 1367.

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, admit the

allegations of Paragraph 10.

11.   Venue is appropriate in this court under 28 U.S.C. § 1391(b)(2) because a
substantial part of the events or omissions described herein took place in Marathon
County, Wisconsin, which is located in the District Court for the Western District
of Wisconsin.

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, admit the

allegations of Paragraph 11.

### PARTIES

12.   Plaintiff Christy J. Mathis is an individual residing in Wausau, Marathon County,
Wisconsin, at all times material hereto.

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, admit the

allegations of Paragraph 12.

13.   Plaintiff Paul J. Mathis is an individual residing in Wausau, Marathon County,
Wisconsin, at all times material hereto.

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, admit the

allegations of Paragraph 13.

14. Defendant Mosinee School District ("District") was at all times material a school district organized and existing under the laws of the State of Wisconsin whose business address is 146001 State Highway 153, Mosinee, Marathon County, Wisconsin. The District is governed by the Mosinee School Board (hereinafter "Board"), whose members acting in their official capacity constitute the District's final policymakers.

   **ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, admit the allegations of Paragraph 14.

15. The District is made a Defendant in this action on the ground of its direct liability for violations of Plaintiff Christy Mathis' civil rights and on the ground of its liability as indemnitor under Wis. Stat. § 895.46, to pay any judgment for damages and costs entered against School Board President Kevin J. Hermening, Superintendent David Muñoz, Principal Brad Grube, or Human Resources Coordinator Karla Michanowicz, for acts done within the scope of their employment while carrying out duties as a public officers or employees of Defendant District.

   **ANSWER:**   Paragraph 15 alleges legal conclusions to which no answer is required but to the extent an answer may be deemed required Defendants, Andrea Reede, Mark Reede, and E.R., a minor, deny the allegations of Paragraph 15.

16. Defendant, Kevin J. Hermening ("Hermening"), is an adult resident of the State of Wisconsin, whose current address is 148591 Smore Lane, Mosinee, WI 54455. All actions alleged in this Amended Complaint to have been taken by Defendant Hermening were taken in both his individual capacity and his official capacity as President of the Board. At all times relevant to this Amended Complaint, Defendant Hermening was acting under color of state law within the meaning of 42 U.S.C. § 1983 and while carrying out his duties as a public officer or employee and within the scope of his employment by Defendant District.

   **ANSWER:**   Defendants Andrea Reede, Mark Reede, and E.R., a minor, admit that Defendant Kevin J. Hermening is an adult resident of the State of Wisconsin, have insufficient information to admit or deny his address. The balance of the allegations of

Paragraph 16 are legal conclusions to which no answer is required.  But to the extent an answer may be deemed required, they are denied.

17.   Defendant David Muñoz ("Superintendent Muñoz") was at all times material a citizen of the United States, a resident of the State of Wisconsin, and the Superintendent of Defendant District. All actions alleged in this Amended Complaint to have been taken by Defendant Muñoz were taken in both his individual capacity and his official capacity as Superintendent of Defendant District. At all times relevant to this Amended Complaint, Defendant Muñoz was acting under color of state law within the meaning of 42 U.S.C. § 1983 and while carrying out his duties as an employee and within the scope of his employment by Defendant District.

   **ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, admit that the Defendant David Muñoz is an adult resident of the State of Wisconsin, was at all times material a citizen of the United States, a resident of the State of Wisconsin, and the Superintendent of the Defendant Mosinee School District. They have insufficient information to either admit or deny the balance of the allegations of Paragraph 17, which are legal conclusions, but to the extent an answer is deemed required they deny the balance of the allegations of Paragraph 17.

18.   Defendant Brad Grube ("Principal Grube") was at all times material a citizen of the United States, a resident of the State of Wisconsin, Principal of the Mosinee Middle School, and Plaintiff Christy J. Mathis' direct supervisor. All actions alleged in this Amended Complaint to have been taken by Principal Grube were taken in both his individual capacity and his official capacity as Principal of the Mosinee Middle School. At all times relevant to this Amended Complaint, Principal Grube was acting under color of state law within the meaning of 42 U.S.C. § 1983 and while carrying out his duties as an employee and within the scope of his employment by Defendant District.

   **ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, admit that Brad Grube ("Principal Grube") was at all times material a citizen of the United States, a resident of the State of Wisconsin, Principal of the Mosinee Middle School, and

Plaintiff Christy J. Mathis' direct supervisor. The balance of the allegations of

Paragraph 18 are legal conclusions to which no answer is required.  But to the extent an

answer may be deemed required, they are denied.

19.   Defendant Karla Michanowicz ("Ms. Michanowicz") was at all times material a
      citizen of the United States, a resident of the State of Wisconsin, Human Resources
      Coordinator of the Mosinee Middle School, and Plaintiff Christy J. Mathis' Human
      Resources contact.  All actions alleged in this Amended Complaint to have been
      taken by Ms. Michanowicz were taken in both her individual capacity and her
      official capacity as Human Resources Coordinator of the Mosinee Middle School.
      At all times relevant to this Amended Complaint, Ms. Michanowicz was acting
      under color of state law within the meaning of 42 U.S.C. § 1983 and while carrying
      out her duties as an employee and within the scope of her employment by
      Defendant District.

      **ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, admit

that Karla Michanowicz ("Ms. Michanowicz") was at all times material a citizen of the

United States, a resident of the State of Wisconsin, Human Resources Coordinator of the

Mosinee Middle School, and Plaintiff Christy J. Mathis' Human Resources contact. The

balance of the allegations of Paragraph 19 are legal conclusions to which no answer is

required.  To the extent an answer may be deemed required, they are denied.

20.   Defendant City of Mosinee, Wisconsin (hereinafter "Defendant City") is a
      municipal corporation organized and authorized to operate under the laws of
      Wisconsin and is located at 225 Main Street, Marathon County, Mosinee,
      Wisconsin. Defendant City is responsible for maintaining and operating the
      Mosinee Police Department.

      **ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, admit the

allegations of Paragraph 20.

21.   Defendant Eric J. Krause ("Krause") is an adult resident of the State of Wisconsin,
      whose current address is 141322 Lenz Lane, Mosinee, WI 54455. At all times
      relevant to the events complained of herein, Officer Krause was employed as a
      Mosinee Police Officer by the City of Mosinee, Wisconsin, and acting as a School

Resource Officer for the Mosinee Middle School in the Mosinee School District. All actions alleged in this Amended Complaint to have been taken by Defendant Krause were taken in both his individual capacity and his official capacity as a Mosinee Police Officer. At all times relevant to this Amended Complaint, Defendant Krause was acting under color of state law within the meaning of 42 § 1983 and while carrying out his duties as a public officer or employee and within the scope of his employment by Defendant City.

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, admit that

Eric J. Krause is an adult resident of the State of Wisconsin, that he was employed as a

Mosinee Police Officer by the City of Mosinee, Wisconsin and acting as a School

Resource Officer for the Mosinee Middle School in the Mosinee School District. The

balance of the allegations of Paragraph 21 are legal conclusions to which no answer is

required.  But to the extent an answer may be deemed required, they are denied.

22.   Defendant Kenneth Grams ("Grams") is an adult resident of the State of Wisconsin and from May 10, 2021 to the present, was employed as the Chief of Police for the Mosinee Police Department in Mosinee, Wisconsin, and supervisor of Defendant Krause. All actions alleged in this Amended Complaint to have been taken by Defendant Grams were taken in both his individual capacity and his official capacity as Police Chief of the Mosinee Police Department. At the times relevant to this Amended Complaint, Defendant Grams was acting under color of state law within the meaning of 42 U.S.C. § 1983 and while carrying out his duties as a public officer or employee and within the scope of his employment by Defendant City.

**ANSWER:**    Defendants, Andrea Reede, Mark Reede, and E.R., a minor, admit

that Kenneth Grams is an adult resident of the State of Wisconsin and admit that

Kenneth Grams was employed as the Chief of Police for Mosinee, Wisconsin. The

balance of the allegations of Paragraph 22 are legal conclusions to which no answer is

required.  But to the extent an answer may be deemed required, they are denied.

23.   Defendant Ken Muelling ("Muelling") is an adult resident of the State of Wisconsin and up until March 2021, was employed as the Chief of Police for the

Mosinee Police Department in Mosinee, Wisconsin, and supervisor of Defendant Krause.  All actions alleged in this Amended Complaint up until March 2021, to have been taken by Defendant Muelling were taken in both his individual capacity and his official capacity as Police Chief of the Mosinee Police Department.  At all times relevant to this Amended Complaint, Defendant Muelling was acting under color of state law within the meaning of 42 U.S.C. § 1983 and while carrying out his duties as a public officer or employee and within the scope of his employment by Defendant City.

**ANSWER:**  Defendants, Andrea Reede, Mark Reede, and E.R., a minor, admit that Ken Muelling is an adult resident of the State of Wisconsin and up until March 2021, was employed as the Chief of Police for the Mosinee Police Department in Mosinee, Wisconsin, and supervisor of Defendant Krause. The balance of the allegations of Paragraph 23 are legal conclusions to which no answer is required.  To the extent an answer may be deemed required, they are denied.

24.   Defendants Andrea and Mark Reede, parents of minor E.R., are adult residents of the State of Wisconsin, whose current address is 2022 Circle Drive, Kronenwetter, WI 54455.

**ANSWER:**   Defendants Andrea Reede, Mark Reede and E.R., a minor, admit the allegations of Paragraph 24.

25.   Defendant E.R., a minor child, is a resident of the State of Wisconsin, and at all times relevant to the events complained of herein, a Mosinee Middle School student, who was enrolled in Plaintiff Christy Mathis' art class during third hour in the spring of 2021.

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, admit the allegations of Paragraph 25.

26.   Defendants Brian and Julie Brzezinski, parents of minor A.B., are adult residents of the State of Wisconsin, whose current address is 1835 Grant Road, Kronewetter, WI 54455.

**ANSWER:**    Defendants Andrea Reede, Mark Reede and E.R., a minor, admit the

allegations of Paragraph 26.

27.    Defendant A.B., a minor child, is a resident of the State of Wisconsin, and at all
times relevant to the events complained of herein, a Mosinee Middle School
student, who was enrolled in Plaintiff Christy Mathis' art class during third hour
in the spring of 2021.

**ANSWER:**    Defendants, Andrea Reede, Mark Reede, and E.R., a minor, admit the

allegations of Paragraph 27.

28.    Defendants Hubble Manley and Megan Majewski Resch, parents of minor M.M.,
are adult residents of the State of Wisconsin.  Mr. Manley's current address is
208590 Beans Eddy Road, Mosinee, WI 54455, while Ms. Resch's current address is
519 U.S. Highway 45, Birnamwood, WI 54414.

**ANSWER:**    Defendants Andrea Reede, Mark Reede and E.R., a minor, admit the

allegations of Paragraph 28.

29.    Defendant M.M., a minor child, is a resident of the State of Wisconsin, and at all
times relevant to the events complained of herein, a Mosinee Middle School
student, who was enrolled in Plaintiff Christy Mathis' art class during third hour
in the spring of 2021.

**ANSWER:**    Defendants, Andrea Reede, Mark Reede, and E.R., a minor, admit

that M.M., a minor child, is a resident of the State of Wisconsin and a Mosinee Middle

School student, who was enrolled in Plaintiff Christy Mathis' art class during third hour

in the spring of 2021, but deny that she was present in Mathis' art class at all times

relevant to the events Plaintiffs complain of.

## FACTUAL BACKGROUND

30.    Plaintiff Christy J. Mathis is the mother of two daughters and has been the wife of
Plaintiff Paul J. Mathis for over twenty-five years.

**ANSWER:**     Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have

insufficient information to either admit or deny the allegations of Paragraph 30, but to

the extent that an answer may be required, deny the allegations of Paragraph 30.

31.   Ms. Mathis had been a middle school art teacher for twenty-five years, from
      August 13, 1996 through July 12, 2021, at the Mosinee Middle School in Mosinee,
      Wisconsin.

**ANSWER:**     Defendants, Andrea Reede, Mark Reede, and E.R., a minor, admit

that Mathis was an art teacher at the Mosinee Middle School in Mosinee, Wisconsin.

They have insufficient information to either admit or deny the balance of the allegations

of Paragraph 31 but to the extent that an answer may be required, deny the balance of

the allegations of Paragraph 31.

32.   Over the course of her teaching career, Ms. Mathis performed her job competently
      and although she had been counseled with regard to entering her grades on a
      timely basis and keeping a clean classroom, she had never been disciplined for
      engaging in any type of inappropriate physical or sexual contact with students.

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have

insufficient information to either admit or deny the allegations of Paragraph 32, but to

the extent that an answer may be required, deny the allegations of Paragraph 32.

33.   On March 25, 2021, one of Ms. Mathis's former 7th grade art students, E.R., falsely
      and maliciously accused Ms. Mathis of inappropriately touching her on her back
      and buttocks in her art classroom with thirty other students present during third
      hour class.

**ANSWER:**     Defendants, Andrea Reede, Mark Reede, and E.R., a minor, deny the

allegations of Paragraph 33.

34.   E.R. and her close friends, A.B. and M.M., very much disliked Ms. Mathis because
      she strictly enforced a student cell phone usage policy in her classroom and for
      other various reasons.

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, deny the

allegations of Paragraph 34.

35.   Ms. Mathis frequently chastised E.R. for her inappropriate use of her cell phone in Ms. Mathis' class.  Ms. Mathis took E.R.'s cell phone away previously and addressed classroom cell phone usage with her.

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, deny the

allegations of Paragraph 35.

36.   On March 25, 2021, during third-hour art class, Ms. Mathis was walking around tables about ten to fifteen minutes into the class period. She noticed E.R. looking down at her lap. She had both hands in her lap, so Ms. Mathis suspected she was on her cell phone.

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, deny the

allegations of Paragraph 36.

37.   Ms. Mathis walked up behind E.R., placed her left hand on E.R.'s right shoulder and looked over her shoulder at E.R.'s lap. Ms. Mathis asked if E.R. was on her cell phone and E.R. stated, "Yes, I was just finishing up a text to my mom."

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, deny the

allegations of Paragraph 37.

38.   Ms. Mathis told E.R. to put the phone away and that E.R. should be working on her art. E.R. did not immediately put the cell phone away, so Ms. Mathis reached over E.R. with her right hand and asked for the cell phone.

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, deny the

allegations of Paragraph 38.

39.   Ms. Mathis does not remember if she kept her left hand on E.R.'s shoulder, as Ms. Mathis was focused on taking the cell phone. E.R. then gave her cell phone to Ms. Mathis, and Ms. Mathis placed the cell phone at the top edge of the table.

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, deny the allegations of Paragraph 39.

40.   E.R. then stated she wanted to put the cell phone away, so E.R. started reaching for it and while she was reaching for the cell phone, she partially stood up off of her stool.

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, deny the allegations of Paragraph 40.

41.   Ms. Mathis then told E.R. that it was ok to either leave the cell phone on the table or in E.R.'s pocket, but that E.R. should not take the cell phone out during class anymore. Ms. Mathis told E.R. that she would take the cell phone away if it was used again and send her to the principal's office.  E.R. then started to sit back down.

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, deny the allegations of Paragraph 41.

42.   Ms. Mathis ended the interaction with E.R. at that point by telling E.R. to keep the cell phone put away. E.R. seemed annoyed with Ms. Mathis and exclaimed, "Okay, I will!"

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, deny the allegations of Paragraph 42.

43.   At no point during this interaction, or any other time during this class period, did Ms. Mathis inappropriately touch E.R. including grab, squeeze, or slap E.R.'s buttocks, as E.R. alleges. Rather, Ms. Mathis merely attempted to take away E.R.'s cell phone from her.

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, deny the allegations of Paragraph 43.

44.   It never crossed Ms. Mathis' mind that this incident was source of the allegations against her until she understood two weeks later that it was E.R. who filed the complaint against her.

**ANSWER:**    Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have

insufficient information to either admit or deny the allegations of Paragraph 44, but to

the extent that an answer may be required, deny the allegations of Paragraph 44.

45.   E.R. and her close friends, M.M. and A.B., reported the alleged incident after third
hour class on March 25, 2021, to Mosinee Middle School Assistant Principal Paul
Rheinschmidt, who took their statements and then brought the allegations to the
attention of Principal Grube.

**ANSWER:**    Defendants, Andrea Reede, Mark Reede, and E.R., a minor, admit the

allegations of Paragraph 45.

46.   Before discussing the incident with Ms. Mathis, Principal Grube investigated the
complaint by first interviewing students who claimed to be witnesses and then
interviewing other students who were in art class during that same class period.

**ANSWER:**    Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have

insufficient information to either admit or deny the allegations of Paragraph 46 but to

the extent that an answer may be deemed to be required deny the allegations of

Paragraph 46.

47.   Principal Grube's interviews occurred on March 25, 2021, March 26, 2021, and
April 5, 2021.  The students who were interviewed filled out written statements.
Ms. Mathis was neither provided with any of those student written statements, nor
given an opportunity to respond to those statements.

**ANSWER:**    Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have

insufficient information to either admit or deny the allegations of Paragraph 47 but to

the extent that an answer may be deemed to be required deny the allegations of

Paragraph 47.

48.   Principal Grube reported the incident to Officer Krause on March 25, 2021 and was
told by Officer Krause to circle back with him when Principal Grube completed his
investigation. Per Officer Krause's instructions, Principal Grube reported the

14

results of this investigation to Officer Krause on the morning of April 5, 2021, saying that he felt (even though not an attorney or police officer) that there may be a violation of the law.

**ANSWER:**  Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have

insufficient information to either admit or deny the allegations of Paragraph 48 but to

the extent that an answer may be deemed to be required deny the allegations of

Paragraph 48.

49.   In the early afternoon of March 25, 2021, Ms. Mathis received a phone call from Principal Grube. Principal Grube asked Ms. Mathis to stop down at his office after class. Dan Lesniak, the Mosinee Middle School teacher union president, accompanied Ms. Mathis to the meeting.

**ANSWER:**    Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have

insufficient information to either admit or deny the allegations of Paragraph 49 but to

the extent that an answer may be deemed to be required deny the allegations of

Paragraph 49.

50.   When Ms. Mathis and Mr. Lesniak entered Principal Grube's office, Principal Grube was sitting at his desk.  Ms. Michanowicz was also sitting in the office. Principal Grube told Ms. Mathis that she was being sent home due to a student complaint, and Ms. Mathis would be out as well on Friday, March 26, 2021.

**ANSWER:**  Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have

insufficient information to either admit or deny the allegations of Paragraph 50 but to

the extent that an answer may be deemed to be required deny the allegations of

Paragraph 50.

51.   Neither Principal Grube nor Ms. Michanowicz provided any information or details to Ms. Mathis about the student complaint and therefore, Ms. Mathis did not understand the nature of the complaint.

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have insufficient information to either admit or deny the allegations of Paragraph 51 but to the extent that an answer may be deemed to be required deny the allegations of Paragraph 51.

52.   Basic notions of due process require, at a minimum, that an accused person be given notice of the accusations against him or her, and be given the opportunity to respond to such accusations. Ms. Mathis was given neither notice nor the opportunity to respond, resulting in a violation of her due process rights by Principal Grube and Ms. Michanowicz.

**ANSWER:**   The allegations of Paragraph 52 are legal conclusions, but to the extent that an answer may be deemed required, Defendants, Andrea Reede, Mark Reede, and E.R., a minor deny the allegations of Paragraph 52.

53.   On March 26, 2021, Ms. Mathis received a call from Principal. Grube, telling her to come to school at 3:30 p.m., and that the student complaint concerned an accusation of an inappropriate touch.

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor have insufficient information to either admit or deny the allegations of Paragraph 53 but to the extent that an answer may be deemed to be required they deny the allegations of Paragraph 53.

54.   Ms. Mathis, along with Mr. Lesniak, attended this second meeting with Principal Grube and Ms. Michanowicz.

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have insufficient information to either admit or deny the allegations of Paragraph 54 but to the extent that an answer may be deemed to be required they deny the allegations of Paragraph 54.

55. Principal Grube only partially explained the inappropriate touch accusation. He said there were two complaints: one was that Ms. Mathis had placed her hands on a student's shoulders, and one that she had touched a student's back and buttocks. Ms. Mathis, still not knowing what Principal Grube was referring, asked if it was one student, and Principal Grube replied that it was two different students.

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have insufficient information to either admit or deny the allegations of Paragraph 55 but to the extent that an answer may be deemed to be required they deny the allegations of Paragraph 55.

56. Principal Grube gave no indication if the students were male or female, or any other indication as to where or when in the classroom the alleged incident had occurred.  He simply said it allegedly occurred in the seventh-grade, third-hour class on March 25, 2021.

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have insufficient information to either admit or deny the allegations of Paragraph 56 but to the extent that an answer may be deemed to be required they deny the allegations of Paragraph 56.

57. At this same March 26th meeting, Principal Grube told Ms. Mathis that the interviews with the students making the accusations against her occurred on Thursday, March 25 and Friday, March 26, and that the interviews would finish up on Monday, April 5th, after Spring Break when students returned for school. Principal Grube again did not share any other information concerning these student interviews with Ms. Mathis or any other information about the allegations that had been made against her.

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have insufficient information to either admit or deny the allegations of Paragraph 57 but to the extent that an answer may be deemed to be required they deny the allegations of Paragraph 57.

58. At this same meeting, Mr. Lesniak questioned Principal Grube about letting the accusers and student witnesses talk over their stories with each other during Spring Break to make sure that their stories lined up. Mr. Lesniak explained to Principal Grube that it was not fair to Ms. Mathis to allow that much time to elapse between taking statements from students. Principal Grube stated that he could not control what the students talked about outside of his office.

   **ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have insufficient information to either admit or deny the allegations of Paragraph 58 but to the extent that an answer may be deemed to be required they deny the allegations of Paragraph 58.

59. Principal Grube asked Ms. Mathis on March 26, 2021 to write a statement regarding what may have occurred in her classroom that could have been construed as an inappropriate touch.

   **ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have insufficient information to either admit or deny the allegations of Paragraph 59 but to the extent that an answer may be deemed to be required they deny the allegations of Paragraph 59.

60. Because Ms. Mathis had been given no specifics of the complaint against her, including by whom, Ms. Mathis could not think of any incident that could be remotely deemed as an inappropriate touch.

   **ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have insufficient information to either admit or deny the allegations of Paragraph 60 but to the extent that an answer may be deemed to be required they deny the allegations of Paragraph 60.

61. Mosinee Middle School's Spring Break ran from Saturday, March 27, 2021 through Sunday, April 4, 2021.

**ANSWER:**    Defendants, Andrea Reede, Mark Reede, and E.R., a minor, admit the allegations of Paragraph 61.

62.    On March 27, Mr. Lesniak discussed with Ms. Mathis the Garrity document, which required Ms. Mathis to cooperate with the school's investigation as long as nothing she said could be used against her in a future criminal proceeding.

**ANSWER:**    Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have insufficient information to either admit or deny the allegations of Paragraph 62 but to the extent that an answer may be deemed to be required they deny the allegations of Paragraph 62.

63.    On Tuesday, March 30, 2021, Ms. Michanowicz sent an email to Ms. Mathis and Mr. Lesniak with the Garrity document signed by Principal Grube attached. Ms. Mathis had until the end of the day on Monday, April 5, 2021, to finish her statement about the student allegations even though she still did not know which students had filed the complaints, as well as the nature of the complaints.

**ANSWER:**    Defendants, Andrea Reede, Mark Reede, and E.R., a minor have insufficient information to either admit or deny the allegations of Paragraph 63 but to the extent that an answer may be deemed to be required they deny the allegations of Paragraph 63.

64.    On Tuesday, March 30, 2021, Principal Grube told Ms. Mathis that the Middle School was extending her paid leave until Wednesday, April 7, 2021.

**ANSWER:**    Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have insufficient information to either admit or deny the allegations of Paragraph 64 but to the extent that an answer may be deemed to be required they deny the allegations of Paragraph 64.

65.    On Friday, April 2, 2021, without any specific information about the student complaints against her, Ms. Mathis submitted her Garrity statement to Principal

Grube, which stated that she could not recall anything that would be remotely deemed as inappropriately touching a student.

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have

insufficient information to either admit or deny the allegations of Paragraph 65 but to

the extent that an answer may be deemed to be required they deny the allegations of

Paragraph 65.

66.   At approximately 12:45 p.m. on Monday, April 5, 2021, two police cars parked outside of Ms. Mathis' house. Ms. Mathis was arrested by Officer Krause, who was accompanied by a Marathon County Deputy Sheriff.

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have

insufficient information to either admit or deny the allegations of Paragraph 66 but to

the extent that an answer may be deemed to be required they deny the allegations of

Paragraph 66.

67.   Ms. Mathis was charged with 1st Degree Child Sexual Assault Sexual Contact with a Child Under 13.

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, admit the

allegations of Paragraph 67.

68.   During her arrest, Officer Krause told Plaintiff Paul J. Mathis, by telephone, that the student interviews were all completed before Spring Break. They were not, as additional students were interviewed on April 5, 2021.

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have

insufficient information to either admit or deny the allegations of Paragraph 68 but to

the extent that an answer may be deemed to be required they deny the allegations of

Paragraph 68.

69. During the ride in the police car to the police station, Ms. Mathis asked Officer Krause if she would ever find out both the identity of her accuser and the nature of the complaint, as she shockingly still did not know the specifics of the complaint against her and who had brought it.

**ANSWER:** Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have

insufficient information to either admit or deny the allegations of Paragraph 69 but to

the extent that an answer may be deemed to be required they deny the allegations of

Paragraph 69.

70. Once at the police station, Officer Krause summarized the complaint against Ms. Mathis, saying her accuser was a 12-year-old female student who claimed that Ms. Mathis had placed her hand on her back and slid it down and slapped and squeezed her butt.

**ANSWER:** Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have

insufficient information to either admit or deny the allegations of Paragraph 70 but to

the extent that an answer may be deemed to be required they deny the allegations of

Paragraph 70.

71. Ms. Mathis asked if it was a single accuser because she was told by Principal Grube during the March 25, 2021 school meeting that there were two complaints filed against her. Officer Krause stated it was just one complaint and did not explain what had happened to the other student complaint.

**ANSWER:** Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have

insufficient information to either admit or deny the allegations of Paragraph 71 but to

the extent that an answer may be deemed to be required they deny the allegations of

Paragraph 71.

72. Because Ms. Mathis still did not know who made the accusation and did not recall any such inappropriate or sexual touching occurring, she asked Officer Krause for the accuser's name. Officer Krause told Ms. Mathis that E.R. made the allegation. This was the first time, eleven (11) days after Ms. Mathis was dismissed from

school based on a student complaint, that Ms. Mathis discovered the identify of her accuser..

**ANSWER:**     Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have insufficient information to either admit or deny the allegations of Paragraph 72 but to the extent that an answer may be deemed to be required they deny the allegations of Paragraph 72.

73.   Once Ms. Mathis understood E.R. made the allegation against her, Ms. Mathis recalled that she had an encounter with E.R. during art class on March 25, 2021, involving the use of E.R.'s cell phone.

**ANSWER:**     Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have insufficient information to either admit or deny the allegations of Paragraph 73 but to the extent that an answer may be deemed to be required they deny the allegations of Paragraph 73.

74.   On Tuesday, April 6, 2021, Ms. Mathis had a bond hearing where she heard the formal details of the allegations against her. Mr. Mathis then posted bail and was permitted to go home.

**ANSWER:**     Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have insufficient information to either admit or deny the allegations of Paragraph 74 but to the extent that an answer may be deemed to be required they deny the allegations of Paragraph 74.

75.   Prior to bringing the charges, the investigations conducted by the Mosinee Police Department and Mosinee Middle School, through Principal Grube, Ms. Michanowicz, and Officer Krause, were deficient in numerous ways.

**ANSWER:**   The allegations of Paragraph 75 are legal conclusions, but to the extent that an answer may be deemed required, Defendants, Andrea Reede, Mark Reede, and E.R., a minor, deny the allegations of Paragraph 75.

76.   Officer Krause filed his initial Incident/Investigation Report into the allegations by E.R. against Ms. Mathis on April 5, 2021. In this report, Officer Krause writes that E.R. told him that, "she witnessed [Ms.] Mathis walk to another table and touch another female student's butt. She stated she saw the end of the touch, when [Ms.] Mathis removed her hand from the butt area." The other student's name is redacted.

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have insufficient information to either admit or deny the allegations of Paragraph 76 but to the extent that an answer may be deemed to be required they deny the allegations of Paragraph 76.

77.   In the same Incident Report, Officer Krause interviewed eight other students and received twenty-nine student statements, including one from an unidentified student who stated that, "she was touched on the back but felt that it may have been an accident and the touch was not inappropriate in nature. She did advise that she has witnessed [Ms.] Mathis touch other students in the shoulders or back area, but hasn't witnessed any inappropriate touching of students."

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have insufficient information to either admit or deny the allegations of Paragraph 77 but to the extent that an answer may be deemed to be required they deny the allegations of Paragraph 77.

78.   Yet another unidentified student in the Incident Report stated that "it appeared to be just a slide down the back and a slide down the butt area, she was unsure if it was grabbed, but did confirm it was touched. [Redacted] also stated that Mathis has touched her in the back area, but hasn't touched her inappropriately."

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have insufficient information to either admit or deny the allegations of Paragraph 78 but to the extent that an answer may be deemed to be required they deny the allegations of Paragraph 78.

79.   In all, besides two of E.R.'s close friends, M.M. and A.B., though a number of students witnessed Ms. Mathis touch E.R.'s back or buttocks, no one else stated that they had seen Ms. Mathis grab, squeeze, slap, or pinch E.R.'s buttocks, or do so in an intentional or inappropriate manner.

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have insufficient information to either admit or deny the allegations of Paragraph 79 but to the extent that an answer may be deemed to be required they deny the allegations of Paragraph 79.

80.   Officer Krause did not once ask for Ms. Mathis' side of the story prior to arresting her at her home on April 5, 2021, showing that he had prejudged her actions based on E.R.'s, M.M.'s, and A.B.'s malicious and false allegations.

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have insufficient information to either admit or deny the allegations of Paragraph 80 but to the extent that an answer may be deemed to be required they deny the allegations of Paragraph 80.

81.   While she was being arrested, Ms. Mathis told Officer Krause that "she didn't do anything." During this time, Ms. Mathis also stated to Officer Krause that "she thought hard and long and couldn't think of anything that might have happened including accidentally." Ms. Mathis also denied that she had ever touched a student inappropriately or in a private area.

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have insufficient information to either admit or deny the allegations of Paragraph 81 but to

the extent that an answer may be deemed to be required they deny the allegations of

Paragraph 81.

82.    On April 6, 2021, Officer Krause filed his first Case Supplemental Report after a number of students came to speak to him in his office at the Middle School about E.R.'s allegations against Ms. Mathis.

   **ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have

insufficient information to either admit or deny the allegations of Paragraph 82 but to

the extent that an answer may be deemed to be required they deny the allegations of

Paragraph 82.

83.    Two unidentified students, believed to be M.M. and. A.B., stated that Ms. "Mathis was a person and felt bad because this was her life, her job and they felt this was going too far and they felt overwhelmed about the entire situation."

   **ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have

insufficient information to either admit or deny the allegations of Paragraph 83 but to

the extent that an answer may be deemed to be required they deny the allegations of

Paragraph 83.

84.    Rather than considering the possibility that these two students wanted to recant their allegations against Ms. Mathis and that E.R. was lying, Officer Krause ignored their concerns and inappropriately told them that, "it can be hard to stand up for what's right," yet again prejudging Ms. Mathis' guilt.

   **ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have

insufficient information to either admit or deny the allegations of Paragraph 84 but to

the extent that an answer may be deemed to be required they deny the allegations of

Paragraph 84.

85.  On April 7, 2021, Officer Krause filed his second Case Supplemental Report based on two emails he received from a female student informant, either M.K. or R.Z., on April 6, 2021, calling into serious doubt E.R.'s allegations made against Ms. Mathis.

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have

insufficient information to either admit or deny the allegations of Paragraph 85 but to

the extent that an answer may be deemed to be required they deny the allegations of

Paragraph 85.

86.  Specifically, the first email stated that "a group of students were lying about the whole thing with [Ms.] Mathis. The email stated they disliked her and wanted her kicked out of the school. The email also stated they were planning on doing this to other teachers."

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have

insufficient information to either admit or deny the allegations of Paragraph 86 but to

the extent that an answer may be deemed to be required they deny the allegations of

Paragraph 86.

87.  The second email, a few minutes later, from the same student to Officer Krause specifically put him on notice about the cell phone issue: "Another thing is that [Ms. Mathis] may have taken [E.R., M.M., and A.B.'s] phones from their back pocket but she never actually touched them."

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have

insufficient information to either admit or deny the allegations of Paragraph 87 but to

the extent that an answer may be deemed to be required they deny the allegations of

Paragraph 87.

88.  Officer Krause and Principal Grube then interviewed the student, either M.K. or R.Z., in Officer Krause's school office.  During the interview, the student told them that "on 3/26/21, the entire 7th grade class was down at River Park across from the school," and that, "[w]hile together in the group, . . . the girls started to talk about the Mathis incident and thought she got fired or was going to get fired and

. . . they seemed happy about it because they don't like her. During that conversation, [redacted] stated they spoke about Mr. Xiong another Middle School teacher and wanting to get him removed next because people didn't like him."

  **ANSWER:**  Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have

insufficient information to either admit or deny the allegations of Paragraph 88 but to

the extent that an answer may be deemed to be required they deny the allegations of

Paragraph 88.

89. Rather than take these allegations seriously, Officer Krause and Principal Grube inexplicably discounted and/or ignored the informant's story and attempted to explain away her statements, speculating without any evidence that "it was possible that [E.R. and her friends] were excited because they no longer had to deal with [Ms.] Mathis because of what she did."

  **ANSWER:**  Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have

insufficient information to either admit or deny the allegations of Paragraph 89 but to

the extent that an answer may be deemed to be required they deny the allegations of

Paragraph 89.

90. Officer Krause continued to inappropriately try to sway the informant by persuading her that "some people react different when they are dealing with emotions and might seem odd to others as everyone is different." Officer Krause then asked the informant if this was possible, and all the informant said was "maybe." Officer Krause never asked about any cell phone issues with E.R., M.M., or A.B., in dereliction of his investigatory duties.

  **ANSWER:**  Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have

insufficient information to either admit or deny the allegations of Paragraph 90 but to

the extent that an answer may be deemed to be required they deny the allegations of

Paragraph 90.

91. Officer Krause, without support and showing that he had a stake in Ms. Mathis being prosecuted and fired, wrote in his Supplemental Case Report that M.K. or

R.Z. "had *no valid information* that would suggest anyone falsely creating this complaint and was trying to get Mathis into trouble by creating a false police report. She *only expressed emotions* and nothing of evidence that would prove anything was falsely reported." (emphasis added). The informant expressed more than emotions, but actual statements made by E.R., M.M., or A.B.

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have

insufficient information to either admit or deny the allegations of Paragraph 91 but to

the extent that an answer may be deemed to be required they deny the allegations of

Paragraph 91.

92.    Similarly, a separate, second student told Officer Krause that she overheard E.R. say that it was all just a joke, and that she was kidding. Officer Krause again inappropriately dismissed this testimony too, saying it was just "hearsay," and concluding that the student "was unable to show any proof of wrong doing [sic] from anyone personally involved in this case." Again, the informant said she heard E.R. make the statement, so it was not hearsay and that should have counted as proof of wrongdoing.

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have

insufficient information to either admit or deny the allegations of Paragraph 92 but to

the extent that an answer may be deemed to be required they deny the allegations of

Paragraph 92.

93.    Officer Krause heard from yet a third informant, either M.K. or R.Z., who also emailed him about hearing that "a group of students were lying . . . . [T]hey disliked [Ms. Mathis] and wanted her kicked out of the school." Significantly, this informant corroborated the other informant's statement, writing that "others were making up stories and lies about the incident with Mathis. . . . they never really liked Mathis."

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have

insufficient information to either admit or deny the allegations of Paragraph 93 but to

the extent that an answer may be deemed to be required they deny the allegations of

Paragraph 93.

94.   This third informant also corroborated E.R.'s cell phone issues, stating, "[E.R., M.M., and A.B.] are trying to make everybody believe that Mrs. Mathis did all of this sexual stuff when she really didn't[,] maybe she might have taken their phones but that's it."

   **ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have

insufficient information to either admit or deny the allegations of Paragraph 94 but to

the extent that an answer may be deemed to be required they deny the allegations of

Paragraph 94.

95.   Rather than follow-up with E.R., M.M., or A.B., or any other students, about these cell phone issues, Officer Krause instead aggressively discounted and ignored this relevant exculpatory information, concluding generically that "just because it never happened to her, doesn't mean it can't happen to someone else," and just because someone makes comments about someone, doesn't mean that they planned on making lies to affect their lives."

   **ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have

insufficient information to either admit or deny the allegations of Paragraph 95 but to

the extent that an answer may be deemed to be required they deny the allegations of

Paragraph 95.

96.   It appears that Officer Krause had decided in his own mind, despite significant evidence to the contrary, that Ms. Mathis had done what E.R., M.M., and A.B., had said.  He ceased being a neutral investigator and had a predetermined conclusion in mind to back up his arrest and prosecution of Ms. Mathis.

   **ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have

insufficient information to either admit or deny the allegations of Paragraph 96 but to

the extent that an answer may be deemed to be required they deny the allegations of

Paragraph 96.

97.   In a number of later Case Supplement Reports filed on April 12, 2021, recognizing the weakness of his case against Ms. Mathis, Officer Krause did a series of second interviews with the original witnesses, including M.M. and A.B., who supported her accusations.

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have

insufficient information to either admit or deny the allegations of Paragraph 97 but to

the extent that an answer may be deemed to be required they deny the allegations of

Paragraph 97.

98.   Inexplicably and again showing that he was just looking to support his flawed and seriously undermined allegations against Ms. Mathis, Officer Krause's re-questioning of all the students was slanted, biased, and yet again ignored the single most important issue brought up by the informants: E.R.'s use of her cell phone during class, in violation of the School's student cell phone classroom usage policy.

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have

insufficient information to either admit or deny the allegations of Paragraph 98 but to

the extent that an answer may be deemed to be required they deny the allegations of

Paragraph 98.

99.   Officer Krause continued to characterize the alleged touching as "groping" without the interviewed students using such terms and accepted statements from E.R., M.M., and A.B., as always being "100% truthful," Even though there was significant counter evidence establishing that they were clearly lying.

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have

insufficient information to either admit or deny the allegations of Paragraph 99 but to

the extent that an answer may be deemed to be required they deny the allegations of

Paragraph 99.

100.  Many of these second interview reports by Officer Krause used verbatim language (i.e., he cut and paste from report to report), showing that not only did he ask the exact same questions, but he failed to ask about cell phone usage in Ms. Mathis' class.  Unsurprisingly, Officer Krause came to the same predetermined conclusions concerning the veracity of the statements by E.R., M.M. and A.B..

  **ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have

insufficient information to either admit or deny the allegations of Paragraph 100 but to

the extent that an answer may be deemed to be required they deny the allegations of

Paragraph 100.

101.  Transparently, Officer Krause was trying to justify his arrest and the criminal complaint he brought against Ms. Mathis after the fact to save face.  Although there was serious and substantial evidence that E.R. and her friends had made the whole incident up about Ms. Mathis because of Ms. Mathis' strict classroom cell phone usage policy.

  **ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have

insufficient information to either admit or deny the allegations of Paragraph 101 but to

the extent that an answer may be deemed to be required they deny the allegations of

Paragraph 101.

102.  To further support his charges against Ms. Mathis, Officer Krause attended an interview of E.R. on April 16, 2021, by Alicia Resch of the Child Advocacy Center of North-Central Wisconsin.

  **ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, admit the

allegations of Paragraph 102.

103.  In re-telling the events of March 25, 2021, E.R. did not mention to Ms. Resch on April 16, 2021, the cell phone incident.  Rather, she stated that the inappropriate touching occurred at the end of the third hour class, when, in reality, the cell

phone interaction occurred at the beginning of class.  This discrepancy will be established by E.R.'s cell phone records on that date.

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, admit

that on April 16, 2021, E.R. did not mention the cell phone incident.  Defendants deny

the remaining balance of the allegations of Paragraph 103.

104.  On April 20, 2021, Officer Krause filed another Case Supplemental Report, attaching his summary of the Child Advocacy interview of E.R. on April 16, 2021, maintaining the same false and biased story that E.R. told, even though it was undermined by multiple witnesses.

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have

insufficient information to either admit or deny the allegations of Paragraph 104 but to

the extent that an answer may be deemed to be required they deny the allegations of

Paragraph 104.

105.  On April 23, 2021, Office Krause filed a Criminal Complaint against Ms. Mathis, State of Wisconsin v. Christy J. Mathis, DA Case No.: 2021MA001240 (Marathon Cty Cir. Ct.), charging Ms. Mathis with 1st Degree Child Sexual Assault — Sexual Contact with a Child Under 13.

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, deny that

Officer Krause filed a criminal complaint against Christy Mathis and admit that a

criminal complaint entitled State of Wisconsin v. Christy J. Mathis, Case No.: 2021-CF-

543 was filed on April 23 2021.

106.  Prior to bringing the charges, the Mosinee Police Department and Mosinee School District, through their officers and agents, including Defendants Hermening, Munoz, Grube, Michanowicz, Krause, and Muelling, failed to conduct a proper investigation, specifically:

    a.   Principal Grube and Ms. Michanowicz failed to provide notice to Ms. Mathis about the nature of the allegations against her and give her a meaningful

opportunity to respond to E.R.'s false allegations prior to suspending her from her teaching duties on March 25, 2021;

b.    Principal Grube and Officer Krause failed to give Ms. Mathis notice of, or an opportunity to respond to, the student interviews and statements prior to her arrest on April 5, 2021;

c.    Officer Krause and Principal Grube ignored substantial and relevant exculpatory evidence from at least three student informants, indicating that E.R., M.M. and A.B., had lied about the inappropriate touching allegations to retaliate against Ms. Mathis for strictly enforcing a classroom cell-phone usage policy;

d.    Even after being informed by multiple informants that E.R.'s cell phone use was at issue with regard to her incident with Ms. Mathis on March 25, 2021, Officer Krause refused to ask E.R., M.M., A.B., or any other student witnesses about the role that the cell phone usage by E.R. played in her allegations;

e.    No investigation was conducted by Officer Krause, Principal Grube, or Ms. Michanowicz, to review E.R.'s past misconduct and poor behavior in Ms. Mathis' classroom and determine whether it was related to these inappropriate touching allegations;

f.    No investigation was conducted by Officer Krause, Principal Grube, or Ms. Michanowicz to discover the nature of E.R.'s relationship with her friends, M.M. and A.B., and the possible motives they had for fabricating the allegations against Ms. Mathis and other teachers;

g.    Officer Krause never asked M.M. or A.B., or any student witnesses, during what part of the art class the incident allegedly occurred between Ms. Mathis and E.R.; and

h.    Officer Krause and Principal Grube never asked why the second student complaint against Ms. Mathis had been dropped even though E.R. claimed she saw Ms. Mathis touch another female student's buttocks.

**ANSWER:**    Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have insufficient information to either admit or deny the allegations of Paragraph 106 but to the extent that an answer may be deemed to be required they deny the allegations of Paragraph 106.

107. The Mosinee Police Department and Police Chiefs Muelling and Grams failed to properly train and supervise Officer Krause in investigating sexual assault cases prior to having Officer Krause investigate the allegations against Ms. Mathis.

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have insufficient information to either admit or deny the allegations of Paragraph 107 but to the extent that an answer may be deemed to be required they deny the allegations of Paragraph 107.

108. Officer Krause was not qualified to partake in the investigation of the Mathis case due to his lack of experience in such matters and the Mosinee Police Department was negligent in its retention and supervision of Officer Krause.

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have insufficient information to either admit or deny the allegations of Paragraph 108 but to the extent that an answer may be deemed to be required they deny the allegations of Paragraph 108.

109. Officer Krause deliberately and intentionally ignored relevant exculpatory information during the Mathis investigation including: (1) E.R., M.M. and A.B.'s dislike for Ms. Mathis; (2) these same girls' desire to have other teachers they dislike fired like Mr. Xiong; (3) their anger over Ms. Mathis' strictly-enforced, classroom cell phone usage policy; (4) E.R.'s anger over having her cell phone previously taken away by Ms. Mathis; and (5) the inconsistency in timing between when Ms. Mathis said the cell phone incident occurred and when E.R. claimed she was inappropriately touched by Ms. Mathis at the end of the class.

**ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have insufficient information to either admit or deny the allegations of Paragraph 109 but to the extent that an answer may be deemed to be required they deny the allegations of Paragraph 109.

110. Ms. Mathis' preliminary hearing on the criminal charges was scheduled for June 1, 2021, and thereafter, the Court asked the parties to provide written argument on

why probable cause should be found. Accordingly, the State and Ms. Mathis filed briefs concerning probable cause on June 30, 2021, and July 2, 2021, respectively.

**ANSWER:** Defendants, Andrea Reede, Mark Reede, and E.R., a minor, admit the

allegations of Paragraph 110.

111. On July 12, 2021, the Mosinee School Board met to consider both the non-renewal of Ms. Mathis' teaching contract, and whether to terminate her employment for her sexually touching E.R.

**ANSWER:** Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have

insufficient information to either admit or deny the allegations of Paragraph 111 but to

the extent that an answer may be deemed to be required, they deny the allegations of

Paragraph 111.

112. Ms. Mathis did not attend the July 12, 2021 School Board meeting both because she was concerned about violating the conditions of her jail bond and because she believed that the School Board had already pre judged her case based on Principal Grube's and Officer Krause's shoddy investigations into E.R.'s, M.M.'s, A.B.'s false and defamatory accusations.

**ANSWER**: Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have

insufficient information to either admit or deny the allegations of Paragraph 112 but to

the extent that an answer may be deemed to be required, they deny the allegations of

Paragraph 112.

113. Nevertheless, Ms. Mathis did submit two written statements to the School Board members, one to contest her non-renewal and another in defense against E.R.'s defamatory accusations.

**ANSWER:** Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have

insufficient information to either admit or deny the allegations of Paragraph 113 but to

the extent that an answer may be deemed to be required they deny the allegations of

Paragraph 113.

114. On July 12, 2021, the Board, led by Defendant Hermening, voted to non-renew Ms. Mathis based on previous issues involving the entering of grades on-line and classroom cleanliness. This action was separate and apart from their decision whether to terminate her employed based on E.R.'s allegations and had nothing to do with those allegations.

**ANSWER:** Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have

insufficient information to either admit or deny the allegations of Paragraph 114 but to

the extent that an answer may be deemed to be required they deny the allegations of

Paragraph 114.

115. Separately, and independently, the Board, led by Defendant Hermening, and based on Principal Grube's, Officer Krause's, and Ms. Michanowicz's shoddy and biased investigation, voted to terminate Ms. Mathis from her employment for sexually touching a student.

**ANSWER:** Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have

insufficient information to either admit or deny the allegations of Paragraph 115 but to

the extent that an answer may be deemed to be required they deny the allegations of

Paragraph 115.

116. The additional action of terminating Ms. Mathis, beyond non-renewing her teaching contract, had additional significant and damaging consequences for her teaching career (including her teaching license), for her professional and community-wide reputation, and for her emotion health, which would not have been the case if she had been merely non-renewed based on teaching issues.

**ANSWER:** Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have

insufficient information to either admit or deny the allegations of Paragraph 116 but to

the extent that an answer may be deemed to be required they deny the allegations of

Paragraph 116.

117. To add insult to injury, while the Court was still contemplating the issue of probable cause in the criminal matter, on August 9, 2021, Superintendent Muñoz unilaterally barred Ms. Mathis and Paul J. Mathis from school property without receiving the Superintendent's approval.

**ANSWER:**    Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have

insufficient information to either admit or deny the allegations of Paragraph 117 but to

the extent that an answer may be deemed to be required they deny the allegations of

Paragraph 117.

118. Superintendent Muñoz based his arbitrary decision to bar Mr. and Ms. Mathis from school property on unfounded and unsupported fears that their physical presence on school grounds would cause disruption and violent behavior.

**ANSWER:**    Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have

insufficient information to either admit or deny the allegations of Paragraph 118 but to

the extent that an answer may be deemed to be required they deny the allegations of

Paragraph 118.

119. Superintendent Muñoz, through his actions, laid the groundwork to support Ms. Mathis being ostracized from both the Mosinee School District and the Mosinee community, and ultimately, tilted public opinion toward believing the defamatory allegations against Ms. Mathis.

**ANSWER:**    Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have

insufficient information to either admit or deny the allegations of Paragraph 119 but to

the extent that an answer may be deemed to be required they deny the allegations of

Paragraph 119.

120. Two days later, on August 11, 2021, all charges against Ms. Mathis were dismissed for lack of probable cause during a preliminary hearing before Judge Michael K. Moran of the Marathon County Circuit Court, after he reviewed the actual evidence in the case against Ms. Mathis. The judgment of dismissal and acquittal was entered on August 12, 2021.

   **ANSWER:**   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, admit that on August 11, 2021, all charges against Ms. Mathis were dismissed for lack of probable cause during a preliminary hearing before Judge Michael K. Moran of the Marathon County Circuit Court, after he reviewed the evidence in the case.  Deny that a judgment of acquittal was entered on August 12, 2021 and allege that on that date Judge Moran only dismissed the criminal complaint without prejudice.

121. Even though Ms. Mathis had been completely exonerated of the criminal charges brought against her based on the exact same evidence provided to the Mosinee School Board by Officer Krause, Principal Grube, and Ms. Michanowicz, the Mosinee School Board, through Board President Hermening and Superintendent Munoz, refused to reconsider Ms. Mathis' termination for sexual touching, which carried additional and significant detrimental consequences than her having her teaching contract non-renewed.

   **ANSWER**:   Defendants, Andrea Reede, Mark Reede, and E.R., a minor, deny that Ms. Mathis was completely exonerated of the criminal charges brought against her and have insufficient information to either admit or deny the allegations of Paragraph 121 but to the extent that an answer may be deemed to be required they deny the balance of the allegations of Paragraph 121.

122. Consequently, Ms. Mathis remains terminated from her employment based on sexual touching, which in turn is based on a shoddy and biased investigation orchestrated by Principal Grube, Officer Krause, and Ms. Michanowicz into E.R.'s, M.M.'s. and A.B.'s false and defamatory accusations against her.

**ANSWER:**     Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have insufficient information to either admit or deny the allegations of Paragraph 122 but to the extent that an answer may be deemed to be required they deny the allegations of Paragraph 122.

123.  Ms. Mathis and Paul J. Mathis, as recently as October 1, 2021, were threatened with trespassing charges by the City of Mosinee if they came onto school property.

**ANSWER:**     Defendants, Andrea Reede, Mark Reede, and E.R., a minor, have insufficient information to either admit or deny the allegations of Paragraph 123 but to the extent that an answer may be deemed to be required they deny the allegations of Paragraph 123.

124.  The Mosinee School District pursued their investigation of Ms. Mathis for the improper purpose of finding a justification to terminate Ms. Mathis employment and in an effort to cover-up the Mosinee Police Department's and their own reckless investigation of E.R.'s, M.M.'s, and A.B.'s false, defamatory, and intentional accusations against Ms. Mathis.

**ANSWER:**     Defendants, Andrea Reede, Mark Reede, and E.R., a minor, deny that E.R. made intentional, false, and defamatory accusations against Ms. Mathis and have insufficient information to either admit or deny the balance of allegations of Paragraph 124 but to the extent that an answer may be deemed to be required they deny the balance of the allegations of Paragraph 124.

## CAUSES OF ACTION
## COUNT I
## CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C.  1983 –
## VIOLATION OF DUE PROCESS CLAUSE
## OF THE FOURTEENTH AMENDMENT
(*Against Defendants Grube, Michanowicz, and Krause in their individual capacities*)

The Defendants Andrea Reede, Mark Reede, and E.R., a minor, are not required to answer Paragraphs 125-138 because Count I is not alleged against them.

## COUNT II
## CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C. § 1983 -
## VIOLATION OF FOURTEENTH AMENDMENT
## DUE PROCESS AND EQUAL PROTECTION
(*Against Defendants Grams, Muelling, Krause, and the City of Mosinee, Wisconsin*)

The Defendants Andrea Reede, Mark Reede, and E.R., a minor, are not required to answer Paragraphs 139--148 because "Cause of Action Count II" is not alleged against them.

## COUNT III
## CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C. § 1983 -
## DEPRIVATION OF FOURTEENTH AMENDMENT
## LIBERTY INTEREST WITHOUT DUE PROCESS
(*Against Defendants Mosinee School District, Hermening, Muñoz, Grube, Michanowicz, Grams, Muelling, and Krause*)

The Defendants Andrea Reede, Mark Reede, and E.R., a minor, are not required to answer Paragraphs 149-154 because "Cause of Action Count III" is not alleged against them.

## COUNT IV
## MALICIOUS PROSECUTION
(*Against Defendants Gram, Muelling, and Krause*)

The Defendants Andrea Reede, Mark Reede, and E.R., a minor, are not required to answer Paragraphs 155-163 because "Cause of Action Count IV" is not alleged against them.

**COUNT V**
**NEGLIGENT HIRING. RETENTION. AND SUPERVISION**
(*Against Defendants Grams, Muelling, and City of Mosinee*)

The Defendants Andrea Reede, Mark Reede, and E.R., a minor, are not required to answer Paragraphs 164-171 because "Cause of Action Count V" is not alleged against them.

**COUNT VI**
**LOSS OF SPOUSAL CONSORTIUM**
(*Against All Defendants*)

172.   Plaintiffs replead Paragraphs 1-171 as if fully set forth herein.

    **ANSWER:**   The Defendants Andrea Reede, Mark Reede, and E.R., a minor,

reallege and incorporate their answers to Paragraphs 1-171 hereinabove.

173.   Plaintiff Paul J. Mathis is the husband of Plaintiff Christy J. Mathis and was her spouse during the events giving rise to this Amended Complaint.

    **ANSWER:**   The Defendants Andrea Reede, Mark Reede, and E.R., a minor,

admit the allegations of Paragraph 173.

174.  As a direct and proximate cause of Defendants' actions and/or omissions, Paul J. Mathis suffered, and will continue to suffer in the future, the loss of the affection, aid, assistance, companionship, comfort, cooperation, and society of his wife, Christy J. Mathis.

    **ANSWER:**   The Defendants Andrea Reede, Mark Reede, and E.R., a minor,

deny the allegations of Paragraph 174.

175   As a direct and proximate result of Defendants' conduct, Mr. Mathis suffered the following damages: (1) actual and compensatory damages including, but not limited to past, present, and future pain and suffering and medical expenses; and (3) other damages as allowed by law.

    **ANSWER:**   The Defendants Andrea Reede, Mark Reede, and E.R., a minor,

deny the allegations of Paragraph 175.

**COUNT VII**
**DEFAMATION**
(*Against Defendants E.R., M.M., and A.B*)

176.    Plaintiffs replead Paragraphs 1 - 175 as if fully set forth herein.

**ANSWER:**    The Defendant E.R., a minor, realleges and incorporates her

answers to Paragraphs 1-124 and Paragraphs 172-175 hereinabove and was not required

to answer Paragraphs 125-171.

177.    E.R.'s statements about Plaintiff Christy J. Mathis inappropriately touching her
back and buttocks, corroborated by M.M. and A.B. with their own statements,
and more specifically the statement that Ms. Mathis "grabbed her butt with a
cupped hand while giving her butt a slap," was false and defamatory.

**ANSWER:**    The Defendant E.R., a minor, denies the allegations of Paragraph 177.

178.    E.R., M.M. and A.B. communicated these falsehoods about Ms. Mathis through
their speech to other persons, including to numerous other students at Mosinee
Middle School, both in person and through social media.

**ANSWER:**    The Defendant E.R., a minor, denies that she communicated

falsehoods about Ms. Mathis through her speech to other persons, including to

numerous other students at Mosinee Middle School, both in person and through social

media. E.R. has insufficient information to either admit or deny the remaining

allegations of Paragraph 178 but to the extent that an answer may be deemed to be

required she denies the allegations of Paragraph 178.

179.    The falsehoods spread by E.R., M.M., and A.B. concerning Ms. Mathis
inappropriately touching E.R. on her back and buttocks is unprivileged because
the statements were made with actual malice with the intent to destroy
Ms. Mathis's professional career and to have her arrested and convicted of a crime.

**ANSWER:**    The Defendant E.R., a minor, denies the allegations of Paragraph 179.

180. E.R., M.M., and A.B.'s defamatory statement was (sic) made with actual malice because they made the statements with "knowledge that it was false."

**ANSWER:**   The Defendant E.R., a minor, denies that she made defamatory statements with actual malice or with knowledge that they were false. E.R. has insufficient information to either admit or deny the allegations of Paragraph 180 but to the extent that an answer may be deemed to be required she denies the allegations of Paragraph 180.

181. The falsehoods spread by E.R., M.M., and A.B. concerning Ms. Mathis inappropriately touching E.R. on her back and buttocks harmed Ms. Mathis' reputation, lowering her in the estimation of community and deterring third persons from associating with her.

**ANSWER:**   The Defendant E.R., a minor, denies that she spread falsehoods concerning Ms. Mathis inappropriately touching E.R. on her back and buttocks. E.R. has insufficient information to either admit or deny the remaining allegations of Paragraph 181 but to the extent that an answer may be deemed to be required she denies the remaining allegations of Paragraph 181.

182. E.R., M.M., and A.B. acted willfully, maliciously, and intentionally in making these false statements.

**ANSWER:**   The Defendant E.R., a minor, denies that she acted willfully, maliciously, and intentionally or that she made false statements. E.R. has insufficient information to either admit or deny the remaining allegations of Paragraph 182 but to the extent that an answer may be deemed to be required she denies the remaining allegations of Paragraph 182.

183. As a direct and proximate result of Defendants E.R., M.M., and A.B.'s defamatory statements about Ms. Mathis, Ms. Mathis suffered the following damages:

(1) humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress; (2) consequential damages; (3) actual and compensatory damages including, but not limited to past, present, and future pain and suffering and medical expenses; and (4) other damages as allowed by law.

**ANSWER:**   The Defendant E.R., a minor, denies the allegations of Paragraph 183.

## COUNT VIII
## PARENTAL LIABILITY
**(*Against Defendants Andrea Reede, Mark Reede, Brian Brzezinski, Julie Brzezinski, Hubble Manley, and Megan Majewski Resch*)**

184.  Plaintiffs replead Paragraphs 1-183 as if fully set forth herein.

**ANSWER:**   The Defendants Andrea Reede and Mark Reede reallege and

incorporate their answers to Paragraphs 1-124 and Paragraphs 172-183 hereinabove and

were not required to answer Paragraphs 125-171.

185.  The above-alleged defamatory and false conduct of unemancipated minors E.R., M.M., and A.B. was intentional or reckless.

**ANSWER:**   The Defendants Andrea Reede and Mark Reede deny the

allegations of Paragraph 185.

186.  Defendants Andrea Reed, Mark Reede, Brian Brzezinski, Julie Brzezinski, Hubble Manley, and Megan Majewski Resch are the parents of Defendants E.R., A.B., and M.M. respectively, and each were jointly entitled to custody of their respective children at the time of the tortious conduct of E.R., M.M., and A.B.

**ANSWER:**   The Defendants Andrea Reede and Mark Reede admit that they are

the parents of Defendant E.R., a minor, and each were jointly entitled to custody of E.R.

and deny the balance of the allegations of Paragraph 186.

187.  Pursuant to Wis. Stat. § 895.035(2)(a), the parents of an unemancipated minor child shall be liable for personal injury caused by any tort willfully, maliciously, or wantonly committed by such child, including for intentionally defamatory and false statements causing substantial injury to another person

**ANSWER:**   Paragraph 187 states a legal conclusion to which no answer is required and the Defendants Andrea Reede and Mark Reede assert that Wis. Stat. § 895.035(2)(a) speaks for itself.

188.  As such, Defendants Andrea Reede, Mark Reede, Brian Brzezinski, Julie Brzezinski, Hubble Manley, and Megan Majewski Resch, as the parents of E.R., M.M., and A.B., are liable in this matter for the defamatory actions of E.R., M.M., and A.B., in the amount permitted pursuant to Wis. Stat. § 895.035(4).

**ANSWER:**   The Defendants Andrea Reede and Mark Reede deny that the Defendant, E.R., a minor, committed or engaged in any defamatory acts and deny that they are liable for any amount permitted under Wis. Stat. § 895.035(4).

## AFFIRMATIVE DEFENSES

1.  Counts VI, VII and VIII fail to state a claim upon which relief may be granted.

2.  Any statements alleged to have been made by the Defendant E.R. about the Plaintiff Christy J. Mathis are conditionally privileged.

3.  The Defendant E.R., a minor, engaged in no actions toward the Plaintiff Christy J. Mathis that were a tort willfully, maliciously, or wantonly committed.

Respectfully submitted this 13th day of July, 2022.

PINES BACH LLP

*/s/ Leslie A. Freehill*                           .
Lester A. Pines, SBN 1016543
Leslie A. Freehill, SBN 1095620
122 West Washington Ave., Ste. 900
Madison, WI 53703
(608) 251-0101 (telephone)
lfreehill@pinesbach.com

*Attorneys for Defendants*
*Andrea Reede, Mark Reede and E.R.*