UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

CHRISTY J. MATHIS, individually, and
PAUL J. MATHIS, individually,

                Plaintiffs,

   v.

MOSINEE SCHOOL DISTRICT, KEVIN J. HERMENING,
DAVID MUNOZ, BRAD GRUBE, KARLA MICHANOWICZ,
CITY OF MOSINEE, WISCONSIN; ERIC J. KRAUSE,
KENNETH GRAMS, KEN MUELLING, ANDREA REEDE,    Case No. 22-cv-47
MARK REEDE, E.R., BRIAN BRZEZINSKI, JULIE
BRZEZINSKI, A.B., HUBBLE MANLEY, MEGAN
MAJEWSKI RESCH, AND M.M.

                Defendants.

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT

NOW COME the Defendants Mosinee School District, Kevin J. Hermening, David Munoz, Brad Grube, and Karla Michanowicz, by their undersigned attorneys, and for their Answer to Plaintiffs' Amended Complaint state as follows:

1.     Admit the allegations contained in Paragraph 1 of Plaintiffs' Amended Complaint.

2.     In answering Paragraph 2 of Plaintiffs' Amended Complaint, deny that Plaintiff's job duties created an adversarial relationship with select students. Admit the remaining allegations contained therein.

3.     Deny, as alleged, the allegations contained in Paragraphs 3 and 4 of Plaintiffs' Amended Complaint.

1

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 5 and 6 of Plaintiffs' Amended Complaint, and therefore deny the same and put Plaintiffs to their proof thereon.

5. Deny the allegations contained in Paragraph 7 of Plaintiffs' Amended Complaint.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiffs' Amended Complaint, and therefore deny the same and put Plaintiffs to their proof thereon.

7. In answering Paragraph 9 of Plaintiffs' Amended Complaint, deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning E.R.'s alleged defamatory statements and her parents', friends A.B. and M.M., and the parents of A.B. and M.M.s' involvement therein, and therefore deny the same and put Plaintiffs to their proof thereon. Deny the remaining allegations contained therein.

8. The allegations contained in Paragraphs 10 and 11 of Plaintiffs' Amended Complaint are legal conclusions for which no answer is necessary or required.

9. Admit, upon information and belief, the allegations contained in Paragraphs 12 and 13 of Plaintiffs' Amended Complaint.

10. In answering Paragraph 14 of Plaintiffs' Amended Complaint, admit that Defendant Mosinee School District is a school district organized and existing under Wisconsin law and is located at the business address set forth therein; further admit that the Mosinee School District is governed by the Mosinee School Board. Deny the remaining allegations contained therein.

11. Deny the allegations contained in Paragraph 15 of Plaintiffs' Amended Complaint.

12. In answering Paragraph 16 of Plaintiffs' Amended Complaint, admit that Defendant Kevin J. Hermening is an adult resident of Wisconsin residing at the address alleged and that he is the President of the Mosinee School Board. The remaining allegations contained therein are legal conclusions for which no answer is necessary or required; to the extent an answer is deemed necessary or required, deny the same and put Plaintiffs to their proof thereon.

13. In answering Paragraph 17 of Plaintiffs' Amended Complaint, admit that Defendant David Munoz is an adult resident of Wisconsin and that he is the Superintendent of the Mosinee School District. The remaining allegations contained therein are legal conclusions for which no answer is necessary or required; to the extent an answer is deemed necessary or required, deny the same and put Plaintiffs to their proof thereon.

14. In answering Paragraph 18 of Plaintiffs' Amended Complaint, admit that Defendant Brad Grube is an adult resident of Wisconsin and is the Principal of the Mosinee Middle School; further admit that Mr. Grube was Plaintiff's direct Supervisor. The remaining allegations contained therein are legal conclusions for which no answer is necessary or required; to the extent an answer is deemed necessary or required, deny the same and put Plaintiffs to their proof thereon.

15. In answering Paragraph 19 of Plaintiffs' Amended Complaint, admit that Defendant Karla Michanowicz is an adult resident of Wisconsin, is the Human Resources Coordinator of the Mosinee Middle School, and is one of the Human Resources contacts for employees of the Mosinee School District. The remaining allegations contained therein are legal conclusions for which no answer is necessary or required; to the extent an answer is deemed necessary or required, deny the same and put Plaintiffs to their proof thereon.

16. Admit, upon information and belief, the allegations contained in Paragraph 20 of Plaintiffs' Amended Complaint.

17. In answering Paragraph 21 of Plaintiffs' Amended Complaint, admit, upon information and belief, that Defendant Eric J. Krause is an adult resident of Wisconsin, that at times relevant to this lawsuit he was employed as a police officer for the City of Mosinee Police Department, and that he was a School Resource Officer for the Mosinee School District. The remaining allegations contained therein are legal conclusions for which no answer is necessary or required; to the extent an answer is deemed necessary or required, deny the same and put Plaintiffs to their proof thereon.

18. In answering Paragraph 22 of Plaintiffs' Amended Complaint, admit, upon information and belief, that Defendant Kenneth Grams is an adult resident of Wisconsin and is the Chief of Police for the City of Mosinee Police Department. The remaining allegations contained therein are legal conclusions for which no answer is necessary or required; to the extent an answer is deemed necessary or required, deny the same and put Plaintiffs to their proof thereon.

19. In answering Paragraph 23 of Plaintiffs' Amended Complaint, admit, upon information and belief, that Defendant Ken Muelling is an adult resident of Wisconsin, was the Chief of Police for the City of Mosinee Police Department prior to March 2021, and was the supervisor of Defendant Eric Krause prior to March 2021. The remaining allegations contained therein are legal conclusions for which no answer is necessary or required; to the extent an answer is deemed necessary or required, deny the same and put Plaintiffs to their proof thereon.

20. Admit, upon information and belief, the allegations contained in Paragraphs 24, 25, 26, 27, 28, 29, and 30 of Plaintiffs' Amended Complaint.

21. Admit the allegations contained in Paragraph 31 of Plaintiffs' Amended Complaint.

22. Deny the allegations contained in Paragraph 32 of Plaintiffs' Amended Complaint.

23. In answering Paragraph 33 of Plaintiffs' Amended Complaint, admit that on or about March 25, 2021, one of Ms. Mathis's then students accused her of inappropriately touching the student while in Ms. Mathis's class. Deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and therefore deny the same and put Plaintiffs to their proof thereon.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 34, 35, 36, 37, 38, 39, 40, 41, and 42 of Plaintiffs' Amended Complaint, and therefore deny the same and put Plaintiffs to their proof thereon.

25. Deny, as alleged, the allegations contained in Paragraph 43 of Plaintiffs' Amended Complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of Plaintiffs' Amended Complaint, and therefore deny the same and put Plaintiffs to their proof thereon.

27. In answering Paragraph 45 of Plaintiffs' Amended Complaint, admit that several students reported the interaction between Ms. Mathis and student E.R. after third hour class on March 25, 2021, to Middle School Assistant Principal Paul Rheinschmidt; further admit that statements were obtained from various students in the class, and that the allegations were brought to the attention of Principal Grube. Deny the remaining allegations contained therein.

28. In answering Paragraph 46 of Plaintiffs' Amended Complaint, admit that Principal Grube investigated the complaint by interviewing students who were present in Ms. Mathis's third hour class on March 25, 2021. Deny the remaining allegations contained therein.

29. In answering Paragraph 47 of Plaintiffs' Amended Complaint, admit that Principal Grube's interviews occurred on March 25 and 26, 2021, and April 5, 2021, and that students completed written statements. Deny the remaining allegations contained therein.

30. Deny, as alleged, the allegations contained in Paragraph 48 of Plaintiffs' Amended Complaint.

31. Admit the allegations contained in Paragraph 49 of Plaintiffs' Amended Complaint.

32. In answering Paragraph 50 of Plaintiffs' Amended Complaint, admit that during the referenced meeting with Ms. Mathis and her Union representative, Principal Grube and Karla Michanowicz, the Human Resources Director, were present in Principal Grube's office; further admit that Principal Grube advised Ms. Mathis that a student had made a complaint against her and that she would be relieved from duties for the remainder of that day and the following day, Friday, March 26, 2021. Deny the remaining allegations contained therein.

33. In answering Paragraph 51 of Plaintiffs' Amended Complaint, deny knowledge or information sufficient to form a belief as to the truth of the allegation that Ms. Mathis did not understand the nature of the complaint, and therefore deny the same and put Plaintiffs to their proof thereon. Deny the remaining allegations contained therein.

34. In answering Paragraph 52 of Plaintiffs' Amended Complaint, deny that Ms. Mathis did not receive notice or an opportunity to respond to the allegations against her. The remaining allegations contained therein are legal conclusions for which no answer is necessary or required; to the extent an answer is deemed necessary or required, deny the same and put Plaintiffs to their proof thereon.

35. In answering Paragraph 53 of Plaintiffs' Amended Complaint, admit that Principal Grube contacted Ms. Mathis on March 26, 2021, and requested her to attend a meeting in connection with the student complaint. Deny the remaining allegations contained therein.

36. Admit the allegations contained in Paragraph 54 of Plaintiffs' Amended Complaint.

37. Deny the allegations contained in Paragraphs 55, 56, 57, and 58 of Plaintiffs' Amended Complaint.

38. Admit the allegations contained in Paragraph 59 of Plaintiffs' Amended Complaint.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of Plaintiffs' Amended Complaint, and therefore deny the same and put Plaintiffs to their proof thereon.

40. Admit the allegations contained in Paragraph 61 of Plaintiffs' Amended Complaint.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of Plaintiffs' Amended Complaint, and therefore deny the same and put Plaintiffs to their proof thereon

42. Deny, as alleged, the allegations in Paragraph 63 of Plaintiffs' Amended Complaint.

43. Admit the allegations contained in Paragraph 64 of Plaintiffs' Amended Complaint.

44. In answering Paragraph 65 of Plaintiffs' Amended Complaint, admit that Ms. Mathis submitted her written statement to Principal Grube on or about April 2, 2021. Deny the remaining allegations contained therein and affirmatively allege the statement speaks for itself.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 of Plaintiffs' Amended Complaint, and therefore deny the same and put Plaintiffs to their proof thereon.

46. Admit, upon information and belief, the allegations contained in Paragraph 67 of Plaintiffs' Amended Complaint.

47. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 68, 69, 70, 71, 72, 73 and 74 of Plaintiffs' Amended Complaint, and therefore deny the same and put Plaintiffs to their proof thereon.

48. In answering Paragraph 75 of Plaintiffs' Amended Complaint, deny the allegations as they relate to the investigation conducted by the Mosinee School District and its employees/agents. Deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and therefore deny the same and put Plaintiffs to their proof thereon.

49. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86 and 87 of Plaintiffs' Amended Complaint, and therefore deny the same and put Plaintiffs to their proof thereon.

50. Deny, as alleged, the allegations contained in Paragraph 88 of Plaintiffs' Amended Complaint.

51. In answering Paragraph 89 of Plaintiffs' Amended Complaint, deny the allegations as they relate to the actions of Defendant Grube. Deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and therefore deny the same and put Plaintiffs to their proof thereon.

52. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103 and 104 of Plaintiffs' Amended Complaint, and therefore deny the same and put Plaintiffs to their proof thereon.

53. In answering Paragraph 105 of Plaintiffs' Amended Complaint, admit, upon information and belief, that the criminal complaint referenced therein was filed against Ms. Mathis charging her with first degree child sexual assault – sexual contact with a child under 13. Deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and therefore deny the same and put Plaintiffs to their proof thereon.

54. In answering Paragraph 106 of Plaintiffs' Amended Complaint, deny knowledge or information sufficient to form a belief as to the truth of the allegations against the Mosinee Police Department and Officer Krause, and therefore deny the same and put Plaintiffs to their proof thereon. Deny the remaining allegations contained therein.

55. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 107, 108, 109 and 110 of Plaintiffs' Amended Complaint, and therefore deny the same and put Plaintiffs to their proof thereon.

56. In answering Paragraph 111 of Plaintiffs' Amended Complaint, admit that the Mosinee School Board met on July 12, 2021, and considered whether to non-renew Plaintiff's employment contract and whether to terminate Plaintiff's employment contract with the School District. Deny the remaining allegations contained therein.

57. In answering Paragraph 112 of Plaintiffs' Amended Complaint, admit that Ms. Mathis did not attend the July 12, 2021, School Board meeting. Deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and therefore deny the same and put Plaintiffs to their proof thereon.

58. In answering Paragraph 113 of Plaintiffs' Amended Complaint, admit that Ms. Mathis submitted two letters to the Mosinee School Board, one of which related to her non-

renewal, and one which related to her termination. Deny the remaining allegations contained therein.

59. In answering Paragraph 114 of Plaintiffs' Amended Complaint, admit that the Mosinee school board voted to non-renew Ms. Mathis' teaching contract on July 12, 2021, based on previous performance issues reflected in several Performance Improvement Plans. Further admit that Defendant Hermening served as the School Board President on July 12, 2021. Further admit that the School Board consideration of and decision to non-renew Ms. Mathis' teaching contract was conducted as a separate proceeding from the consideration of and decision to terminate Ms. Mathis. Deny the remaining allegations contained therein.

60. In answering Paragraph 115 of Plaintiffs' Amended Complaint, admit that the Mosinee School Board voted to terminate Ms. Mathis' employment contract on July 12, 2021 for inappropriately touching a student while at school. Deny knowledge or information sufficient to form a belief as to the truth of the allegations relating to Defendant Krause, and therefore deny the same and put Plaintiffs to their proof thereon. Deny the remaining allegations contained therein.

61. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 116 of Plaintiffs' Amended Complaint, and therefore deny the same and put Plaintiffs to their proof thereon.

62. In answering Paragraph 117 of Plaintiffs' Amended Complaint, admit that on August 9, 2021, Superintendent Munoz sent Plaintiffs a letter which included notice that Plaintiffs were barred from entering District premises without prior written approval from the Superintendent's Office. Further admit that on August 9, 2021, the criminal matter against Ms. Mathis was still pending. Deny the remaining allegations contained therein.

63. In answering Paragraph 118 of Plaintiffs' Amended Complaint, admit that at the time of the August 9, 2021 letter to Plaintiffs, the District had a well-founded fear of disruption and, possibly, aggressive or even violent behavior if Plaintiffs were to come onto District premises. Deny the remaining allegations contained therein.

64. Deny the allegations contained in Paragraph 119 of Plaintiffs' Amended Complaint.

65. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 120 of Plaintiffs' Amended Complaint, and therefore deny the same and put Plaintiffs to their proof thereon.

66. Deny, as alleged, the allegations contained in Paragraph 121 of Plaintiffs' Amended Complaint.

67. In answering Paragraph 122 of Plaintiffs' Amended Complaint, admit that Ms. Mathis is not employed by the Mosinee School District and has not been so employed since the School Board terminated her employment contract. Deny the remaining allegations contained therein.

68. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 123 of Plaintiffs' Amended Complaint, and therefore deny the same and put Plaintiffs to their proof thereon.

69. Deny the allegations contained in Paragraph 124 of Plaintiffs' Amended Complaint.

70. In answering Paragraph 125 of Plaintiffs' Amended Complaint, Defendants reallege and incorporate by reference the preceding paragraphs of their Answer to Plaintiffs' Amended Complaint as if fully set forth herein.

71. The allegations contained in Paragraphs 126, 127, and 128 of Plaintiffs' Amended Complaint are legal conclusions for which no answer is necessary or required; to the extent an answer is deemed necessary or required, deny the same and put Plaintiffs to their proof thereon.

72. Deny the allegations contained in Paragraph 129 of Plaintiffs' Amended Complaint.

73. The allegations contained in Paragraph 130 of Plaintiffs' Amended Complaint are legal conclusions for which no answer is necessary or required; to the extent an answer is deemed necessary or required, deny the same and put Plaintiffs to their proof thereon.

74. Deny the allegations contained in Paragraphs 131 and 132 of Plaintiffs' Amended Complaint.

75. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133 of Plaintiffs' Amended Complaint, and therefore deny the same and put Plaintiffs to their proof thereon.

76. In answering Paragraph 134 of Plaintiffs' Amended Complaint, deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Defendant Krause, and therefore deny the same and put Plaintiffs to their proof thereon. Deny the remaining allegations contained therein. The remaining allegations contained in Paragraph 134 of Plaintiffs' Amended Complaint are legal conclusions for which no answer is necessary or required; to the extent an answer is deemed necessary or required, deny the same and put Plaintiffs to their proof thereon.

77. Deny the allegations contained in Paragraphs 135, 136, 137 and 138 of Plaintiffs' Amended Complaint.

78. In answering Paragraph 139 of Plaintiffs' Amended Complaint, Defendants reallege and incorporate by reference the preceding paragraphs of their Answer as if fully set forth herein.

79. The allegations contained in Paragraph 140 of Plaintiffs' Amended Complaint are legal conclusions for which no answer is necessary or required; to the extent an answer is deemed necessary or required, deny the same and put Plaintiffs to their proof thereon.

80. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 141 142, 143, 144, 145, 146, 147, and 148 of Plaintiffs' Amended Complaint, and therefore deny the same and put Plaintiffs to their proof thereon.

81. In answering Paragraph 149 of Plaintiffs' Amended Complaint, Defendants reallege and incorporate by reference the preceding paragraphs of their Answer as if fully set forth herein.

82. Deny the allegations contained in Paragraphs 150, 151, 152, 153 and 154 of Plaintiffs' Amended Complaint.

83. In answering Paragraph 155 of Plaintiffs' Amended Complaint, Defendants reallege and incorporate by reference the preceding paragraphs of their Answer as if fully set forth herein.

84. Admit, upon information and belief, the allegations contained in Paragraph 156 of Plaintiffs' Amended Complaint.

85. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 157, 158, 159, 160, 161, 162 and 163 of Plaintiffs' Amended Complaint, and therefore deny the same and put Plaintiffs to their proof thereon

86. In answering Paragraph 164 of Plaintiffs' Amended Complaint, Defendants reallege and incorporate by reference the preceding paragraphs of their Answer as if fully set forth herein.

87. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 165 of Plaintiffs' Amended Complaint, and therefore deny the same and put Plaintiffs to their proof thereon.

88. The allegations contained in Paragraph 166 of Plaintiffs' Amended Complaint are legal conclusions for which no answer is necessary or required; to the extent an answer is deemed necessary or required, deny the same and put Plaintiffs to their proof thereon.

89. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 167, 168, 169, 170 and 171 of Plaintiffs' Amended Complaint, and therefore deny the same and put Plaintiffs to their proof thereon

90. In answering Paragraph 172 of Plaintiffs' Amended Complaint, Defendants reallege and incorporate by reference the preceding paragraphs of their Answer as if fully set forth herein.

91. Admit, upon information and belief, the allegations contained in Paragraph 173 of Plaintiffs' Amended Complaint.

92. Deny the allegations contained in Paragraph 174 and 175 of Plaintiff's Amended Complaint.

93. In answering Paragraph 176 of Plaintiffs' Amended Complaint, Defendants reallege and incorporate by reference the preceding paragraphs of their Answer as if fully set forth herein.

94. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 177, 178, 179, 180, 181, 182 and 183 of Plaintiffs' Amended Complaint, and therefore deny the same and put Plaintiffs to their proof thereon.

95. In answering Paragraph 184 of Plaintiffs' Amended Complaint, Defendants reallege and incorporate by reference the preceding paragraphs of their Answer as if fully set forth herein.

96. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 185, 186, 187 and 188 of Plaintiffs' Amended Complaint, and therefore deny the same and put Plaintiffs to their proof thereon

97. Deny all allegations contained in Plaintiffs' Amended Complaint that are not affirmatively admitted herein.

## AFFIRMATIVE DEFENSES

Defendants Mosinee School District, Kevin J. Hermening, David Munoz, Brad Grube, and Karla Michanowicz, further answering Plaintiffs' Amended Complaint by way of an affirmative defense applicable to all claims for relief allege as follows:

1. Plaintiffs' Amended Complaint may fail to state a claim upon which relief may be granted against these answering Defendants;

2. Plaintiff Christy Mathis's employment contract was non-renewed for reasons wholly unrelated to the events giving rise to Plaintiffs' Amended Complaint;

3. Plaintiff Christy Mathis received all process that was due in accordance with the United States Constitution;

4. These answering Defendants are entitled to qualified immunity; and

5. Plaintiffs may have failed to mitigate their damages as required by law.

WHEREFORE, Defendants Mosinee School District, Kevin J. Hermening, David Munoz, Brad Grube, and Karla Michanowicz, demand judgment dismissing Plaintiffs' Amended Complaint and awarding these answering Defendants their costs, attorney's fees and such other relief the Court deems just and equitable.

Dated this 13th day of July, 2022.

AXLEY BRYNELSON, LLP

*s/ Emilia R. Janisch*
Lori M. Lubinsky, SBN 1027575
Emilia R. Janisch, SBN 1122503
Attorneys for Defendants, Mosinee School District,
 Kevin J. Hermening, David Munoz, Brad Grube
 and Karla Michanowicz
P.O. Box 1767
Madison, WI 53701-1767
Telephone: (608) 257-5661
Email: llubinsky@axley.com | ejanisch@axley.com