UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

CHRISTY J. MATHIS and
PAUL J. MATHIS,

      Plaintiffs,

v.

MOSINEE SCHOOL DISTRICT,
KEVIN J. HERMENING,
DAVID MUNOZ,
BRAD GRUBE,
KARLA MICHANOWICZ,
CITY OF MOSINEE, WISCONSIN,
ERIC J. KRAUSE,
KENNETH GRAMS,
KEN MUELLING,
ANDREA REEDE,
MARK REEDE,
E.R., a minor child,
BRIAN BRZEZINSKI,
JULIE BRZEZINSKI,
A.B., a minor child,
HUBBLE MANLEY,
MEGAN MAJEWSKI RESCH, and
M.M., a minor child,

      Defendants.

Case No.: 3:22-CV-47-jdp

**STIPULATED PROTECTIVE ORDER CONCERNING
LAW ENFORCEMENT RECORDS AND
LAW ENFORCEMENT PERSONNEL RECORDS**

WHEREAS, the Parties appearing in this action, the Plaintiffs Christy J. Mathis and Paul J. Mathis; and the Defendants, Mosinee School District, Kevin J. Hermening, David Munoz, Brad Grube, and Karla Michanowicz; City of Mosinee, Wisconsin, Eric J. Krause, Kenneth Grams, and Ken Muelling; Andrea Reede, Mark Reede, and E.R., a minor

child; Hubble Manley, Megan Majewski Resch, and M.M., a minor child, stipulate and agree to the following supplemental confidentiality agreement and protective order:

1. The defendants City of Mosinee, Wisconsin, Eric J. Krause, Kenneth Grams, and Ken Muelling anticipate that in response to this lawsuit they will be disclosing or testifying about personal and confidential or otherwise protected information contained in law enforcement records, or records or information obtained in the course of law enforcement investigation; and it is further anticipated that during discovery there will be questioning or requests concerning personal and confidential or protected information, including but not limited to information and documents concerning minor children or students, law enforcement records, personnel files, and education records, in the course of depositions and other proceedings in this action. Such personal and confidential information may be protected from disclosure by Wis. Const. art. I, § 9m(3) ("Marsy's Law"); Wis. Stat. § 19.36, Wis. Stat. § 950.04, and 20 U.S.C. § 1232g ("FERPA").

2. The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' or non-parties' business or privacy interests. The Parties have entered into this Stipulation and respectfully request that the Court issue this Protective Order for the purpose of preventing the disclosure and use of personal and confidential information except as set forth herein.

3. Where personal and confidential information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

      a.      By imprinting the word "Confidential" on the first page or cover of any document produced;

      b.      By imprinting the word "Confidential" on computer file folders or computer file of any non-pdf document produced.

      c.      By imprinting the word "Confidential" next to or above any response to a discovery request.

4.      Where information that may be otherwise subject to protection under state or federal law is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

      a.      By imprinting the word "Protected" on the specific age containing the protected information on any document produced;

      b.      By imprinting the word "Protected" on computer file folders or computer file of any non-pdf document produced.

      c.      By imprinting the word "Protected" next to or above any response to a discovery request.

5.      Any information designated by a Party as personal and confidential information or protected information subject to this Protective Order will first be reviewed by an attorney for the Party who will confirm that the designation as Confidential or Protected is based upon good faith belief that the information is confidential or otherwise entitled to protection.

6.      All personal and confidential or protected information provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

    a.    It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

    b.    It shall not be communicated or disclosed by any Party's counselor or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case.

7. Personal and confidential or protected information, without the consent of the Party producing it or further Order of the Court, shall not be disclosed except that such information may be disclosed to:

    a.    attorneys actively working on this case, and persons regularly employed by or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial or at other proceedings in this case;

    b.    expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    c.    the Parties and designated representatives for the Parties;

    d.    deponents or witnesses;

    e.    the Court and its employees ("Court Personnel");

    f.    stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action; members of a jury or other finder(s) of fact ("Finders of Fact");

    g.    other persons by written agreement of the Parties.

8. The party or Party's counsel who discloses personal and confidential or protected information shall be responsible for ensuring compliance with the terms of this Protective Order with respect to persons to whom such personal and confidential or protected information is disclosed.

9. No copies of personal and confidential or protected information shall be made except by or on behalf of counsel in this litigation for work product purposes, including for review by experts in this case or for the attachment of copies of confidential documents to motions and submissions to the Court by a Party in accordance with local rules for filing documents under seal. Any such copies shall be made and used solely for purposes of this litigation.

10. Except as elsewhere provided in this Stipulation and Protective Order, during the pendency of this litigation, counsel shall retain custody of Confidential or Protected Information, and copies made therefrom pursuant to paragraph 10 above.

11. A Party may object to the designation of particular personal and confidential or protected information by giving written notice to the Party designating the disputed information. The written notice shall identify the information to which the objection is made. If the Parties cannot resolve the objection within ten (10) business days after the time the notice is received, or longer if the Parties mutually agree to a longer time to discuss any pending dispute, it shall be the obligation of the Party designating the information as Confidential or Protected to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential under this Protective Order until the Court rules on the motion. If the designating Party

fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential and shall not thereafter be treated as Confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the Party designating the information as Confidential or Protected shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential.

12. In the event it is necessary for the Parties to file personal and confidential or protected information with the Court in connection with any proceeding or motion, the personal and confidential or protected information shall be filed in accordance with the requirements of the local rule regarding filing documents under seal.

13. The termination of this action shall not relieve other persons obligated hereunder from their responsibility to maintain the confidentiality of personal and confidential or protected information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order, even after this action is terminated.

14. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.

15. The Parties agree that in the event information or documentation is inadvertently disclosed to an opposing Party, any information or documentation so disclosed shall be immediately returned to the producing Party without any copies being made or notes being taken regarding said information/documentation by those who have

received the inadvertent disclosure. Further, the Parties agree that no recipient of inadvertently disclosed information or documentation shall utilize such information/documentation or any fruits derived therefrom for the purpose of this litigation and that the inadvertent disclosure of information or documentation shall not constitute a waiver of any privilege that may otherwise apply.

16.     The Parties agree that the terms and conditions in this Protective Order survive the termination of this litigation.  Upon conclusion of this litigation, including any appeals, each Party's counsel shall immediately return to the producing Party all Confidential or Protected Information provided subject to this Protective Order or dispose of it in a confidential manner.

17.     Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which personal and confidential information shall be treated at trial. This Protective Order may be modified by the Court at any time for good cause shown following notice to all Parties and an opportunity for them to be heard.

18.     Nothing in this Stipulation and Protective Order shall relieve any Party of its obligation under Fed.R.Civ.P.26(b)(5) to prepare and provide a privilege log.

Dated this 19th day of October, 2022.   WALCHESKE & LUZI, LLC, Attorneys for Plaintiffs

                                                                      */s/Paul M. Secunda*
James A. Walcheske, SBN: 1065635
Scott S. Luzi, SBN: 1067405
Paul M. Secunda, SBN: 1074127
Kirsten H. Hendra, SBN: 1099097
235 N. Executive Drive, Ste. 240
Brookfield, WI 53005
(414) 828-2372
*jwalcheske@walcheskeluzi.com*
*sluzi@walcheskeluzi.com*
*psecunda@walcheskeluzi.com*
*khendra@walcheskeluzi.com*

Dated this 19th day of October, 2022.   WIRTH + BAYNARD, Attorneys for Defendant Eric J. Krause

                                                                      */s/Joseph M. Wirth*
Joseph M. Wirth, SBN: 1012080
Kiley B. Zellner, SBN: 1056806
788 N. Jefferson St., Ste. 500
Milwaukee, WI 53202
(414) 225-4060
*jmw@wbattys.com*
*kbz@wbattys.com*

Dated this 19th day of October, 2022.   AXLEY BRYNELSON, LLP, Attorneys for Defendants Mosinee School District, Kevin J. Hermening, David Munoz, Brad Grube and Karla Michanowicz

                                                                      */s/Lori M. Lubinsky*
Lori M. Lubinsky, SBN: 1027575
Emilia R. Janisch, SBN: 1122503
P.O. Box 1767
Madison, WI 53701-1767
(608) 257-5661
*llubinsky@axley.com*
*ejanisch@axley.com*

| | |
|---|---|
| Dated this 19th day of October, 2022. | PINES BACH, LLC, Attorneys for Defendants Andrea Reede, Mark Reede and E.R. |
| | */s/Leslie A. Freehill* <br> Lester A. Pines, SBN: 1016543 <br> Leslie A. Freehill, SBN: 1095620 <br> 122 W. Washington Ave., Ste. 900 <br> Madison, WI 53703 <br> (608) 251-0101 <br> *lpines@pinesbach.com* <br> *lfreehill@pinesbach.com* |
| Dated this 19th day of October, 2022. | MENN LAW FIRM, LTD., Attorneys for Defendants Megan Majewski Resch and M.M. |
| | */s/Jarrod J. Papendorf* <br> Jarrod J. Papendorf, SBN: 1019702 <br> 2501 E. Enterprise Ave., P.O. Box 785 <br> Appleton, WI 54912-0785 <br> (920) 731-6631 <br> *jarrod-papendorf@mennlaw.com* |
| Dated this 25th day of October, 2022. | LAW OFFICES OF PAUL GODFREY, Attorneys for Defendants Hubble Manley and M.M. |
| | */s/Steven Elmer* <br> Steven Elmer, SBN: 1088018 <br> P.O. Box 258829 <br> Oklahoma City, OK 73125 <br> (262) 317-6632 <br> *steve.elmer@farmersinsurance.com* |
| Dated this 19th day of October, 2022. | KLINNER KRAMER SHULL LLP, Attorneys for Defendants City of Mosinee and Kenneth Grams |
| | */s/Michael J. Roman* <br> Michael J. Roman, SBN: 1020648 <br> Elizabeth D. Reeths, SBN: 1070411 <br> 210 McClellan Street, Ste. 400 <br> Wausau, WI 54403 <br> (715) 845-5656 <br> *mroman@klinnerkramershull.com* <br> *ereeths@klinnerkramershull.com* |