IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHRISTY MATHIS and
PAUL J. MATHIS,

                Plaintiffs,

v.

ERIC J. KRAUSE,

                Defendant.

OPINION and ORDER

22-cv-47-jdp

---

Plaintiff Christy Mathis is a former art teacher at Mosinee Middle School who was charged with sexual assault in 2021 after one of her students accused her of inappropriately touching her during art class. Mathis contends the accusations against her were fabricated by the student and two of her friends in retaliation for Mathis's enforcement of the school's cell phone usage policy. The criminal prosecution was short-lived: the circuit court dismissed the felony charge for lack of probable cause, and the state declined to bring new charges. In the meantime, the school district terminated Mathis's employment.

In January 2022, Mathis filed this civil action for damages against numerous entities and individuals, including the three students, their parents, the City of Mosinee, the Mosinee School District, and a police officer who investigated the accusations, Eric Krause. Mathis has dismissed the claims against nearly all the defendants except Krause, against whom she asserts constitutional and state-law claims.[1] Specifically, Mathis contends that (1) Krause violated her right to due process by failing to adequately investigate the touching allegations; and (2)

---

[1] The clerk entered default against A.B. and her parents on September 29, 2022. Dkt. 62. Those claims are addressed below.

Krause's institution of criminal proceedings against her was malicious.[2] Her husband, Paul Mathis, asserts a state-law claim for loss of consortium based on Christy's alleged injuries.

Krause moves for summary judgment. Dkt. 99. The court will grant the motion. Mathis's constitutional claims must be dismissed because she has failed to present evidence that she was deprived of either a protected property or liberty interest or that Krause had the requisite personal involvement in her termination. Her state-law claim will be dismissed because she did not comply with Wisconsin's notice-of-claim statute, Wis. Stat. § 893.80. Because Mathis's personal injury claims fail, Paul Mathis's derivative loss of consortium claim must be dismissed as well.

## BACKGROUND

The following facts are undisputed.

Plaintiff Christy Mathis was employed by the Mosinee School District as an art teacher at Mosinee Middle School. Defendant Eric Krause was a Mosinee police officer whose assigned duties included serving as the district's school resource officer. Krause's work was supervised and directed by the Mosinee Chief of Police; Krause did not take direction from anyone associated with the school district.

On March 25, 2021, a seventh-grade student, E.R., told the middle school's principal that Mathis had inappropriately touched her on the buttocks during art class. The district placed Mathis on paid leave while it investigated the allegation. The school district interviewed and obtained statements from all the students in the art class.

---

[2] Mathis's amended complaint also asserted an equal protection claim, which she is no longer pursuing. *See* Dkt. 105, at n.1.

On April 5, 2021, the principal provided the student statements to Officer Krause. After reviewing the statements, Krause determined there was enough information suggesting that something illegal had occurred to warrant opening a criminal investigation.

Officer Krause conducted his investigation that day. He interviewed E.R., who described and demonstrated how Mathis went behind her during the March 25 art class, drew her hand down her back, and then slapped and cupped E.R.'s butt. E.R. stated her belief that Mathis had touched her on purpose. Krause also interviewed seven other students who said they had seen Mathis touch E.R. on her butt or who had reportedly also been touched by Mathis.

After concluding the interviews, Officer Krause contacted the Marathon County District Attorney's office to share what he had learned and to seek guidance. Krause thought that the information he'd gathered supported a charge of fourth-degree sexual assault, but an assistant district attorney told Krause that probable cause existed to arrest Mathis for first-degree sexual assault of a minor because E.R. was not yet 13. Following that guidance, Krause arrested Mathis at her home later that day for first degree sexual assault of a child.

Krause did not interview Mathis before arresting her. Mathis was taken into custody and released the next day after a bond hearing. The Marathon County DA's office later filed a criminal complaint charging Mathis with first-degree sexual assault of E.R.

The next day, April 6, 2021, Officer Krause received emails from three students, who suggested that E.R.'s allegations against Mathis were false. Krause interviewed one of the students, but he was not convinced that the accounts provided by E.R. and the other witnesses were fabricated. Although one of the students had indicated that Mathis had taken E.R.'s cell phone away during art class, Krause did not believe this would explain E.R.'s allegations because no cell phone policy violation was documented in E.R.'s school disciplinary records.

On July 12, 2021, the school board voted to terminate Mathis's employment based on its conclusion that she had violated school policy by inappropriately touching a student.

In August 2021, the circuit court determined after a preliminary hearing that the state had failed to establish probable cause that Mathis had committed a felony, and it dismissed the case without prejudice. The state did not refile any charges against Mathis.

ANALYSIS

On a motion for summary judgment, the question is whether there are any genuine factual disputes that could make a difference to the outcome of the case, or, stated another way, whether a reasonable jury could find for the nonmoving party, after drawing all reasonable inferences in that party's favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Loudermilk v. Best Pallet Co., LLC*, 636 F.3d 312, 314–15 (7th Cir. 2011); *Montgomery v. American Airlines, Inc.*, 626 F.3d 382, 389 (7th Cir. 2010). "Summary judgment is the proverbial put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Weaver v. Champion Petfoods USA Inc.*, 3 F.4th 927, 938 (7th Cir. 2021) (citation omitted).

**A. Constitutional claims**

Section 1983 creates a federal cause of action for "the deprivation, under color of [state] law, of a citizen's rights, privileges, or immunities secured by the Constitution and laws of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). The first step when analyzing a § 1983 claim is to pinpoint the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

The alleged misconduct at the heart of Mathis's claims is Krause's failure to conduct an adequate investigation into E.R.'s allegations. Mathis argues that Krause "ignored or dismissed substantial exculpatory evidence," did not speak to Mathis before arresting her, did not "explore major issues involving cell phone use by E.R." in Mathis's class on the day of the incident, and "did not find" that there was sexual contact for the purpose of causing sexual gratification, which is an element of first-degree sexual assault. Dkt. 105, at 8–9 (Plaintiff's Brief).

These allegations bring to mind a Fourth Amendment unlawful arrest claim, so it is not surprising that most of Krause's opening summary judgment brief is devoted to showing that he had probable cause. *See Bailey v. City of Chicago*, 779 F.3d 689, 694 (7th Cir. 2015) ("Probable cause is an absolute defense to any claim under § 1983 for wrongful arrest[.]"). But it is unnecessary to resolve the parties' competing arguments on this point because Mathis explicitly *denies* that she is challenging the lawfulness of her arrest. Dkt. 105, at 7–8. Instead, she asserts a violation of her Fourteenth Amendment procedural due process rights. Specifically, Mathis contends that "as a result of Officer Krause's flawed and incompetent conduct," she was deprived of her "property interest in her teaching position" (Count I) and her "liberty interest to pursue the occupation of her choice, teaching" (Count II).

To establish a violation of procedural due process under the Fourteenth Amendment, Mathis must show (1) a property or liberty interest; (2) a deprivation of that interest; and (3) a denial of due process. *Price v. Bd. of Educ. of City of Chi.*, 755 F.3d 605, 607 (7th Cir. 2014). In addition, to establish Krause's individual liability under § 1983, Mathis must demonstrate that he was personally involved in the alleged deprivation of her property or liberty interest. *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017). This requires Mathis to show "a

5

causal connection, or an affirmative link," between Krause's actions and her termination. *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983).

In Count I, Mathis contends that she was denied her property interest in her teaching position. To show a property interest in continued employment, Mathis must identify evidence showing that under the terms of her employment with the school district, she could be terminated only "for cause" or which otherwise demonstrates "mutually explicit understandings" of continued employment. *Cole v. Milwaukee Area Tech. Coll. Dist.*, 634 F.3d 901, 904 (7th Cir. 2011). Mathis hasn't produced such evidence. She merely cites her testimony that she was employed by the Mosinee School District for 25 years and received a new teacher contract on a yearly basis. Dkt. 107, ¶ 2 (Plaintiff's Additional Proposed Facts). She has not submitted her employment contract or any other evidence to prove her assertion that she could be terminated only for cause. "Conclusory statements are not enough to establish 'a legitimate claim of entitlement.'" *Lukaszczyk v. Cook Cnty.*, 47 F.4th 587, 605 (7th Cir. 2022), cert. denied sub nom. *Troogstad v. City of Chicago, Illinois*, 143 S. Ct. 734 (2023). So Count I fails at the outset.

Even if Mathis could establish a constitutionally protected property interest in her continued employment, she has failed to raise a material issue of fact concerning Krause's personal involvement in her termination. As she concedes, Krause was employed by the Mosinee police department, not the school district. He did not have any control over her employment and was not involved in the school board's decision to terminate her. Mathis asserts that the loss of her teaching position was "a result of" Krause's flawed investigation, but she hasn't identified a single piece of evidence in the record to support that assertion. For example, Mathis hasn't adduced evidence that the school board considered or even was aware

6

of Krause's police report concerning the March 25, 2021, incident. It is undisputed that the school conducted its own investigation; so far as it appears, the district relied solely on that investigation as its basis for deciding to terminate Mathis's employment. *See* Munoz Dep., Dkt. 97, at 85:9-12 (testifying that board's decision was "completely separate and ha[d] nothing to do with whatever the police were doing or did"). Absent evidence to demonstrate a causal connection between Krause's alleged misconduct and the termination of her employment, Count I must be dismissed.

Count II fares no better. Mathis argues that Krause's flawed investigation led to her wrongful arrest and prosecution, which had the effect of casting doubt on her good name and reputation and depriving her of her liberty interest in pursuing new employment as a teacher. But as the Seventh Circuit has made clear, "mere defamation by the government does not deprive a person of 'liberty' protected by the Fourteenth Amendment, even when it causes serious impairment of one's future employment." *Hinkle v. White*, 793 F.3d 764, 767 (7th Cir. 2015) (quoting *Hojnacki v. Klein–Acosta*, 285 F.3d 544, 548 (7th Cir. 2002)). To maintain a due process claim for the denial of a liberty interest, the plaintiff must show "stigma-*plus*," that is, reputational harm from the government's defamation, *plus* some "alteration of legal status, such as government deprivation of a right previously held[.]" *Id*. (citations and internal quotations omitted).

Mathis hasn't shown that Krause did anything to alter her legal status. The charges against her were dropped. The only alteration in status she alleges is the damage to her reputation as a result of being arrested and charged with sexually assaulting a student. But that is merely the stigma, not the plus. Mathis arguably suffered a change in her legal status when she was terminated from her teaching position, but again, Krause was not involved in that

7

decision. None of Mathis's authorities suggests that a plaintiff can establish a due process violation by combining two separate actions taken for different reasons by different state actors.

Finally, Mathis hasn't offered any evidence to support even the "stigma" portion of her claim. At her deposition, she testified that she decided not to return to teaching after the district terminated her. Mathis Dep., Dkt. 71, at 27:11–28:5. Mathis can't show that Krause's actions damaged her reputation such that it is "virtually impossible" for her to find employment as a teacher when she has chosen not to look.

In sum, Mathis's constitutional claims are devoid of factual or legal support, so they must be dismissed.

**B. State-law claims**

Krause also moves for summary judgment on Mathis's state-law claim of malicious prosecution on the ground that Mathis failed to comply with Wisconsin's notice of claim statute, Wis. Stat. § 893.80(1d). Section 893.80(1d) says that "no action may be brought or maintained" against a city or city employee acting within the scope of his or her employment unless three things occur. First, the plaintiff must serve "written notice of the circumstances of the claim" within "120 days after the happening of the event giving rise to the claim." Wis. Stat. § 893.80(1d)(a). Second, the plaintiff must present a "claim containing the address of the claimant and an itemized statement of the relief sought" to "the appropriate clerk or person who performs the duties of a clerk or secretary for the defendant." Wis. Stat. § 893.80(1d)(b). Third, the claim must be disallowed. *Id*. Failure to comply with either § 893.80(1d)(a) or (1d)(b) requires dismissal of the claim. *Stabenow v. City of Eau Claire*, 546 F. Supp. 3d 787, 803 (W.D. Wis. 2021); *Snopek v. Lakeland Med. Ctr.*, 223 Wis. 2d 288, 301, 588 N.W.2d 19 (1999).

Mathis does not dispute that she did not file a notice of claim in compliance with the statute. But she says it wasn't necessary because (1) she is suing Krause in his individual capacity, not in his official capacity; and (2) he was not prejudiced by the lack of notice. Neither argument is persuasive. First, the requirements of § 893.80 apply to agents acting as government servants regardless of whether the governmental entity is also a party to the suit. *Kettner v. Wausau Ins. Companies*, 191 Wis. 2d 723, 736, 530 N.W.2d 399, 404 (Ct. App. 1995). Mathis conceded that Krause was acting under color of state law and in his capacity as a police officer for the City of Mosinee in filing suit against him under 42 U.S.C. § 1983. Dkt. 28, ¶ 21. Second, Mathis's contention that Krause was not prejudiced because "he had notice of these claims for over a year"—presumably, when Mathis filed this lawsuit—is without merit: notice must be served and disallowed *before* the lawsuit is filed. *Stabenow*, 546 F. Supp. 3d at 804 ("[T]he complaint itself cannot satisfy the requirements in § 893.80(1d)(b)").

The court will grant Krause's motion for summary judgment on the state-law claim.

C. **Conclusion**

Mathis hasn't provided the evidence she needs to show that Krause deprived her of any protected property or liberty interest without due process of law, and her state-law claim is barred for her failure to file the notice required by state law. So her claims, along with her husband's derivative claim for loss of consortium, must be dismissed.

This disposes of the entirety of Mathis's case except for her claims against defendants A.B., Brian Brzezinski, and Julie Brzezinski, against whom the clerk entered default on September 29, 2022. Mathis may apply for default judgment against these defendants under Federal Rule of Civil Procedure 55(b) not later than June 30, 2023. If she fails to do so, the

court will assume she is no longer interested in pursuing her claims against these defendants and will close this case.

ORDER

IT IS ORDERED that:

1. Defendant Eric Krause's motion for summary judgment, Dkt. 99, is GRANTED.

2. The clerk of court is directed to enter judgment in Krause's favor.

3. Mathis may apply for default judgment against defendants A.B., Brian Brzezinski, and Julie Brzezinski not later than June 30, 2023.

Entered June 9, 2023.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge