UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

CHRISTY J. MATHIS et al.

        Plaintiffs,

                                        Case No. 22-cv-47-JDP

    v.

BRIAN BRZEZINSKI, JULIE
BRZEZINSKI, and a minor child, A.B.

        Defendants

## PLAINTIFFS' BRIEF IN SUPPORT OF
## MOTION FOR DEFAULT JUDGMENT

### INTRODUCTION

Christy J. Mathis had been a middle school art teacher for twenty-five years, from August 13, 1996 through July 12, 2021, at the Mosinee Middle School in Mosinee, Wisconsin. (*See* Amended Complaint, ECF No. 28, ¶ 31.) Ms. Mathis was the victim of vicious, false, and defamatory statements by E.R., a minor child, who falsely accused Ms. Mathis of inappropriate, sexual touching of her during an art class on March 25, 2021. (*Id.*, ¶ 5.) E.R.'s defamatory false statements concerning Ms. Mathis were part of an orchestrated scheme, with her friend, A.B., the minor child of Brian and Julie Brzezinski, to express their dislike for, anger against, and to retaliate against, Ms. Mathis for enforcing the School's student cell phone classroom usage policy. (*Id.*, ¶ 6.) E.R.'s false and defamatory statements, aided by A.B., caused Ms. Mathis grievous harm to her reputation, emotional health, and professional career. (*Id.*, ¶ 9.)

E.R.'s statements, corroborated by A.B., that Ms. Mathis "grabbed her butt with a cupped hand while giving her butt a slap," were false and defamatory. (*Id.*, ¶ 178.) These defamatory and false statements by A.B. were intentional and reckless, (*id.*, ¶ 185), and made with actual malice in that she had "knowledge that it was false" and thus, no privilege existed. (*Id.*, ¶ 180.) The falsehoods harmed Ms.

Mathis' reputation, lowering her in the estimation of community and deterring third persons from associating with her. (*Id.*, ¶ 181.) A.B. published these statements to other students directly and through social media. (*Id.*, ¶¶ 94, 178.) Consequently, A.B. is liable for defamation against Ms. Mathis because, as a direct and proximate result of A.B.'s defamatory statements about Ms. Mathis, Ms. Mathis suffered the following damages: (1) humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress; (2) consequential damages; (3) actual and compensatory damages including, but not limited to past, present, and future pain and suffering and medical expenses; and (4) other damages as allowed by law, including punitive damages. (*Id.*, ¶ 183.) Plaintiffs ask for $50,000 in actual and punitive damages based on the record evidence described in more detail below.

Moreover, pursuant to Wis. Stat. § 895.035(2)(a), the parents of an unemancipated minor child are liable for personal injury caused by any tort willfully, maliciously, or wantonly committed by such child, including for intentional defamatory and false statements causing substantial injury to another person. (*Id.*, ¶ 187.) As such, Defendants Brian Brzezinski and Julie Brzezinski, as the parents of A.B., are liable in this matter for the defamatory actions of A.B. in the amount permitted pursuant to Wis. Stat. § 895.035(4), which is up to $5,000 per parent, or $10,000 total.

Plaintiffs thus ask the Court to enter a default judgment against Defendants Brian Brzezinski, Julie Brzezinski, and A.B., and award Plaintiffs $60,000.00.

## **PROCEDURAL HISTORY**

On January 27, 2022, Plaintiffs filed their Complaint with this Court. (ECF No. 1.) On June 30, 2022, Plaintiffs filed their Amended Complaint with the Court, adding A.B., a minor child, and her parents, Brian and Julie Brzezinski (collectively, the "Brzezinskis") as Defendants to the action. (ECF No. 28.) A.B. was sued for defaming Ms. Mathis, and her parents were sued derivatively under the Wisconsin parental liability statute. (*Id.*)

On July 22, 2022, an affidavit of service was filed with this Court related to Defendant Brian Brzezinski, stating, among other things, that Defendant Brian Brzezinski was served with a copy of

the Summons and Amended Complaint in this matter on July 15, 2022. (ECF No. 45.) Similarly, on July 22, 2022, an affidavit of service was filed with this Court related to Defendant Julie Brzezinski, stating, among other things, that Defendant Julie Brzezinski was served with a copy of the Summons and Amended Complaint in this matter on July 15, 2022. (ECF No. 46.) Finally, on July 22, 2022, an affidavit of service was filed with this Court related to Defendant A.B., stating, among other things, that Defendant A.B. was served with a copy of the Summons and Amended Complaint in this matter on July 15, 2022. (ECF No. 47.) Defendants' Answers or other responsive pleadings to Plaintiffs' Amended Complaint were due on or before August 5, 2022 – twenty-one (21) days after July 15, 2022. *See* FED. R. CIV. P. 12(a)(1)(A)(i) (stating that a "defendant must serve an answer … within 21 days after being served with the summons and complaint.").

On September 22, 2022, Plaintiffs filed *Plaintiffs' Motion for Entry of Default* on the basis that none of the Brzezinskis timely filed an Answer or other responsive pleading to Plaintiffs' Amended Complaint. (ECF No. 59.) On September 29, 2022, the Clark entered a default against the Brzezinskis. (ECF No. 62.)

On June 9, 2023, the Court granted Defendant Eric J. Krause summary judgment on Plaintiffs' claims against him. (ECF No. 116.) As part of that Order, the Court permitted Plaintiffs to apply for default judgment against Defendants Brian Brzezinski, Julie Brzezinski, and A.B. not later than June 30, 2023. (*Id.*)

## FACTUAL BACKGROUND

Plaintiff Christy J. Mathis is the mother of two daughters and has been the wife of Plaintiff Paul J. Mathis for over twenty-five years. (ECF No. 28, ¶ 30.) Ms. Mathis had been a middle school art teacher for twenty-five years at the Mosinee Middle School in Mosinee, Wisconsin. (*Id.*, ¶ 31.) On March 25, 2021, one of Ms. Mathis's former 7th grade art students, E.R., falsely and maliciously accused Ms. Mathis of inappropriately touching her on her back and buttocks in her art classroom. (*Id.*, ¶ 33.) E.R., and her close friend, A.B., disliked Ms. Mathis because she strictly enforced a student cell phone usage policy in

her classroom and for other various reasons. (*Id.*, ¶ 34). At no point during this interaction, or at any other time during the class period, did Ms. Mathis inappropriately touch E.R, including grab, squeeze, or slap E.R.'s buttocks, as E.R. and A.B. alleged. Rather, Ms. Mathis merely attempted to take away E.R.'s cell phone from her. (*Id.* at ¶ 43.)

E.R. and A.B., along with another friend, reported the alleged incident after third hour class on March 25, 2021, to Mosinee Middle School Assistant Principal Paul Rheinschmidt, who took their statements and then brought the allegations to the attention of Principal Brad Grube. (*Id.* at ¶ 45.) Principal Grube told Ms. Mathis that she was being sent home due to a student complaint. (*Id.* at ¶ 50.) At approximately 12:45 p.m. on Monday, April 5, 2021, two police cars parked outside of Ms. Mathis' house. Ms. Mathis was arrested by Officer Krause. (*Id.* at ¶ 66.) Ms. Mathis was charged with 1st Degree Child Sexual Assault – Sexual Contact with a Child Under 13. (*Id.* at ¶ 67.) In all, besides E.R. and A.B. and another friend, no one else stated that they had seen Ms. Mathis grab, squeeze, slap, or pinch E.R.'s buttocks, or do so in an intentional or inappropriate manner. (*Id.* at ¶ 79.)

On April 7, 2021, Officer Krause filed his second Case Supplemental Report based on two emails he received from two female student informants, M.K. and R.Z., on April 6, 2021, calling into serious doubt E.R. and A.B.'s allegations made against Ms. Mathis. (*Id.* at ¶ 85.) Specifically, the first email stated that "a group of students were lying about the whole thing with [Ms.] Mathis. The email stated they disliked her and wanted her kicked out of the school. The email also stated they were planning on doing this to other teachers." (*Id.* at ¶ 86.) The second email, a few minutes later, from the same student to Officer Krause specifically, put him on notice about the cell phone issue: "Another thing is that [Ms. Mathis] may have taken [E.R. and A.B.'s] phones from their back pocket but she never actually touched them." (*Id.* at ¶ 87.) A third informant also corroborated the cell phone issues, stating, "[E.R. and A.B.] are trying to make everybody believe that Mrs. Mathis did all of this sexual stuff when she really didn't[,] maybe she might have taken their phones but that's it." (*Id.* at ¶ 94.) In a number of later Case Supplement Reports filed on April 12, 2021, recognizing the weakness of his case against Ms. Mathis, Officer Krause

did a series of second interviews with the original witnesses, including A.B., and A.B. continued to support E.R.'s false accusations. (*Id.* at ¶ 97.)

On April 23, 2021, based on Officer Krause's investigation alone, the Assistant District Attorney for Marathon County filed a Criminal Complaint against Ms. Mathis, *State of Wisconsin v. Christy J. Mathis*, DA Case No.: 2021MA001240 (Marathon Cty Cir. Ct.), charging Ms. Mathis with 1st Degree Child Sexual Assault – Sexual Contact with a Child Under 13. (*Id.* at ¶ 105.) On July 12, 2023, the Mosinee School Board voted to terminate Ms. Mathis from her employment for sexually touching a student. (*Id.* at ¶ 115.) The additional action of terminating Ms. Mathis had significant and damaging consequences for her teaching career (including her teaching license), for her professional and community-wide reputation, and for her emotion health. (*Id.* at ¶ 116.) On August 11, 2021, all criminal charges against Ms. Mathis were dismissed for lack of probable cause during a preliminary hearing and the judgment of dismissal and acquittal was entered on August 12, 2021. (*Id.* at ¶ 120.) The School Board refused to reconsider Ms. Mathis' termination for sexual touching, and Ms. Mathis remains terminated from her employment as a result on E.R.'s and A.B.'s false and defamatory accusations against her. (*Id.* at ¶ ¶ 121-122.)

During depositions in this case, Mr. Mathis explained how the allegations stemming from the incident impacted his marriage to Ms. Mathis: "[Ms. Mathis] is a shell of herself. Where she used to be a happy kind of carefree, whimsical, arty person, there's nothing. After all of this happened, she left home . . . and eventually went off the grid for a while. At times, she kind of just, like, verbally lashed out at everybody. And, you, know, I didn't have track of her for five months. Intimacy is pretty much gone. She doesn't really speak much anymore. Yeah. It's – it's been awful." (ECF No. 104, December 12, 2022 Deposition Transcript of Paul J. Mathis ("P. Mathis Dep."), p. 72, l. 15 – p. 73 l. 5.) Mr. Mathis also testified that: "I have to remind [Ms. Mathis] to bathe. And it's not from just being, like, lazy and I'm sitting around the house. It's just she has no idea. I have to physically take clothes and wash them, or she will just keep wearing them. Yeah. It's not the person that I knew." (*Id.*, P. Mathis Dep. p. 78, l. 23-24.) Because of the impact on this incident on her, Ms. Mathis never plans to teach again. (*Id.*, C. Mathis Dep.

p. 27, l. 11 - p. 28, l. 5.) Ms. Mathis' community-wide and professional reputation was damaged as a result of being arrested and charged with the crime of 1st Degree Child Sexual Assault – Sexual Contact with a Child Under Age 13. (*Id.*, C. Mathis Dep. p. 266, l. 13 – p. 267, l. 13; C. Mathis Dep. p. 326, l. 5 - p. 327, l. 25.) Before her arrest, Ms. Mathis was a beloved teacher in the community. Following her arrest, Ms. Mathis believes she was viewed by her community as guilty until proven innocent. (*Id.*, C. Mathis Dep. p. 327, l. 14-22.)

## ARGUMENT

A default judgment under FED. R. CIV. P. 55 is a two-step process. The clerk must first enter the party's default if they have failed to plead or otherwise defend a lawsuit. FED. R. CIV. P. 55(a). Once a default is entered, a party may move for default judgment pursuant to either FED. R. CIV. P. 55(b)(1) or (2). If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against the defendant who has been defaulted. FED. R. CIV. P. 55(b)(1). Alternatively, a default judgment may be entered by the court in all other cases. FED. R. CIV. P. 55(b)(2). Here, Plaintiffs proceed under FED. R. CIV. P. 55(b)(2).

Federal Rule of Civil Procedure 55(b)(2) authorizes a party to seek and a court to enter default judgment once default is established against a party for failure to plead or otherwise defend the action. A default judgment establishes, as a matter of law, that a defendant is liable to plaintiff for each cause of action alleged in the complaint. *See e360 Insight v. The Spamhaus Project,* 500 F.3d 594, 602 (7th Cir. 2007). In considering a motion for default judgment, well-pleaded allegations in the complaint relating to liability are taken as true. *See Merrill Lynch Mortg. Corp. v. Narayon,* 908 F.2d 246 (7th Cir.1990); *Dundee Cement Co. v. Howard Pipe & Concrete Prods.,*722 F.2d 1319, 1323 (7th Cir.1983). However, while well-pleaded allegations regarding liability are taken as true, a plaintiff must still prove the amount of damages to be awarded. *See Wehrs v. Wells,* 688 F.3d 886, 892 (7th Cir.2012).

Here, in light of the well-pleaded allegations in their Amended Complaint, and the evidence Plaintiffs submit from their depositions in the case, Plaintiffs have more than satisfied their burden to establish their two legal claims against Defendant— for defamation under Wisconsin common law and for parental liability under Wisconsin statutory law, as discussed in more detail below. Therefore, Plaintiffs are entitled to default judgment leaving only the question of the amount of damages to be awarded.

Plaintiffs request a total award of $60,000.00, including actual[1] and punitive damages for A.B.'s defamatory conduct in violation of Wisconsin common law and statutory damages for Defendants Brian and Julie Brzezinski's violations of the Wisconsin parental liability statute. With regard to defamation, having established A.B.'s liability for defamation under Wisconsin common law, Plaintiffs are also entitled to recover damages for "'actual' injury, [which] includes 'impairment of reputation and standing in the community,' as well as 'personal humiliation, and mental anguish and suffering.'" *See AAFCO Heating & Air Conditioning Co. v. Nw. Publs., Inc.,* 162 Ind. App. 671, 321 N.E.2d 580, 684 (Ind.Ct.App.1974) (quoting *Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 349 (1974). In addition, "punitive damages may be permissible where the defamer acts with such recklessness, that is, 'constitutional malice' under the *New York Times* standard ... [which] requires either that the publisher knew that his statements were false, or that he acted with a reckless disregard for their truth." *Elliott v. Roach,* 409 N.E.2d 661, 687 (Ind. Ct. App. 1980) (citing *Gertz,* 418 U.S. at 349).

The evidence shows that Plaintiffs' request for $25,000 in actual damages is just and reasonable in light of A.B.'s defamatory conduct. By lying about what happened between E.R. and Ms. Mathis in art class on March 25, 2021, and sticking to that story on later occasions and to this day, A.B. has never expressed any contrition for how her defamatory statements shattered Ms. Mathis' life. (ECF No. 28, at ¶ 97.) Indeed, A.B. made false statements with malice to embarrass Ms. Mathis and caused her to be

---

[1] Plaintiffs have proved actual injury because "[a]nyone who publishes a slander which imputes any criminal offense (even one punishable by fine or imprisonment in county jail or both) is subject to liability without proof of special damages." *Starobin v. Northridge Lakes Dev. Co.,* 94 Wis. 2d 1, 15–16 (1980).

terminated from her job and suffer the extreme emotional distress of being accused of committing a sexual assault of a child. (*Id.*, at ¶¶ 178-182.) Plaintiffs' evidence also confirms the egregiousness of A.B.'s malicious conduct that caused Ms. Mathis to suffer significant embarrassment, humiliation, aggravation, mental anguish, and emotional distress. (*Id.*, at ¶¶ 34, 45, 79, 87, 90, 94, 97.) Plaintiffs should also therefore receive punitive damages to double the defamation award to $50,000.

Additionally, the Wisconsin parental liability statute provides for the award of statutory damages not to exceed $5,000 per parent. Wis. Stat. § 895.035(4). "Liability is absolute. Absolute liability, in contrast to strict liability, is imposed for public policy reasons and admits of no exceptions or defenses." *See Powers v. Hunt-Wesson Foods, Inc.,* 64 Wis.2d 532, 536 (1974). The amount of absolute liability should be the maximum given the impact of A.B.'s malicious conduct on Ms. Mathis and her family.

## I.     PLAINTIFFS' DEFAMATION ACTION AGAINST A.B.

Under Wisconsin law, to state a claim of defamation, a plaintiff must allege that the defamatory statement: "(1) was spoken to someone other than the person defamed, (2) is false, (3) is unprivileged and (4) tends to harm the defamed person's reputation so as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." *See  Ealy v. Fladhammer*, 2019 WL 959686, at *1 (W.D. Wis. Feb. 27, 2019) (citing *Torgerson v. Journal Sentinel, Inc.,* 210 Wis. 2d 524, 534 (1997); *Hart v. Bennet,* 672 N.W.2d 306 (Wis. App. 2003)). The facts as alleged above support the elements of a defamation claim, since A.B. spoke to others in a false and unprivileged manner in support of false sexual touching allegations against Ms. Mathis by E.R., which harmed Ms. Mathis significantly so as to lower her in the estimation of the Mosinee community and cause others not to associate with her. (*Id.*, at ¶¶ 178-183.)

More specifically, E.R.'s statements about Ms. Mathis inappropriately touching her back and buttocks, corroborated by A.B. with her own statements, and more specifically the statement that Ms. Mathis "grabbed her butt with a cupped hand while giving her butt a slap," was false and defamatory. (ECF No. 28. ¶ 177.) A.B. communicated these falsehoods about Ms. Mathis through her speech to

other persons, including to numerous other students at Mosinee Middle School, both in person and through social media. (*Id.*, ¶ 178.) Having made these false statements to fellow students and others on social media that Ms. Mathis engaged in inappropriate sexual touching of E.R., A.B. imputed to Ms. Mathis a criminal offense and damaged her reputation, making A.B. liable to Ms. Mathis for defamation *per se*. *See Wright v. Teasdale*, No. 15-CV-577-WMC, 2017 WL 2274494, at *2 (W.D. Wis. May 24, 2017) (citing *Starobin v. Northridge Lakes Dev. Co.*, 94 Wis. 2d 1 (Wis. 1980); *Martin v. Outboard Marine Corp.*, 15 Wis. 2d 452, (Wis. 1962)). Therefore, Ms. Mathis is entitled to compensatory damages for the harm suffered as a result, including emotional and reputational harm. *See Lawrence v. Jewell Cos.*, 53 Wis. 2d 656 (Wis. 1972). Ms. Mathis is entitled to such damages without proof of actual injury. *Starobin*, 94 Wis. 2d at 15–16.

The falsehoods spread by A.B. concerning Ms. Mathis inappropriately touching E.R. on her back and buttocks is unprivileged because the statements were made with actual malice with the intent to destroy Ms. Mathis' professional career and to have her arrested and convicted of a crime. (ECF No. 28. ¶ 179). In any event, "[t]he burden is on defendant, not plaintiff[ ], to prove the communication was protected by privilege." *See Menard, Inc. v. Dallas Airmotive, Inc.*, 2020 WL 4431740, at *5 (W.D. Wis. July 31, 2020). "Only after the defendant affirmatively claims and the court determines, that a conditional privilege exists does the burden of proof shift to the plaintiff to affirmatively prove abuse." <u>Wesbrook</u> *v. Ulrich*, 90 F. Supp. 3d 803, 809–10 (W.D. Wis. 2015) (citing *Zinda v. La. Pac. Corp.*, 149 Wis. 2d 913, 926, (1989)). Needless to say, Defendants have not met that burden here.

The falsehoods spread by A.B. concerning Ms. Mathis inappropriately touching E.R. on her back and buttocks harmed Ms. Mathis' reputation, lowering her in the estimation of community and deterring third persons from associating with her. (ECF No. 28. ¶ 181). A.B. acted willfully, maliciously, and intentionally in making these false statements. (*Id.*, ¶ 182.) As a direct and proximate result of A.B.'s defamatory statements about Ms. Mathis, Ms. Mathis suffered the following damages:

(1) humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress; (2) consequential damages; (3) actual and compensatory damages including, but not limited to past, present, and future pain and suffering and medical expenses; and (4) other damages as allowed by law. (*Id.*, ¶ 183.)

## II.    PLAINTIFFS PARENTAL LIABILITY ACTION

Pursuant to Wisconsin's Parental Liability Statute:

> The parent or parents with custody of a minor child, in any circumstances where he, she, or they may not be liable under the common law, are liable for damages . . . . for personal injury attributable to a willful, malicious, or wanton act of the child.

WIS. STAT. 895.035(2)(a). The statute states that when the specified conditions exist, the parent or parents "shall be held liable." *First Bank Se., N.A. v. Bentkowski*, 138 Wis. 2d 283, 288 (Wis. Ct. App. 1987). "No element of parental culpability is made relevant to liability. Liability is absolute. Absolute liability, in contrast to strict liability, is imposed for public policy reasons and admits of no exceptions or defenses." *Id.* (citing *Powers v. Hunt-Wesson Foods, Inc.,* 64 Wis.2d 532, 536 (1974)).

As noted above, A.B.'s defamatory and false conduct was "willful, malicious, or wanton." (*Id.*, ¶ 185.) Brian Brzezinski and Julie Brzezinski are the parents of A.B., and each were jointly entitled to custody of their respective children at the time of the tortious conduct of A.B. (*Id.*, ¶ 186.) As such, Brian Brzezinski and Julie Brzezinski, as the parents of A.B., are liable in this matter to Plaintiffs for the defamatory actions of A.B. in the amount permitted pursuant to Wis. Stat. § 895.035(4). Under Wis. Stat. § 895.035(4), "the maximum recovery under this section from any parent or parents may not exceed $5,000 for damages resulting from any one act of a juvenile in addition to taxable costs and disbursements and reasonable attorney fees, as determined by the court." Thus, Plaintiffs are entitled to a judgment in the amount of $10,000.00.

***

Plaintiffs have established that A.B. defamed Ms. Mathis without privilege, with malice, and in a manner that lowered Ms. Mathis' reputation in the community (ECF No. 28 at ¶¶ 30-34, 43-45,

85-87, 115-116, 120-122, 176-183.) Having established liability for intentional defamatory conduct, Plaintiffs have also established parental liability for that conduct under WIS. STAT. 895.035(2)(a). (*Id.*, ¶¶ 184-188.)

Plaintiffs are entitled to actual and punitive damages for defamation and for statutory damages of up to $10,000 for parental liability for that defamation. Given the severe consequences of A.B.s' defamatory conduct on Ms. Mathis' emotional health and her ability to work, Plaintiffs ask the Court to award $25,000 in actual damages and $25,000 in punitive damages.

Plaintiffs' well-pleaded allegations – *deemed admitted by Defendants* – are sufficient to establish her damages in the present case. Accordingly, the Court should enter judgment in Plaintiffs' favor and against Defendants Brian Brzezinski, Julie Brzezinski, and A.B, in the amount of $60,000.00.

## CONCLUSION

For all of the reasons stated herein, Plaintiffs respectfully request that the Court enter judgment against Defendants Brian Brzezinski, Julie Brzezinski, and A.B, in the total amount of $60,000.00.

Dated this 30th day of June, 2023

WALCHESKE & LUZI, LLC
Counsel for Plaintiffs

*s/ Paul M. Secunda*
Paul M. Secunda, State Bar No. 1074127

WALCHESKE & LUZI, LLC
235 N. Executive Drive, Suite 240
Brookfield, Wisconsin 53005
Telephone: (414) 828-2372
Fax: (262) 565-6469
Email: psecunda@walcheskeluzi.com