IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHRISTY MATHIS and
PAUL J. MATHIS,

      Plaintiffs,

v.

BRIAN BRZEZINSKI, JULIE BRZEZINSKI, and A.B.,

      Defendants.

OPINION and ORDER

22-cv-47-jdp

---

This case stems from an incident in which several students falsely accused Christy Mathis of inappropriately touching one of them. Mathis and her husband brought state and federal claims against 18 defendants. Dkt. 28. Mathis dismissed her claims against most of the defendants and the court granted summary judgment for the police officer who investigated the accusations. Dkt. 116. Three defendants remain in the case: A.B., one of the students who submitted a false report, and her parents, Julie and Brian Brzezinski. All three defaulted and Mathis moved for a default judgment. Dkt. 118. The court held an evidentiary hearing at which the court granted the motion for a default judgment but held open the judgment pending compliance with the Servicemembers Civil Relief Act and submission of a motion for attorney fees. Dkt. 127. Mathis satisfied the SCRA, Dkt. 135, and her motion for attorney fees is now before the court. Dkt. 129.

The court may award reasonable attorney fees under Wis. Stat. § 895.035, which provides for recovering against parents based on wrongs committed by their children. At the hearing the court explained that the motion for fees should address the fact that there had been multiple other claims and defendants in the case. Mathis's attorney Paul Secunda requests $39,750 in attorney fees for 79.5 hours of attorney time at $500 per hour, plus a total of

$3,342.87 in litigation costs. Secunda contends that these amounts represent a reasonable number of hours worked on the defamation and parental liability aspects of this case. Dkt. 133. Secunda submitted billing records, Dkt. 130-2, that show that the requested fees include time spent negotiating a settlement with other defendants.

The court will award attorney fees only for work that relates to the claims against the Brzezinskis because the statutory provision that allows for recovery of attorney fees is specific to the parental liability claim. But the court will not limit recovery to work specifically on the parental liability claim because liability under that claim is derivative of the defamation claim against A.B. Put another way, Mathis needed to establish her defamation claim against A.B. to recover against her parents under Wis. Stat. § 895.035, so it is reasonable to include attorney fees related to the defamation claim when awarding fees under the statute.

The court concludes that a reasonable attorney fees award should include fees for work on the default judgment against the Brzezinskis as well as a portion of the fees for the general work on the defamation claim. Billing records show a total of 26 hours spent on work directly related to the Brzezinski defendants, amounting to $12,750 at counsel's billable rate of $500 per hour. An additional 37.4 hours, for $18,700, were spent on litigating the defamation claims but not specific to the Brzezinskis. The court will add one-sixth of the amount billed for general litigation tasks, $3,116.67, to the attorney fees award because A.B. and her parents are three of the 18 defendants that Mathis sued. The court will also award $2,008.63 for costs: $402 for the filing fee, $225 for service on the Brzezinskis, $160.40 for medical records, and $1,221.23, one-sixth of deposition costs.

ORDER

Plaintiffs Christy and Paul Mathis's motion for attorney fees, Dkt. 129, is GRANTED in part. The clerk of court is directed to enter a judgment for:

1. $25,000 in compensatory damages against A.B.

2. $15,000 in punitive damages against A.B.

3. $5,000 in statutory damages against Julie and Brian Brzezinski.

4. $15,866.67 in attorney fees.

5. $2,008.63 in taxable costs.

Entered November 7, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge